```
 1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA
 2                         MIAMI DIVISION
 3                     CASE 11-20701-CR-JLK
 4
     THE UNITED STATES OF AMERICA,
 5
                           Plaintiff,
 6
          vs.
 7
     JOSEPH HARVEY,                        MIAMI, FLORIDA
 8   ANJA KARIN KANNELL,                   SEPTEMBER 26, 2012
                                           WEDNESDAY - 9:30 A.M.
 9
                           Defendants.
10   _____
11             TRANSCRIPT OF SENTENCING HEARING
            BEFORE THE HONORABLE JAMES LAWRENCE KING
12           SENIOR UNITED STATES DISTRICT JUDGE
     _____
13
     APPEARANCES:
14
     FOR THE GOVERNMENT:
15                        THOMAS WATTS-FITZGERALD, A.U.S.A.
                          TIMOTHY J. ABRAHAM, A.U.S.A.
16                        United States Attorney's Office
                          99 N.E. 4th Street
17                        Miami, FL  33132 - 305/961-9413
                                            305/961-9438
18                        Email:  thomas.watts-fitzgerald@usdoj.gov
                                  timothy.abraham2@usdoj.gov
19
     FOR THE DEFENDANT
20   JOSEPH HARVEY:
                          JAN CHRISTOPHER SMITH, A.F.P.D.
21                        Federal Public Defender's Office
                          150 W. Flagler Street
22                        Miami, FL  33130 - 305/530-7000
                          Email:  jan_smith@fd.org
23
24
25
```

```
 1   APPEARANCES CONT'D:

 2   FOR THE DEFENDANT
     ANJA KARIN KANNELL:
 3                             LEONARDO SPITALE, JR., ESQ.
                               Leo Spitale, Jr., P.A.
 4                             1607 Ponce de Leon Boulevard, Ste. 206
                               Coral Gables, FL  33134 - 305/446-3030
 5                             Email:  leo@spitalilaw.com

 6   REPORTED BY:
                               ROBIN MARIE DISPENZIERI, RPR
 7                             Official Federal Court Reporter
                               United States District Court
 8                             400 N. Miami Avenue, Ste. 8S67
                               Miami, FL  33128 - 305/523-5659
 9                             Email:  Rdispenzieri@gmail.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

09:30:23  1          COURTROOM DEPUTY:  All rise.  Court is in session.
09:30:26  2  The Honorable James Lawrence King presiding.
09:30:33  3          THE COURT:  Thank you.  Be seated, please.
09:34:21  4          All right.  We have scheduled this morning a hearing
09:34:30  5  for the purpose of determining the sentence to be imposed in
09:34:41  6  the matter of the United States versus Joseph Harvey and Anja
         7  Karin Kannell, Case 11-20701-CR.
09:34:47  8          May I have your appearances, please.
09:34:51  9          MR. WATTS-FITZGERALD:  Good morning, Your Honor.
09:34:53 10  Tomorrow Watts-Fitzgerlad and Timothy Abraham on behalf of the
        11  United States.  With us at counsel table are United States
        12  Postal Inspector Claudia Angel and Contract Fraud Analysis
        13  Analyst Robert Passero.
09:35:08 14          MR. SMITH:  Good morning, Your Honor.  Jan Smith from
09:35:19 15  the Federal Public Defender's Office on behalf of Joseph
09:35:21 16  Harvey, who is present.
09:35:25 17          MR. SPITALE:  Good morning, Your Honor.  Leo Spitale
09:35:26 18  on behalf of Anja Kannell.  I'm CJA appointed for her.
09:35:30 19          THE COURT:  Thank you.
        20          The Court has reviewed the extensive memoranda
        21  documents filed in connection with the pre-sentence
09:35:31 22  investigation report and the objections that have been
09:35:35 23  suggested or filed on behalf of the two defendants by their
09:35:42 24  counsel.
09:35:50 25          The primary objections to the pre-sentence report, in

| | | |
|---|---|---|
| 09:35:56 | 1 | general terms, deal with the loss amount issue and the number |
| 09:36:04 | 2 | of victims issue.  There's an objection about sophisticated |
| 09:36:09 | 3 | means and, of course, a motion for variance, which will be |
| 09:36:16 | 4 | taken up in the second half of the proceeding. |
| 09:36:20 | 5 | First, we will make a determination of the appropriate |
| 09:36:26 | 6 | guideline calculation as proposed and suggested and recommended |
| 09:36:32 | 7 | by the Probation Officer based upon her analysis of the facts |
| 09:36:38 | 8 | of the matter and her calculations, to which the defendants |
| 09:36:44 | 9 | have objected.  We'll make that calculation and determination |
| 09:36:52 | 10 | first. |
| 09:36:53 | 11 | Then, after we have concluded with the objections to |
| 09:36:56 | 12 | the pre-sentence investigation report on the Sentencing |
| 09:36:58 | 13 | Guidelines issue, we will then turn to the second phase, the |
| 09:37:04 | 14 | matter of the application for a variance after the Sentencing |
| 09:37:10 | 15 | Guidelines calculation has been established by a finding and |
| 09:37:15 | 16 | decision of the Court. |
| 09:37:18 | 17 | A review of the objections and the pre-sentence |
| 09:37:21 | 18 | investigation report, as to each defendant, reflects that they |
| 09:37:31 | 19 | are quite similar.  So we will handle the proceeding in the |
| 09:37:39 | 20 | following fashion: |
| 09:37:40 | 21 | We will hear from counsel for the defendants.  We |
| 09:37:48 | 22 | will, of course, consider it separately as to each defendant, |
| 09:37:52 | 23 | but we'll consider all of the objections by each of the two |
| 09:37:57 | 24 | defendants. |
| 09:37:59 | 25 | Then we'll hear from the government, |

| | | |
|---|---|---|
| 09:38:02 | 1 | Mr. Watts-Fitzgerald and his colleague with their response, and |
| 09:38:09 | 2 | then rebuttal, and then make a determination on the Sentencing |
| 09:38:16 | 3 | Guidelines calculation. |
| 09:38:17 | 4 | After that, of course, the defendants have a right to |
| 09:38:23 | 5 | address the Court individually and bring whatever other |
| 09:38:26 | 6 | witnesses they may wish to bring, either at the sentencing |
| 09:38:32 | 7 | objection phase or at the variance phase.  We will hear from |
| 09:38:36 | 8 | defense counsel, and then the same procedure; the government |
| 09:38:40 | 9 | responds and replies, and then the sentence will be imposed. |
| 09:38:46 | 10 | We'll take all of the objections of the two defendants |
| 09:38:50 | 11 | before we get to Mr. Watts-Fitzgerald's response to both of |
| | 12 | them at the same time. |
| 09:38:59 | 13 | I will hear, at this point in time, from either |
| 09:39:00 | 14 | Mr. Spitale or Mr. Smith, whoever wishes to go first. |
| 09:39:05 | 15 | Mr. Smith, appearing on behalf of Mr. Harvey. |
| 09:39:13 | 16 | MR. SMITH:  Good morning, Your Honor. |
| 09:39:16 | 17 | THE COURT:  Good morning. |
| 09:39:17 | 18 | MR. SMITH:  Your Honor, I'll start, obviously, with |
| 09:39:20 | 19 | the intended loss calculations in this case.  We, obviously, |
| 09:39:25 | 20 | filed an objection as to the intended loss which resulted in an |
| 09:39:31 | 21 | 18-level enhancement in this case for the claims that went out |
| 09:39:38 | 22 | to multiple states as well as to the GCCF fund. |
| 09:39:44 | 23 | The government, obviously, filed its response in |
| 09:39:48 | 24 | document entry 138.  I think that, if the Court will permit, |
| 09:39:54 | 25 | I'll start with that document. |

| | | |
|---|---|---|
| 09:39:57 | 1 | THE COURT:  All right. |
| 09:39:58 | 2 | MR. SMITH:  Obviously, the state of the guidelines and |
| 09:40:01 | 3 | the calculations are that the Court can use the intended loss |
| 09:40:06 | 4 | at its discretion rather than the actual loss to determine the |
| 09:40:11 | 5 | guidelines calculations. |
| 09:40:13 | 6 | Where the problem comes in, in this case in our |
| 09:40:16 | 7 | opinion, is that the intended loss amount that is being |
| 09:40:19 | 8 | provided to the Court, by both Probation and the government, is |
| 09:40:25 | 9 | too high, and this is why: |
| 09:40:27 | 10 | The government's methodology is spelled out on page 5 |
| 09:40:32 | 11 | of document 138 in a statement that was prepared by Accountant |
| 09:40:43 | 12 | Passero.  It states that the weekly benefit amount is |
| 09:40:46 | 13 | determined under the provisions of the state law for |
| 09:40:51 | 14 | unemployment compensation in the state where the disaster |
| 09:40:56 | 15 | occurred, and that weekly benefit is calculated based on the |
| 09:41:00 | 16 | claimant's earnings as reflected on their previous year's IRS |
| 09:41:05 | 17 | income tax return.  We think that's important. |
| 09:41:09 | 18 | What that tells us is that the state, in all of these |
| 09:41:12 | 19 | cases, is making a determination as to the unemployment |
| 09:41:16 | 20 | compensation loss that should be delivered in the case based on |
| 09:41:19 | 21 | the previous year's IRS income tax return that has to be |
| 09:41:24 | 22 | submitted. |
| 09:41:25 | 23 | The state then uses that IRS income tax return from |
| 09:41:29 | 24 | the prior year, divides it by four to get the average quarterly |
| 09:41:34 | 25 | wages, then divides them by 26 to obtain the weekly benefit |

09:41:39   1   amount that they are going to pay.

09:41:42   2          For each claim, the government submits, in document

09:41:47   3   number 138, that the defendants prepared and submitted false

09:41:50   4   wage and/or tax information, which was the sole factor in the

09:41:54   5   state's determination of the weekly benefit calculation.

09:41:58   6          If we stop there, that might tell us something.  If we

09:42:02   7   turn to the next page, the government indicates that only in

09:42:05   8   some instances, only in some instances, did the defendants

09:42:10   9   allegedly follow up their efforts with required documentation

09:42:14  10   necessary to support those claims.

09:42:16  11          That's where I want to focus, Your Honor.  What the

09:42:20  12   government has done to get their intended loss amount is take

09:42:23  13   the maximum possible benefit in every claim and add it up.

09:42:27  14          Their own methodology that the states were using

09:42:31  15   requires that an IRS tax return form be submitted.  The

09:42:35  16   government, by its own admission in document 138, indicates

09:42:40  17   that, in many or some, I believe it's many from my perusal of

09:42:47  18   the discovery in this case, in many of these instances, the

09:42:49  19   required documents were not submitted; therefore, how are they

09:42:54  20   getting the maximum number in those particular cases?

09:42:58  21          There should be, according to their methodology, no

09:43:01  22   way that they can do that.  Instead, they just assume a maximum

09:43:05  23   number and add it to the intended loss amount.

09:43:08  24          THE COURT:  What do you suggest the correct amount

09:43:10  25   should be total?

| | | |
|---|---|---|
| 09:43:12 | 1 | MR. SMITH:  Your Honor, at this point, I believe that |
| 09:43:14 | 2 | the safest way to proceed in the case is to use the actual loss |
| 09:43:21 | 3 | amount in this case, which would result in a 14-level |
| 09:43:25 | 4 | enhancement, not the 18-level enhancement. |
| 09:43:29 | 5 | THE COURT:  Not the intended loss. |
| | 6 | MR. SMITH:  Yes. |
| 09:43:29 | 7 | THE COURT:  But if you took the -- applying the |
| 09:43:30 | 8 | formula you just carefully set out, what would be the loss? |
| 09:43:39 | 9 | The PSI, I believes, comes out to $2.9 million or something |
| 09:43:45 | 10 | like that.  What do you say the amount should be?  If we |
| 09:43:49 | 11 | applied that formula, what should it be? |
| 09:43:53 | 12 | MR. SMITH:  I realized the Court would ask me this |
| 09:43:58 | 13 | question, and I tried to make that determination. |
| 09:44:02 | 14 | THE COURT:  I know it's hard. |
| | 15 | MR. SMITH:  I have not been able to come up with a |
| | 16 | number, and the reason is -- |
| 09:44:03 | 17 | THE COURT:  Would it be less than $2.5? |
| 09:44:06 | 18 | MR. SMITH:  Yes. |
| 09:44:07 | 19 | THE COURT:  How much? |
| 09:44:08 | 20 | MR. SMITH:  That, I can't determine. |
| 09:44:11 | 21 | THE COURT:  So you say that on the -- you have no |
| 09:44:12 | 22 | evidence to prove that it would be less than $2.5.  You have no |
| 09:44:17 | 23 | witnesses to call or anything. |
| 09:44:20 | 24 | In all fairness to you, it was just a suggested |
| 09:44:25 | 25 | difference that we go to the actual, you suggest, the actual |

| | | |
|---|---|---|
| 09:44:30 | 1 | loss instead of the intended loss. |
| 09:44:33 | 2 | MR. SMITH:  Yes, Your Honor.  I was given a |
| 09:44:36 | 3 | spreadsheet this morning by the government which does provide |
| 09:44:40 | 4 | all of the cases where an IRS tax refund was provided. |
| 09:44:45 | 5 | THE COURT:  We don't want to get into the cases until |
| 09:44:49 | 6 | we have a record.  At this point, the Appellate Court and this |
| 09:44:53 | 7 | Court both need a record. |
| 09:44:55 | 8 | Right now, all we have is a PSI, which, of course, we |
| 09:45:04 | 9 | can accept as an indicia or some evidence, and it can be part |
| 09:45:09 | 10 | of the record.  It shows $2.9 million on intended loss. |
| 09:45:15 | 11 | Your formula is a logical and intelligent application |
| 09:45:25 | 12 | of the cases, and you indicate that it should be less than |
| 09:45:28 | 13 | that.  But we need some sort of number here.  Right now I can |
| 09:45:32 | 14 | only permit you to argue on the basis of the record as to what |
| 09:45:40 | 15 | the number is. |
| 09:45:41 | 16 | We've established that we don't have in this record |
| 09:45:45 | 17 | any number that indicates that it would be less than $2.5 |
| 09:45:52 | 18 | million.  But that's where we are.  I understand your position |
| 09:46:03 | 19 | on it. |
| 09:46:03 | 20 | MR. SMITH:  Yes, Your Honor.  My understanding, from |
| 09:46:06 | 21 | going through the discovery, and obviously it is voluminous and |
| 09:46:11 | 22 | varies by state, but for instance, from North Dakota, my |
| 09:46:16 | 23 | perusal of the discovery is that in none of the submissions to |
| 09:46:22 | 24 | North Dakota were the tax returns from the previous year |
| 09:46:26 | 25 | submitted.  That's why I can't come up with a number of |

|          |    |                                                                    |
|----------|----|--------------------------------------------------------------------|
|          | 1  | intended loss to give the Court.                                   |
| 09:46:28 | 2  | If that wasn't submitted, then by the methodology                  |
| 09:46:31 | 3  | described that they were using, no return should have been         |
| 09:46:34 | 4  | given.  Because of that, that's why I say the actual loss          |
| 09:46:40 | 5  | amount is $745,756.  That loss amount assumes that the proper      |
|          | 6  | documentation was provided on those claims, such as the tax        |
| 09:46:53 | 7  | return, and therefore, that claim was paid, which means it fits    |
| 09:46:56 | 8  | the methodology.                                                   |
| 09:46:57 | 9  | THE COURT:  Let's go to the number of victims then.                |
| 09:47:00 | 10 | That's the next issue you have.                                    |
| 09:47:02 | 11 | MR. SMITH:  Yes, Your Honor.  As to the number of                  |
| 09:47:05 | 12 | victims, which we spelled out in our PSI objections, paragraph     |
| 09:47:11 | 13 | 44 of the PSI adds four levels, pursuant to Section 2B1.1, for     |
| 09:47:16 | 14 | an offense involving 157 alleged victims in this case.             |
| 09:47:20 | 15 | Now, the commentary to that particular section,                    |
| 09:47:24 | 16 | application note 1 from 2B1.1, notes that a victim is any          |
| 09:47:29 | 17 | person who sustained any part of the actual loss determined        |
| 09:47:32 | 18 | under Subsection D1, which is the fraudulent loss amount, or B,    |
| 09:47:38 | 19 | any individual who sustained bodily injury as a result of the     |
| 09:47:43 | 20 | offense.  Obviously, that doesn't apply here.                      |
| 09:47:45 | 21 | As noted in paragraph 36 of the PSI, I quote, "None of             |
| 09:47:49 | 22 | the victims are known to have suffered a compensable loss in       |
| 09:47:54 | 23 | this case."  So, if that's the case, that these 157 alleged        |
| 09:47:56 | 24 | victims did not suffer a compensable loss, they would not fit      |
| 09:48:02 | 25 | under the definition of 2B1.1, application note 1, as a person     |

| | | |
|---|---|---|
| 09:48:06 | 1 | who sustained any part of the actual loss determined under |
| | 2 | Section D1. |
| 09:48:09 | 3 | Therefore, we do not believe that they should be |
| 09:48:12 | 4 | listed as victims under that particular section, and that |
| 09:48:15 | 5 | four-level enhancement should not apply. |
| 09:48:18 | 6 | THE COURT:  All right.  Next? |
| 09:48:19 | 7 | MR. SMITH:  The final objection we had, Your Honor, is |
| 09:48:22 | 8 | to paragraph 45 of the PSI, which applies the sophisticated |
| 09:48:27 | 9 | means enhancement pursuant to 2B1.1(b)(10)(C). |
| 09:48:32 | 10 | Now, the paragraph 34 of the PSI discusses what |
| 09:48:38 | 11 | Probation believed qualified as enhancable activity pursuant to |
| 09:48:43 | 12 | the sophisticated means enhancement. |
| 09:48:45 | 13 | However, what we would like to point out to the Court |
| 09:48:49 | 14 | is if, in fact, and certainly we object to the number, but if |
| 09:48:54 | 15 | in fact the government assumes that $2.9 million was the |
| 09:48:59 | 16 | intended loss in this case, and the actual loss was in the |
| 09:49:03 | 17 | $700,000 range, then less than a quarter of the purported |
| 09:49:07 | 18 | intended claims in this case were ever paid.  What that |
| 09:49:11 | 19 | suggests is a lack of sophistication in that very few of these |
| 09:49:16 | 20 | claims found success in their filing. |
| 09:49:19 | 21 | Furthermore, the claims themselves, if they had been |
| 09:49:25 | 22 | concealed better as perhaps more realistic claims, then they |
| 09:49:29 | 23 | probably would have been paid upon or the documentation |
| 09:49:33 | 24 | submitted with them resulting in them being paid.  Because none |
| 09:49:37 | 25 | of that was done, we suggest that there was no sophistication |

| | | |
|---|---|---|
| 09:49:43 | 1 | in this case. |
| 09:49:43 | 2 | THE COURT:  Thank you. |
| 09:49:44 | 3 | MR. SMITH:  Thank you, Your Honor. |
| 09:49:47 | 4 | THE COURT:  Mr. Spitale? |
| 09:50:07 | 5 | MR. SPITALE:  Good morning, Your Honor. |
| 09:50:08 | 6 | THE COURT:  Good morning, sir. |
| 09:50:10 | 7 | MR. SPITALE:  In addition to the arguments just made |
| 09:50:13 | 8 | by my co-counsel, which we will adopt regarding the intended |
| 09:50:18 | 9 | loss and the actual loss, we would like to make additional |
| 09:50:22 | 10 | arguments regarding the issue of the loss. |
| 09:50:25 | 11 | THE COURT:  Certainly. |
| 09:50:26 | 12 | MR. SPITALE:  We specifically objected to, in |
| 09:50:31 | 13 | paragraph 9, the IRS claims that were filed or returns that |
| 09:50:39 | 14 | were filed as being part of the loss amount in this particular |
| 09:50:45 | 15 | case. |
| 09:50:46 | 16 | The Courts have said that there's a standard to be |
| 09:50:53 | 17 | used in order to determine whether losses of a different type |
| 09:50:58 | 18 | of crime are to be counted as part of the loss in a particular |
| 09:51:02 | 19 | case.  As the Court obviously knows, neither my client nor |
| 09:51:09 | 20 | Mr. Harvey were indicted for any type of fraud regarding the |
| 09:51:14 | 21 | IRS filed claims.  So those claims were introduced under 404(b) |
| 09:51:19 | 22 | at the time of the trial. |
| 09:51:22 | 23 | At the time of the trial, they were introduced for the |
| 09:51:26 | 24 | purpose of, according to the government, to prove intent, |
| 09:51:30 | 25 | knowledge, scheme, plan, all of the things that 404(b) evidence |

09:51:33  1  is introduced for.  However, they were always, under 404(b),

09:51:41  2  considered to be evidence of another crime, not of this crime.

09:51:44  3      What is before the Court today and the loss amounts

09:51:48  4  before this Court is what arises out of this indictment or the

09:51:52  5  relevant conduct regarding this indictment.

09:51:55  6      If I could just have a second, Your Honor.

09:52:14  7      The guidelines ask that the Court look at the

09:52:18  8  similarity, the regularity, and the temporal proximity of

09:52:23  9  different crimes to see whether they should be counted within

09:52:25  10  the amount of loss for this particular sentencing, which the

09:52:28  11  Court is doing.

09:52:29  12      Of course, the government could have indicted these

09:52:33  13  people for other crimes, for these crimes, but they chose not

09:52:36  14  to do so.  The issue is whether these tax returns, which were

09:52:40  15  regarding the issue of temporal proximity, which were done

09:52:48  16  before April 1st of 2010, are temporally proximate to the

09:52:57  17  Louisiana claims, which were done in September of 2008, between

09:53:00  18  the date of September and October of 2008, about 18 months

09:53:07  19  difference in time.

09:53:08  20      After the tax returns, which were assumably filed

09:53:12  21  before the deadline of April 15th of 2010, then there was the

09:53:18  22  BP oil spill claims, which were made between the time of August

09:53:23  23  23rd, 2010 and January 31st, 2011.  There's about six months

09:53:30  24  separation between those two.

09:53:32  25      Finally, the New York and the North Dakota claims were

| | | |
|---|---|---|
| 09:53:38 | 1 | made in the year 2011.  So they are not similar in the sense |
| 09:53:42 | 2 | that they are not the same type of claim which was filed, which |
| 09:53:46 | 3 | would have been a disaster relief claim, which were the ones |
| 09:53:52 | 4 | that were revolving around the New York, the North Dakota, the |
| 09:53:57 | 5 | Gulf claims, the BP oil spill.  Those are disaster relief. |
| 09:54:04 | 6 | This is a totally different type of claim, which is an |
| 09:54:08 | 7 | IRS fraudulent claim.  They're neither temporally proximate -- |
| 09:54:10 | 8 | weren't done during the same period of time.  There was an |
| 09:54:16 | 9 | 18-month difference in time between one and the prior claim and |
| 09:54:21 | 10 | about six months difference between the subsequent claim.  They |
| 09:54:26 | 11 | were not done, again, as to regularity during the same period |
| 09:54:31 | 12 | of time. |
| 09:54:32 | 13 | We propose, Your Honor, that that should not be part |
| 09:54:40 | 14 | of the loss calculation of this Court in this particular |
| 09:54:45 | 15 | sentence.  As such, Your Honor, that would amount to, according |
| 09:54:50 | 16 | to the PSI, that amount would be $304,529.67.  That's just as |
| 09:55:01 | 17 | to the IRS claims. |
| 09:55:02 | 18 | Additionally, Your Honor, my client was not charged |
| 09:55:08 | 19 | in, and this would be an objection to paragraph 8, was not |
| 09:55:13 | 20 | charged with the Mississippi claims which were made. |
| 09:55:18 | 21 | Mr. Harvey was charged with that.  She was not indicted for |
| 09:55:25 | 22 | that, and we feel that that $246,408.34 is certainly not |
| 09:55:38 | 23 | applicable to her as she was never indicted for that, and it |
| 09:55:42 | 24 | should not be counted as part of her loss in the Court's |
| 09:55:47 | 25 | calculation. |

09:55:49    1          Additionally, Your Honor, as to Ms. Kannell, she was

09:55:54    2   found not guilty of, according to my calculations, $50,000.

09:56:02    3   She was found not guilty of Counts 6, 7, 15, and 22.  22 didn't

09:56:10    4   have an amount, but 6 and 7 had $5,000 each, and 15 was

09:56:18    5   $40,000.  We feel that she should not be accountable for those

09:56:26    6   $50,000.

09:56:28    7          THE COURT:  How much, $40,000?

09:56:31    8          MR. SPITALE:  $40,000 is what the response of the

09:56:34    9   government was, but I calculated it to $50,000.  It's either

09:56:39   10   $40,000 or $50,000.  I don't think it makes much of a

09:56:44   11   difference in the levels.

09:56:45   12          THE COURT:  Would any of it make a difference in terms

09:56:49   13   of the $2.5 million?

09:56:53   14          MR. SPITALE:  Yes, Your Honor.

09:56:54   15          THE COURT:  If we took your argument and said well,

09:56:56   16   although the law of the cases seems to indicate that matters

09:57:02   17   not charged or acquitted, but proven in the record in terms of

09:57:06   18   loss amount, can be calculated by the Probation Officer and put

09:57:10   19   into the PSI as being an appropriate charge against the

09:57:14   20   defendant in calculating the total amount, but in terms of

09:57:17   21   fairness and saying well, she was acquitted.  She wasn't

09:57:22   22   charged.

09:57:23   23          My question is, would it make any difference in terms

09:57:27   24   of the guideline range, the guideline range of -- one of the

09:57:32   25   minimum is $2.5 million up to $7 million.  Would it ever lower

| | | |
|---|---|---|
| 09:57:41 | 1 | below the $2.5 million to affect the guideline calculation? |
| 09:57:46 | 2 | MR. SPITALE:  Yes, Your Honor. |
| 09:57:47 | 3 | THE COURT:  By how much? |
| 09:57:51 | 4 | MR. SPITALE:  According to my calculations, those |
| 09:57:52 | 5 | numbers which I gave you would add up to $680,937.67. |
| 09:58:05 | 6 | THE COURT:  $680,000 roughly.  Now, that's a far cry |
| 09:58:13 | 7 | from the $2.9 million.  What would it bring it to? |
| 09:58:20 | 8 | MR. SPITALE:  It would bring it underneath $2.5 |
| 09:58:24 | 9 | million, which is the cut off point for the 18-level |
| 09:58:27 | 10 | enhancement.  It would make it an enhancement of 16 rather than |
| 09:58:33 | 11 | 18. |
| 09:58:34 | 12 | THE COURT:  Adding all this together, these three |
| 09:58:37 | 13 | items, the 404(b) evidence that's in the record regarding the |
| 09:58:43 | 14 | IRS claims, the charges in which Ms. Kannell was not charged in |
| 09:58:52 | 15 | paragraph 8, and the acquittal charges in paragraphs 7, 15, and |
| 09:58:58 | 16 | 22, the total would come to around $680,000, which, if |
| 09:59:08 | 17 | subtracted from the government's submission of $2.9 million, |
| 09:59:14 | 18 | would bring it down to about $2,300,000. |
| 09:59:28 | 19 | To get to that number, that would put it 200,000 below |
| 09:59:42 | 20 | the minimum range, but it would have to include not considering |
| 09:59:50 | 21 | these items.  I think that's your argument. |
| 09:59:53 | 22 | MR. SPITALE:  Yes, Your Honor. |
| 09:59:54 | 23 | Obviously, I want to make it clear; we're joining in |
| 09:59:58 | 24 | the argument of Harvey that they haven't shown the intended |
| 10:00:02 | 25 | loss.  This is an additional argument we have regarding |

| | | |
|---|---|---|
| 10:00:07 | 1 | Ms. Kannell as to her loss amount. |
| 10:00:10 | 2 | THE COURT:  Okay. |
| 10:00:13 | 3 | MR. SPITALE:  I would just say that there is case law |
| 10:00:14 | 4 | that says acquitted conduct can be counted.  However, it |
| 10:00:19 | 5 | doesn't say that acquitted conduct just because it had been |
| 10:00:22 | 6 | charged can be counted.  There has to be proof of -- not beyond |
| 10:00:27 | 7 | a reasonable doubt, but by a preponderance of the evidence, as |
| 10:00:31 | 8 | any evidence has to be proven at the time of sentencing, in |
| 10:00:35 | 9 | order to be counted by the Court. |
| 10:00:38 | 10 | At this point, there's no additional evidence being |
| 10:00:41 | 11 | presented other than the one that was presented at trial |
| 10:00:46 | 12 | regarding that, Your Honor. |
| 10:00:48 | 13 | THE COURT:  Thank you. |
| 10:00:50 | 14 | MR. SPITALE:  We will make the same arguments as |
| 10:00:53 | 15 | Mr. Harvey regarding the victims.  We feel that the sentencing |
| 10:00:56 | 16 | guidelines are quite clear regarding that.  It talks about or |
| 10:01:00 | 17 | it states that a victim is a person that sustained any part of |
| 10:01:10 | 18 | an actual loss.  Actual loss is defined as means of pecuniary |
| 10:01:16 | 19 | harm that was intended as real.  "Pecuniary harm" is the |
| 10:01:20 | 20 | operative words, Your Honor. |
| 10:01:22 | 21 | All of these people that the government says are |
| 10:01:27 | 22 | victims didn't incur any pecuniary harm. |
| 10:01:31 | 23 | THE COURT:  Except their loss -- the theft of |
| 10:01:36 | 24 | identity. |
| 10:01:38 | 25 | MR. SPITALE:  But it's not pecuniary in the sense that |

| | | |
|---|---|---|
| 10:01:41 | 1 | we can put a dollar amount on it.  Of course, the Gulf Coast |
| 10:01:49 | 2 | Claims Facility received the loss that they lost.  Those state |
| 10:01:55 | 3 | entities are the ones who are the victims in this case as |
| 10:02:01 | 4 | opposed to the persons. |
| 10:02:03 | 5 | THE COURT:  Okay. |
| 10:02:05 | 6 | MR. SPITALE:  Additionally, Your Honor, we would agree |
| 10:02:07 | 7 | that this is not a particularly sophisticated case.  Your Honor |
| 10:02:11 | 8 | sat through the whole trial.  People were brought in here, and |
| 10:02:18 | 9 | it was pretty clear what happened. |
| 10:02:20 | 10 | A computer was used in one instance to make claims. |
| 10:02:25 | 11 | In another instance, the U.S. mail was used to make a claim. |
| 10:02:29 | 12 | It doesn't take any type of computer expert or a financial |
| 10:02:35 | 13 | wizard to have done what was done. |
| 10:02:37 | 14 | Claims were made on behalf of disasters.  Those claims |
| 10:02:44 | 15 | were either paid or not paid, but the methodology of making |
| 10:02:48 | 16 | these claims was either putting a claim in the mail or using a |
| 10:02:53 | 17 | computer to fill out a form and sending it by the computer. |
| 10:02:57 | 18 | We don't feel that, under this circumstance, the |
| 10:03:02 | 19 | sophisticated means enhancement is appropriate for our clients. |
| 10:03:06 | 20 | THE COURT:  Thank you very much. |
| 10:03:08 | 21 | Mr. Watts-Fitzgerald? |
| 10:03:26 | 22 | MR. WATTS-FITZGERALD:  Thank you, Your Honor.  I'll |
| 10:03:28 | 23 | simply follow the same order, starting with Mr. Smith's |
| 10:03:31 | 24 | arguments on behalf of Mr. Harvey, necessarily addressing the |
| 10:03:32 | 25 | incorporated arguments made on behalf of Ms. Kannell. |

| | | |
|---|---|---|
| 10:03:36 | 1 | The intended loss amount, starting with Mr. Harvey |
| 10:03:42 | 2 | where they object to paragraph 10 of the PSI being too high, |
| 10:03:47 | 3 | there is a misapprehension on the part of the defense.  They |
| 10:03:52 | 4 | are correct and we have no bone to pick with them over how the |
| 10:03:56 | 5 | process of assessing and determining a weekly benefit amount is |
| 10:04:02 | 6 | done under the law by the various state entities.  That was |
| 10:04:06 | 7 | correctly summarized by the Court. |
| 10:04:08 | 8 | It was covered by the three state witnesses during the |
| 10:04:12 | 9 | trial and also by Fraud Analyst Passero.  The state, |
| 10:04:21 | 10 | essentially, evaluates the information provided by the |
| 10:04:22 | 11 | claimant, conducts the calculation, as was suggested, divides |
| 10:04:27 | 12 | it out by the appropriate number of pay periods, and then makes |
| 10:04:31 | 13 | the payment. |
| 10:04:31 | 14 | If a claimant fails to provide the back-up documents |
| 10:04:35 | 15 | initially, or after being prodded, which is what happened in |
| 10:04:40 | 16 | some cases here, back-ups were not submitted showing higher |
| 10:04:44 | 17 | income levels, then the state defaults to the minimum. |
| 10:04:50 | 18 | In our calculation provided to the Probation Office |
| 10:04:53 | 19 | and used during the trial, we used the minimums where there was |
| 10:04:58 | 20 | no supplemental documentation provided in the form of tax |
| 10:05:03 | 21 | returns.  The defense assumed that we used the maximums. |
| 10:05:10 | 22 | Arguendo, we were certainly entitled to do that, Your |
| 10:05:13 | 23 | Honor.  It's clear from the testimony the Court heard through |
| 10:05:17 | 24 | the week of the trial that the defendants were not in this to |
| 10:05:21 | 25 | fail to make money. |

10:05:23  1      Now, they may have only realized about a 25 percent

10:05:26  2  return on their total number of claims, but they were in this

10:05:28  3  to defraud multiple states, FEMA, and the Gulf Coast Claims

10:05:32  4  Facility.  They did that in a fashion to maximize their illegal

10:05:37  5  returns.

10:05:38  6      The Court only need find and settle on a reasonable

10:05:42  7  methodology for determining the loss amount when it is

10:05:47  8  difficult to do so.  That's what the guidelines say.  The case

10:05:51  9  law is legion that have supported Courts that look at it and

10:05:56 10  then say there can be a maximum.  There can be a minimum.  I

10:06:02 11  assessed it.  I heard the facts, and this is a reasonable way

10:06:05 12  to do it, recognizing the fundamental intent and purpose of the

10:06:06 13  defendant; here, the defendants to maximize their returns.  It

10:06:10 14  would not be unreasonable for the Court to say, "Yes, that was

10:06:14 15  the potential loss."

10:06:14 16      We didn't do that here.  We adopted a very

10:06:20 17  conservative methodology.  When we came up with the amount in

10:06:24 18  the $2.9 million range, that was based on the fraud attempted

10:06:29 19  to be perpetrated against the states of Louisiana, New York,

10:06:33 20  and North Dakota.  The defendants, in their actual filings, did

10:06:37 21  not, in fact, get any return.  We used the minimum calculation

10:06:40 22  if they had not provided the necessary documents.

10:06:43 23      As indicated in my response, in document 138, Analyst

10:06:51 24  Passero, in addition to listening to the testimony at trial and

10:06:54 25  analyzing the records personally, communicated with each of the

| 10:06:57 | 1 | state administrators that had testified and solicited from them |
| 10:07:04 | 2 | further documentation of the calculation of the loss amounts |
| 10:07:06 | 3 | intended for those various states and calculated that in. |
| 10:07:10 | 4 | Now, I'm prepared to put him on the stand and place |
| 10:07:13 | 5 | into evidence supplemental hearing Exhibit 1, which is the |
| 10:07:18 | 6 | spreadsheet that Mr. Smith was referring to.  There's probably |
| 10:07:21 | 7 | a good reason to do that beyond simply clarifying -- |
| 10:07:24 | 8 | THE COURT:  Well, the evidence is closed.  We're at |
| 10:07:26 | 9 | argument now.  If anybody wanted to call witnesses, we should |
| 10:07:31 | 10 | have done that before we ever had closing argument. |
| 10:07:35 | 11 | You're suggesting that, on the record in the trial, |
| 10:07:37 | 12 | the government introduced evidence showing that they used the |
| 10:07:42 | 13 | minimum range of loss formula. |
| 10:07:47 | 14 | MR. WATTS-FITZGERALD:  That's correct. |
| 10:07:48 | 15 | THE COURT:  Do you happen to have approximately what |
| 10:07:53 | 16 | document, exhibit, or witness testimony that you refer to |
| 10:07:57 | 17 | there?  See, I have to deal with the record as it is at this |
| 10:08:03 | 18 | point.  What exhibit or what witness was that? |
| 10:08:12 | 19 | MR. WATTS-FITZGERALD:  It would be -- Robin Ibos |
| 10:08:14 | 20 | testified regarding the State of Louisiana claims. |
| 10:08:18 | 21 | THE COURT:  Robin who? |
| 10:08:22 | 22 | MR. WATTS-FITZGERALD:  Ibos, I-b-o-s. |
| 10:08:26 | 23 | THE COURT:  Robin Ibos. |
| 10:08:33 | 24 | MR. WATTS-FITZGERALD:  Robin Ibos, I-b-o-s, testified |
| 10:08:37 | 25 | on June 5th.  With respect to that, we introduced Exhibits 48, |

| | | |
|---|---|---|
| 10:08:43 | 1 | 49, 50, and 18A through F, which was a composite exhibit that |
| 10:08:49 | 2 | demonstrated the claims against the State of Louisiana, and she |
| 10:08:53 | 3 | specifically testified as to how their calculations would be |
| 10:08:57 | 4 | conducted. |
| 10:08:57 | 5 | With respect to North Dakota, on the same date, June |
| 10:09:02 | 6 | 5th, Richard Mark Butland, B-u-t-l-a-n-d, testified.  He |
| 10:09:08 | 7 | provided his personally prepared spreadsheet, Exhibit 62, from |
| 10:09:16 | 8 | which our numbers were taken.  He showed not only those |
| 10:09:20 | 9 | instances of claims and explained again how they would |
| 10:09:25 | 10 | calculate, but he further included in that spreadsheet some |
| 10:09:30 | 11 | actual payments made.  Where payments were made, we used the |
| 10:09:34 | 12 | actual loss amounts. |
| 10:09:36 | 13 | He also authenticated and we submitted North Dakota |
| 10:09:41 | 14 | claim forms in the names of Ramos, Griffin, and Hodges, |
| 10:09:48 | 15 | Exhibits 63 through 65, in support of his testimony. |
| 10:09:52 | 16 | On the same date, a FEMA representative testified |
| 10:10:03 | 17 | regarding -- that was Alecia Morris, M-o-r-r-i-s, and |
| 10:10:12 | 18 | introduced Exhibits 58, 59, 60, and Exhibit 87, which was the |
| 10:10:19 | 19 | FEMA guidance for the relevant period. |
| 10:10:24 | 20 | 58 through 60 are the three FEMA claim forms where |
| 10:10:29 | 21 | there was an exact loss amount, which we included.  So there |
| 10:10:33 | 22 | was no speculative amount there.  That was the actual loss. |
| 10:10:38 | 23 | With regard to the GCCF claims and the amounts there, |
| 10:10:44 | 24 | in Exhibit 8 on the same day, and in the testimony of the GCCF |
| 10:10:48 | 25 | supervisor that was presented, they documented how theirs was |

| | | |
|---|---|---|
| 10:10:53 | 1 | calculated and how amounts were claimed.  All of those are |
| 10:10:57 | 2 | documented in the first ten to 15 exhibits in the case, Your |
| 10:11:02 | 3 | Honor.  That doesn't directly affect the -- |
| 10:11:06 | 4 | THE COURT:  The total of those losses where you either |
| 10:11:11 | 5 | used the actual loss or the computation by the respective |
| 10:11:18 | 6 | states or entities that were paying the claims submitted by the |
| 10:11:27 | 7 | defendants was a minimal loss. |
| 10:11:29 | 8 | In other words, the bottom line of this is that you're |
| 10:11:31 | 9 | suggesting that these exhibits will demonstrate that you used |
| 10:11:36 | 10 | the actual loss when it was known. |
| 10:11:39 | 11 | Then, when you used a formula, you calculated it at |
| 10:11:42 | 12 | the minimum rate, not the maximum rate, which under the law you |
| 10:11:47 | 13 | could have done or could argue, subject to the Judge's judicial |
| 10:11:54 | 14 | determination, but you used either the minimum or the actual |
| 10:11:58 | 15 | loss and not, as the defendants suggest in their pleadings and |
| 10:12:04 | 16 | argument, the maximum estimated loss. |
| 10:12:08 | 17 | What does that come to, $2,962,000? |
| | 18 | MR. WATTS-FITZGERALD:  $2,962,000 and some change, |
| | 19 | Your Honor. |
| 10:12:23 | 20 | THE COURT:  $2,962,000? |
| 10:12:28 | 21 | MR. WATTS-FITZGERALD:  Yes, Your Honor. |
| 10:12:29 | 22 | Now, Your Honor, if we had gone the other route and |
| 10:12:30 | 23 | made the extreme argument of maximums on every claim to the |
| 10:12:34 | 24 | three state entities, we would still not have exceeded $7 |
| 10:12:39 | 25 | million. |

| | | |
|---|---|---|
| 10:12:40 | 1 | As the Court is aware, under the 2B1.1 table -- |
| 10:12:42 | 2 | THE COURT:  Yes, they make no objection to the fact |
| 10:12:45 | 3 | that you didn't exceed the $2.9 million.  They make the |
| 10:12:51 | 4 | objection that it should be less than $2.5 million, which is |
| 10:12:54 | 5 | the range we're talking about under the Sentencing Guidelines, |
| 10:12:58 | 6 | $2.5 million to $7 million something. |
| 10:13:00 | 7 | So you're suggesting that on this record it shows |
| 10:13:05 | 8 | $2.962 million.  The defense made their argument.  They do not |
| 10:13:10 | 9 | have, because of the complexity of this, an exact amount, but |
| 10:13:16 | 10 | they simply say that it would come to a lesser amount than |
| 10:13:23 | 11 | $2.962 million. |
| 10:13:27 | 12 | Now, in part, they base that upon a suggestion of |
| 10:13:28 | 13 | simple fairness, and even though the law permits the Court to |
| 10:13:34 | 14 | find all of that, that Ms. Kannell should not be held |
| 10:13:40 | 15 | accountable for the amounts that were involved in the counts |
| 10:13:43 | 16 | where she was acquitted or where she was not charged as her |
| 10:13:52 | 17 | co-defendant was. |
| 10:13:54 | 18 | I think I have a notation here somewhere as to |
| 10:15:11 | 19 | Mr. Spitale's argument.  Oh yes, here it is.  On the acquitted |
| 10:15:22 | 20 | charges, they reflect apparently, in either Counts 6, 7, 15, or |
| 10:15:33 | 21 | 22, they come to $40,000.  That's the acquitted charges. |
| 10:15:40 | 22 | Where she's not charged, it would come to $248,000, |
| 10:15:50 | 23 | approximately.  So that would be $288,000 for those two. |
| 10:16:02 | 24 | Your position is that you're entitled, under the law, |
| 10:16:06 | 25 | to do it, but am I correct in the mathematical analysis, based |

10:16:13  1   on the submission of the parties, that the $288,000 would cause

10:16:19  2   a reduction from $2,900,000 down to about $2,600,000, which is

10:16:39  3   still greater than the $2.5 million?  That would be using the

10:16:45  4   minimal amounts and the actual amounts, and it would make no

10:16:46  5   difference in the guideline calculation.  I think I've answered

10:16:51  6   my own question.

10:16:52  7         MR. WATTS-FITZGERALD:  Your Honor, I think Mr. Spitale

10:16:54  8   is making a slightly different argument.  The Court is

10:16:58  9   certainly correct on the law.  We can argue for it, and the

         10   Court could include it based on the evidence at trial.

10:17:03  11         Counts 6, 7, 15, and 22, the acquitted counts,

10:17:08  12   certainly don't come up to more than $50,000 and would not, in

10:17:13  13   and of themselves, affect the calculation.

10:17:19  14         The uncharged counts that we were including deal with

10:17:19  15   the FEMA fraud, which was about $246,000 of intended loss.  If

10:17:26  16   you put them together with the additional points raised by

10:17:29  17   counsel, he was suggesting about $681,000 should be taken off.

10:17:35  18   That would change the calculation.

10:17:37  19         It would drop her by two levels only.  Instead of

10:17:41  20   being a plus 18 for loss amount under the table in 2B1.1, she

10:17:48  21   would be plus 16.

10:17:51  22         Now, we suggest that that's not appropriate because

10:17:53  23   the FEMA fraud, that $246,000, which is reflected in Exhibits

10:18:01  24   58 through 60 and in the testimony of Ms. Morris in the trial,

10:18:05  25   occurred during the continuum of the case and also involved

| 10:18:12 | 1 | identities and information that was found in the notebooks |

10:18:12    1   identities and information that was found in the notebooks

10:18:17    2   placed in evidence at the trial.

10:18:20    3        The Court will recall we had handwriting and

10:18:23    4   fingerprint testimony that linked the defendants to the

10:18:26    5   notebooks.  They were found in the car they were driving at the

10:18:27    6   time of their arrest.

10:18:31    7        THE COURT:  I remember.

10:18:34    8        MR. WATTS-FITZGERALD:  It's all her handwriting.

           9   These are the same false identities and information being

10:18:35   10   employed.  She clearly is, the old southern expression, cheek

10:18:41   11   by jowel with that criminal conduct.  The mere fact that the

10:18:46   12   government didn't charge her does not change the fact that

10:18:50   13   uncharged misconduct, in appropriate instances, may be

10:18:51   14   considered by the Court.

10:18:53   15        So we think there's an ample basis for the Court to

10:18:57   16   sustain the pre-sentence report's analysis and include that.

10:19:00   17        I also note that Mr. Spitale argues that to include

10:19:05   18   even that arguably, and certainly the IRS information, there

10:19:10   19   has to be certain factors that need to be satisfied by the

10:19:14   20   United States.

10:19:14   21        I would point out first, Your Honor, that there is a

10:19:18   22   wider latitude in the use of evidence by the sentencing Court

10:19:24   23   at sentencing than there necessarily is at trial.  It's

10:19:29   24   well-established that a lot of evidence and information that

10:19:33   25   would not or could not come in at trial may reasonably be

10:19:37    1    considered by the Court to reach an appropriate sentence, if

10:19:40    2    not under the guidelines themselves, under 3553(a)(1) through

10:19:46    3    (7), the factors that the Court will apply.

10:19:49    4          Her involvement in the IRS claims, which overlap again

10:19:52    5    in the use of all the false identities, including some of the

10:19:57    6    false identities used in the charged and convicted conduct,

10:20:01    7    shows that this was part of a pattern and practice of the

10:20:04    8    defendants.

10:20:04    9          Mr. Spitale pointed out or suggested to the Court that

10:20:10   10    you should consider it only if there's similarity, regularity,

10:20:16   11    and temporal proximity.  Well, it is similar.  These are

10:20:20   12    further efforts, through the use of stolen identities, to

10:20:24   13    defraud government agencies.

10:20:26   14          In this case, it happens to be the IRS.  It's to use

10:20:29   15    the Social Security numbers, personal identifying information,

10:20:32   16    and other material of these unknowing victims to elicit money

10:20:40   17    under those fraudulent practices for their own benefit.  It was

10:20:45   18    conducted as part of a regular practice.

10:20:45   19          Essentially, the defendants were leaches on the public

10:20:51   20    of the United States, whether it be state or federal directly,

10:20:56   21    whether it be FEMA or IRS or a private entity like the GCCF, to

10:21:01   22    elicit money, to which they were not entitled, to support an

10:21:06   23    extravagant lifestyle.  This was throughout the temporal range

10:21:12   24    as well.

10:21:14   25          Counsel selectively presented to the Court when

10:21:15  1   different parts of the charged conduct occurred.  If you look

10:21:17  2   at it as a temporal continuum, it begins in 2008 and extends

10:21:23  3   with the fraud on New York under Irene literally up until the

10:21:28  4   time of their arrest in October of 2011.

10:21:32  5        The IRS fraud occurred in the midst of that.  It

10:21:34  6   occurred some in April of 2010.  Some actually occurred in

10:21:39  7   2011, contrary to the suggestion.  That is apparent from the

10:21:46  8   dates of the -- that's in the records of USAA Bank and the

10:21:50  9   other records that show when these checks were received.

10:21:55  10       They typically weren't checks, actually, Your Honor.

10:21:58  11  They were electronic deposits.  Interestingly, the defendants

10:22:03  12  co-mingled the tax payments when they came in from the Treasury

10:22:05  13  as electronic fund transfers into the same accounts that they

10:22:07  14  were putting all of their other illegally derived funds from

10:22:14  15  the frauds against the various states and other federal and

10:22:17  16  private agencies.

10:22:19  17       With regard to the final question, Your Honor -- there

10:22:21  18  are two questions still remaining, Your Honor.  The number of

10:22:26  19  victims being 157.  We analyzed those notebooks, and there are

10:22:33  20  actually closer to 600 names when you take out all the

10:22:39  21  duplications in those notebooks with personal identifying

10:22:43  22  information.

10:22:44  23       Counsel tries to suggest to the Court that you should

10:22:47  24  put a hypertechnical interpretation on pecuniary loss.  The

10:22:53  25  guidelines use the words "pecuniary loss".  They don't require

| 10:22:55 | 1 | the Court to identify a specific dollar value. |

10:22:58   2          I think what's happening here is the defense are

10:23:03   3   conflating pecuniary loss and calculations for guideline

10:23:06   4   purposes against restitution issues.  They are not the same.

10:23:12   5   It may be that somebody has a pecuniary loss that is difficult

10:23:17   6   or perhaps impossible to ascribe a particular dollar and cents

10:23:22   7   value to.  Thus, you would not be able to make a restitution

10:23:27   8   order, but you can still find that there was a pecuniary loss.

10:23:31   9          We raised, in the post trial sentencing process, the

10:23:34   10   example of Aaron Woods.  Aaron Woods testified at trial for the

10:23:39   11   Court.  He was a victim of identity theft and subsequently was

10:23:44   12   contacted by the IRS and now is going through a labored process

10:23:49   13   to try and clear his name and demonstrate that he did not

10:23:53   14   receive an award from Gulf Coast Claims Facility because that

10:23:56   15   award was claimed by the defendants, and they received it.

10:24:00   16          Because the Gulf Coast Claims Facility is a

10:24:04   17   law-abiding enterprise, they filed the appropriate documents

10:24:06   18   with the IRS indicating how much every claimant received if

10:24:11   19   they were given an award.

10:24:12   20          He has suffered a pecuniary loss in the sense that he

10:24:15   21   has to go through that process.  He may well have to retain

10:24:20   22   counsel and otherwise.

10:24:22   23          The Court can take judicial notice of the fact that

10:24:25   24   the GAO has recently done an analysis of these tax problems and

10:24:32   25   their impact on people.

10:24:34  1          There have been articles in every media outlet.  I

10:24:38  2   have here one from the Miami Herald, "Scammers Steal IRS

10:24:43  3   Refunds", talking about the scope of the identity crisis.

10:24:48  4          THE COURT:  That's not in the record.  Those articles,

10:24:51  5   they're not in the record.

10:24:53  6          MR. WATTS-FITZGERALD:  I understand, Your Honor.

10:24:55  7          THE COURT:  Then I'm not going to consider them.  I'm

10:24:57  8   sorry, go ahead.

10:25:00  9          MR. WATTS-FITZGERALD:  The fact that this Court, in

10:25:02  10  this district, has literally seen a massive surge in

10:25:06  11  prosecutions and convictions, I'd say the Court can take notice

10:25:11  12  of those records.

10:25:11  13         THE COURT:  I've presided over a number of those

10:25:16  14  trials.

          15         MR. WATTS-FITZGERALD:  I don't need to say any more,

          16  Your Honor.

10:25:17  17         THE COURT:  Taking my own knowledge of the cases I've

10:25:20  18  presided over, there's no question of identity theft victim

10:25:27  19  impact.  It is quite, quite, quite substantial throughout the

10:25:31  20  country, and particularly in this district.

10:25:34  21         MR. WATTS-FITZGERALD:  I may not be able to say it's

10:25:36  22  $12.89 for Mr. Woods or $1,500, because at the end of the day,

10:25:44  23  he's going to have to try to get his record clear.  This is the

10:25:48  24  type of thing that has a real pecuniary impact on those people.

10:25:54  25         Now, we had a witness at trial that talked

10:25:55  1   specifically about that.  The Court will recall that one of our

10:25:57  2   witnesses testified, a gentleman from the west coast, that a

10:26:01  3   check from the IRS was used by the defendants when they

10:26:05  4   purchased a car.  It was part of the down payment.  That check

10:26:10  5   was a legitimate tax return payment.

10:26:14  6          It was given to the witness, Sid Monzadeh, and entered

10:26:21  7   into evidence.  Mr. Monzadeh testified that the defendant

10:26:27  8   claimed to be the person whose name was on the check.  His wife

10:26:30  9   was there with him, and his child was with them.  In fact, this

10:26:34  10  was a check that they acquired illegally and were using to buy

10:26:37  11  a Mercedes, one of the two Mercedes.

10:26:39  12          THE COURT:  Let's move on to sophisticated means, if I

10:26:43  13  can interrupt you.

10:26:44  14          MR. WATTS-FITZGERALD:  One brief remark.  167 victims

10:26:51  15  is incredibly conservative given the number of false identities

         16  they had amassed.

10:26:55  17          Sophisticated means, Your Honor, the defense is simply

10:26:58  18  wrong.  Sophisticated means does not have as an element a

10:27:02  19  success rate.  It is not diminished as an enhancement because

         20  they only succeeded 25 percent of the time.

10:27:06  21          Sophisticated means, as it's articulated in the

10:27:10  22  guidelines, focuses on how did they do it.  What methodology?

10:27:15  23  Did they go beyond the norm?

10:27:19  24          Your Honor, the evidence in this case, from two

10:27:22  25  witnesses, established that they used an incredibly

| 10:27:26 | 1 | sophisticated mail screening and drop system that used block |

10:27:26   1   sophisticated mail screening and drop system that used block

10:27:30   2   Internet accounts, remote deliveries using addresses in

10:27:33   3   multiple states and cities to conceal who they were, where they

10:27:38   4   were, and how they were accessing their potential illegal

10:27:41   5   gains.

10:27:42   6          They used multiple accounts, established again online,

10:27:46   7   seeking the anonymity and the difficulty of detection to move

10:27:51   8   money back and forth and to conceal who they were both from the

10:27:55   9   victims of their claims and the individuals who were the

10:27:59   10  legitimate holders of those identities.

10:28:01   11         They used physical mail drops, brick and mortar, in

10:28:08   12  multiple cities with chains of forwarding processes.  Your

10:28:12   13  Honor, this is the first case in which I've seen those Internet

10:28:16   14  mail services effectively employed by white collar criminals to

10:28:23   15  conceal and enhance their criminal activities.

10:28:25   16         It is a sophisticated means.  They availed themselves

10:28:30   17  of it.  It's certainly true they used the computers, the mail,

10:28:35   18  and the private mailing enterprises like FedEx, because that

10:28:40   19  was also made part of the evidence in the record, to further

10:28:43   20  their scheme.  This was not a simple mail in or send in by fax

10:28:49   21  or Internet a claim and then sit back and wait.

10:28:52   22         They kept track of all of their victims.  As the Court

10:28:56   23  knows from the testimony, we introduced sets of tapes and had

10:29:01   24  testimony from the director of the GCCF regarding the number of

10:29:09   25  calls that they had made tracking and monitoring the progress

| | | |
|---|---|---|
| 10:29:14 | 1 | of those claims as well. |
| 10:29:21 | 2 | In fact, in the Sentencing Guidelines, where it looks |
| 10:29:24 | 3 | at the enhancements, it specifically discusses cases involving |
| 10:29:28 | 4 | means of identification and notes that a dollar loss is |
| 10:29:32 | 5 | specifically not necessary. |
| 10:29:34 | 6 | We would be here, Your Honor, fairly and reasonably |
| 10:29:38 | 7 | arguing for that enhancement were they to have had a zero |
| 10:29:43 | 8 | success rate, were they to have engaged in their schemes and |
| 10:29:49 | 9 | artifices to defraud and been totally stymied by the various |
| 10:29:55 | 10 | agencies and entities for whatever reason, provided that they |
| 10:29:57 | 11 | had used those false identifications. |
| 10:29:59 | 12 | Your Honor, those seem to be the upshot of the |
| 10:30:02 | 13 | arguments made by the defense.  I think the Court is fairly in |
| 10:30:07 | 14 | a position to reject those and adopt the pre-sentence report |
| 10:30:11 | 15 | calculations on the guidelines as they stand. |
| 10:30:15 | 16 | THE COURT:  Thank you very much. |
| 10:30:18 | 17 | Do you have any brief remarks in rebuttal, Mr. Smith? |
| 10:30:24 | 18 | We're still on the phase of the Sentencing Guidelines. |
| 10:30:27 | 19 | MR. SMITH:  Yes, Your Honor, briefly.  Your Honor, |
| 10:30:36 | 20 | I'll only address the issue of whether we're talking about |
| 10:30:39 | 21 | maximum or minimum benefits. |
| 10:30:41 | 22 | With all respect to the government's argument today |
| 10:30:45 | 23 | that they're using a minimum number, looking back at the |
| 10:30:50 | 24 | superseding indictment in this case, on pages 10 and 18, on |
| 10:30:59 | 25 | page 10 of the superseding indictment, at paragraphs 5 and 6, |

10:31:03  1  it indicates that the Department of Unemployment Assistance

10:31:08  2  benefits were provided to individuals who submitted proof of

10:31:13  3  wages, proof of employment, name and address of the last

10:31:19  4  employer, or documentation to establish that the claimant was

10:31:22  5  to commence employment on or after the date the major disaster

          6  began.

10:31:28  7       I think this is the most critical part, and this is

10:31:31  8  from the indictment, proof of employment had to be received

10:31:35  9  within 21 days from the filing date of the claim.  This is all,

10:31:41  10  of course, in regard to Louisiana in that particular paragraph.

10:31:46  11       The defendants got no money, not one dollar, from

10:31:51  12  Louisiana.  However, this Court is being asked to use an

10:31:54  13  intended loss amount of $260,520 from Louisiana.  So you're

10:32:02  14  talking about close to $300,000.

10:32:06  15       The reason they didn't get any money from Louisiana

10:32:10  16  was because, as the indictment indicates, no proper

10:32:12  17  documentation at all was submitted within the 21 days, as

10:32:18  18  necessitated by the Department of Unemployment Assistance in

10:32:23  19  Louisiana, yet you're still being asked to use this intended

10:32:27  20  loss amount.

10:32:27  21       Now, it goes on, in paragraph 6, to talk about taxes.

10:32:31  22  If it was determined that an individual was employed full-time

10:32:35  23  at the time of the disaster, the claim would be established

10:32:38  24  with an initial weekly benefit amount of $104 per week.

10:32:43  25       However, if a person was self-employed and his or her

| 10:32:47 | 1 | 2007 net income exceeded $8,333, a copy of the tax return for |
| 10:32:54 | 2 | the most recently completed year was required to increase the |
| 10:32:58 | 3 | weekly benefit amount. |

10:33:00   4      None of these documents were submitted.  When we talk
10:33:04   5  about the maximum amount, if we go to page 18 of the
10:33:09   6  superseding indictment, at page 5 there's a reason that we
10:33:12   7  believe the government was using a maximum amount, and I'm
10:33:17   8  somewhat surprised that they're now claiming it's the minimum.

10:33:24   9      In paragraph 5, on page 18 of the superseding
10:33:25  10  indictment, this is about New York, it says that the Department
10:33:26  11  of Unemployment Assistance provides benefits to individuals
10:33:30  12  whose employment has been lost or interrupted.

10:33:33  13      The last sentence, "Under the program, a maximum
10:33:36  14  benefit amount is calculated for each claimant based on a
10:33:40  15  variety of factors."  Again, the indictment is talking about a
10:33:44  16  maximum benefit.

10:33:45  17      I go further.  I once again refer back to docket entry
10:33:50  18  138, which was the government's response to the defendants'
10:33:55  19  objections to the PSI.  On page 3 of docket entry 138, in the
10:34:02  20  first paragraph talking about Louisiana, the last sentence,
10:34:05  21  there's a comment that says, "And that a provable maximum
10:34:10  22  benefit amount could be ascribed to the claims based on the
10:34:14  23  established formula for unemployment claims payment."  They're
10:34:18  24  again talking about a maximum benefit.

10:34:20  25      The last paragraph, on page 3 of the government's

10:34:24   1   response, is talking about Defendant Kannell's claim against
10:34:28   2   North Dakota.  They indicate that Mr. Mark Butland presented
10:34:32   3   for the jury Government's Exhibit 62, which identified each of
10:34:35   4   the claims filed against North Dakota by the defendants, and
10:34:39   5   the maximum benefit allowable, with respect to each of those 65
10:34:44   6   claims, is a total of $837,092.
10:34:49   7        The government's own filing, talking about the
10:34:52   8   testimony from the trial, says that Mark Butland, who they just
10:34:56   9   came up here and told you was talking apparently about a
10:35:00  10   minimum benefit, was testifying about a maximum benefit.  The
10:35:04  11   intended loss maximum amount is $837,000, which is then used in
10:35:09  12   the PSI as the intended loss amount.  It's a maximum number.
10:35:14  13        In North Dakota, they indicate that that was the
10:35:17  14   intended loss amount.  The defendants -- $836,912, according to
10:35:24  15   the PSI.  The government's filing is $837,092, the defendants
10:35:29  16   got $2,210, an incredibly small percentage of this.
10:35:34  17        The reason was, as it indicates in the indictment, as
10:35:37  18   it indicates in the government's methodology that is described
10:35:43  19   by CFA Passero, documentation had to be submitted.  None of
10:35:49  20   that documentation was submitted in Louisiana and very little
10:35:54  21   of it in these other jurisdictions.
          22        Because of that, the defendants got very little money
10:35:59  23   of the attempted money, and the reason there's such a wide
10:36:01  24   discrepancy in the numbers is because they're simply throwing
10:36:05  25   these numbers out there whether anything was submitted or not

| | | |
|---|---|---|
| 10:36:09 | 1 | when the indictment says it had to be submitted in 21 days or |
| | 2 | there's nothing.  That's why we have a problem with this |
| | 3 | number, and that's why we made the objections we did, Your |
| | 4 | Honor. |
| 10:36:20 | 5 | THE COURT:  Thank you. |
| 10:36:21 | 6 | Anything further, Mr. Spitale? |
| 10:36:25 | 7 | MR. SPITALE:  Briefly, Your Honor. |
| 10:36:26 | 8 | Your Honor, again, we adopt the arguments made by |
| 10:36:31 | 9 | Mr. Smith, Mr. Harvey's counsel. |
| 10:36:35 | 10 | Just additionally, let me give you an example, and |
| 10:36:40 | 11 | this is regarding the issue of the tax returns, the 404(b), and |
| 10:36:44 | 12 | I'm now quoting from the Sentencing Guidelines, same course of |
| 10:36:49 | 13 | conduct.  It's Comment 9(b). |
| 10:36:52 | 14 | At the end of that comment, it says, "A defendant's |
| 10:36:57 | 15 | failure to file tax returns in three consecutive years |
| 10:37:01 | 16 | approximately would be considered as part of the same course of |
| 10:37:05 | 17 | conduct because such returns are only required at a yearly |
| 10:37:12 | 18 | interval." |
| 10:37:14 | 19 | I think this is indicative of the type of conduct |
| 10:37:18 | 20 | which the guidelines see as similar conduct.  These are all tax |
| | 21 | returns.  Okay, they were separated by year, but that's okay. |
| 10:37:23 | 22 | But now we're going from tax returns, we're going to claims |
| 10:37:27 | 23 | made for unemployment insurance.  We're going to claims made to |
| 10:37:32 | 24 | a BP trust fund, which was set up for a disaster.  I think |
| 10:37:37 | 25 | these are very different types of crimes which shouldn't be |

| | | |
|---|---|---|
| 10:37:41 | 1 | considered by the Court in its calculation of the loss in this |
| 10:37:47 | 2 | particular case. |
| 10:37:47 | 3 | Just very briefly, Your Honor, on pecuniary loss, even |
| 10:37:54 | 4 | if you take the government's argument that there was this one |
| 10:37:59 | 5 | witness by the name of Aaron Woods who came in here and |
| 10:38:03 | 6 | testified as to the problems that he was having regarding that |
| 10:38:06 | 7 | tax return, that's one person that you heard testimony for. |
| 10:38:12 | 8 | We didn't hear any other testimony from any other |
| 10:38:14 | 9 | person in this court at this trial about any type of pecuniary |
| 10:38:20 | 10 | loss. |
| 10:38:21 | 11 | Thank you, Your Honor. |
| 10:38:22 | 12 | THE COURT:  Thank you very much. |
| 10:38:27 | 13 | With respect to the objections that have been made by |
| 10:38:29 | 14 | the respective defendants, Ms. Anja Kannell and Mr. Joseph |
| 10:38:45 | 15 | Harvey, to their individual pre-sentence investigation reports, |
| 10:38:52 | 16 | the Court makes the following findings and conclusions and |
| 10:39:02 | 17 | decisions regarding each of the objections: |
| 10:39:08 | 18 | The first objection dealt with -- and I will consider |
| 10:39:12 | 19 | them as consolidated objections.  They have been adopted by |
| 10:39:18 | 20 | each defendant, one of the other, so we will consider them as a |
| 10:39:24 | 21 | joint objection, but we're treating them separately as |
| 10:39:30 | 22 | individual people, of course. |
| 10:39:33 | 23 | The first objection deals with the loss amount.  The |
| 10:39:34 | 24 | pre-sentence investigation report has recommended, upon the |
| 10:39:45 | 25 | U.S. Probation Officer's calculation, an intended loss figure |

10:39:49   1   of $2,982,482.

10:40:00   2          The objection to this figure has been thoroughly

10:40:04   3   briefed and presented by the parties, in which the defendants

10:40:10   4   suggest that this was a maximum calculation that should be

10:40:15   5   reduced by an amount of money of which is not readily or easily

10:40:26   6   calculable, but which, the defendants suggest, would take it

10:40:30   7   below the $2.5 million of the Sentencing Guidelines range up to

10:40:42   8   $7 million or --

10:40:44   9          What is the range?

10:40:46  10          MR. WATTS-FITZGERALD:   $2.5 million to $7 million is

          11   the range.

10:40:49  12          THE COURT:   The Court overrules this objection and

10:40:55  13   finds that this record amply is sustained by the evidence

10:41:03  14   introduced in the numerous exhibits and oral testimony at the

10:41:05  15   trial that the intended loss, the intended loss, was far

10:41:11  16   greater than $2.982 million, and that the Probation Officer's

10:41:20  17   calculation is reasonable and a minimal amount of money as

10:41:25  18   being the intended loss.

10:41:29  19          The actual loss was less than that because of a number

10:41:36  20   of reasons, not the least of which is that the defendants were

10:41:41  21   apprehended before all of the losses and the monies could be

10:41:47  22   paid.

10:41:48  23          In any event, it is quite clear that the state of mind

10:42:00  24   of these defendants has been amply demonstrated throughout the

10:42:07  25   actual trial of this case, by the actual facts that were

10:42:08  1    developed, the statements that were made and given by the

10:42:12  2    defendants to various people when they were spending this money

10:42:16  3    and buying expensive automobiles and renting expensive property

10:42:25  4    and living a very rich lifestyle, to be, that is the intent is

10:42:31  5    indicated clearly to be, that they intended to get as much

10:42:35  6    money as they possibly could from the claims they were

10:42:39  7    submitting.

10:42:42  8         Certainly, we've been referring to U.S. versus Willis

10:42:49  9    and some of the other cases that have talked about this issue.

10:42:52  10   Certainly, it was not the intent of either of the defendants to

10:42:57  11   return a portion of the money if they were paid more than they

10:43:01  12   expected.  Therefore, the objection on the amount of loss is

10:43:08  13   overruled.

10:43:09  14        The Court finds that the record should include and

10:43:19  15   does include the amounts that were objected to about the 404(b)

10:43:26  16   claims and the acquitted conduct and the noncharged conduct

10:43:34  17   that Ms. Kannell objects to upon the basis of the laws that

10:43:40  18   stand in this circuit.

10:43:42  19        The 18-level increase, as recommended by the Probation

10:43:50  20   Officer in calculating the loss at more than $2,500,000, but

10:43:59  21   not more than $7 million, is a reasonable and accurate amount,

10:44:05  22   although the Court finds it was far more than that.  Certainly,

          23   it was an intended loss of greater than $2.5 million.

10:44:12  24        Therefore, the objection is overruled, and the

10:44:17  25   Sentencing Guidelines will be calculated with the 18-level

| | | |
|---|---|---|
| 10:44:29 | 1 | increase as specified in the -- was it an 18-level increase? |
| 10:44:42 | 2 | MR. WATTS-FITZGERALD:  Yes, Your Honor.  18 under |
| 10:44:45 | 3 | 2B1.1(b). |
| 10:44:48 | 4 | THE COURT:  Going to the defendants on the number of |
| 10:44:51 | 5 | victims, the basis for the objection by both defendants is that |
| 10:44:56 | 6 | the number of victims was less than the amount suggested in the |
| 10:45:10 | 7 | PSI, which is 157 victims. |
| 10:45:15 | 8 | The defendants suggest, and of course it's all in the |
| 10:45:21 | 9 | record, that the governmental entities were the victims, and |
| 10:45:24 | 10 | that was fewer than ten. |
| 10:45:27 | 11 | The Court overrules the objection and finds that the |
| 10:45:34 | 12 | actual number of victims who had their identity actually |
| 10:45:43 | 13 | stolen, or were in the process of being stolen, exceeds 600 |
| 10:45:50 | 14 | from the evidence of the notebooks maintained by the Defendant |
| 10:45:54 | 15 | Kannell in her own handwriting, and the books were found in the |
| 10:45:59 | 16 | backseat of her car when they were arrested, the backseat of |
| 10:46:02 | 17 | the Bentley. |
| 10:46:05 | 18 | From the documentary evidence, it's clear that there |
| 10:46:08 | 19 | were hundreds of victims in this case.  Certainly, the |
| 10:46:09 | 20 | objection to the Probation Officer's recommendation of 157 |
| 10:46:12 | 21 | victims is and should be overruled. |
| 10:46:22 | 22 | The objection on sophisticated means, the means and |
| 10:46:33 | 23 | methods necessary to achieve the intended loss in this case, |
| 10:46:37 | 24 | through the use of all of the methods and devices that were |
| 10:46:43 | 25 | used, the multiple bank accounts, multiple alias names, the use |

| | | |
|---|---|---|
| 10:46:50 | 1 | of access devices and fraudulent mail and sophisticated |
| 10:46:55 | 2 | computer work, it's clear that this is a very sophisticated |
| 10:47:00 | 3 | process they used. |
| 10:47:03 | 4 | The use of brick and mortar mail drops scattered |
| 10:47:10 | 5 | around from Texas to the Northeastern United States to Florida |
| 10:47:17 | 6 | where all of this mail could come in and then be covered up and |
| 10:47:21 | 7 | hidden through the use of virtual mailboxes, the acquisition of |
| 10:47:27 | 8 | fraudulent notary stamps so they could notarize their own |
| 10:47:32 | 9 | fraud, it was throughout all of this.  It was a massive |
| 10:47:36 | 10 | sophistication. |
| 10:47:38 | 11 | Counsel have argued and suggested, the defense has |
| 10:47:43 | 12 | properly and legitimately -- I don't fault them for the |
| 10:47:47 | 13 | argument, but this was not a simple use of a computer.  I would |
| 10:47:53 | 14 | doubt very much that any of the lawyers in this room could work |
| 10:47:57 | 15 | the computer to devise this, but they might be able to.  I |
| 10:48:02 | 16 | don't know.  Certainly the Court could not.  A very |
| 10:48:05 | 17 | sophisticated device was used.  The objection is overruled. |
| 10:48:25 | 18 | The Court finds that the guideline range has been |
| 10:48:28 | 19 | accurately and properly computed to be a level 33 with respect |
| 10:48:36 | 20 | to Ms. Kannell and a level 33 with respect to Mr. Harvey, with |
| 10:48:49 | 21 | criminal history categories of 1 as to Ms. Kannell and 3 as to |
| 10:48:58 | 22 | Mr. Harvey. |
| 10:48:59 | 23 | The resulting guideline range is then 135 to 168 |
| 10:49:06 | 24 | months regarding the defendant Ms. Anja Kannell and a guideline |
| 10:49:11 | 25 | range of 168 to 210 months with respect to Mr. Joseph Harvey. |

| | | |
|---|---|---|
| 10:49:25 | 1 | The guideline range now having been adjudicated and |
| 10:49:28 | 2 | determined and fixed, we will turn to a consideration of the |
| 10:49:34 | 3 | application and motion of each of the defendants, I believe |
| 10:49:39 | 4 | each, but certainly Ms. Kannell, for a variance, a downward |
| 10:49:45 | 5 | variance or departure from the guidelines. |
| 10:49:48 | 6 | It is now approximately 10:50.  We'll take a |
| 10:50:02 | 7 | five-minute recess before we move into the second phase of the |
| | 8 | sentencing hearing, and that is the motion for a downward |
| | 9 | departure or variance. |
| 10:50:17 | 10 | I would remind everybody, with respect to the third |
| 10:50:34 | 11 | phase, statements by the defendants, that the defendants have a |
| 10:50:38 | 12 | right to address the Court if they wish to do so.  They're not |
| 10:50:42 | 13 | required to do so, but we need an affirmative statement that |
| 10:50:44 | 14 | they elect to do so or not do so at the time we get to the |
| 10:50:50 | 15 | sentencing phase.  That's the third phase. |
| | 16 | All right, we'll take a five-minute recess. |
| | 17 | [There was a short recess]. |
| 11:02:13 | 18 | COURTROOM DEPUTY:  All rise. |
| 11:02:15 | 19 | THE COURT:  All right.  I know Mr. Spitale filed a |
| 11:02:17 | 20 | motion.  Did you file a motion for a variance, Mr. Smith? |
| 11:02:21 | 21 | MR. SMITH:  I did not file a motion for a variance. |
| 11:02:24 | 22 | We're prepared to argue for a sentence pursuant to the |
| | 23 | guideline objections that we made, Your Honor. |
| 11:02:30 | 24 | THE COURT:  Ms. Kannell asked for a variance under |
| 11:02:33 | 25 | Title 18, Section 3553, based upon the status with her child |

| 11:02:40 | 1 | and the fact that there's no one to care for her child. |
| 11:02:46 | 2 | MR. SPITALE:  Yes, Your Honor, and also the fact that |
| 11:02:48 | 3 | Ms. Kannell is a first-time offender and has not been accused, |
| 11:02:54 | 4 | even by the government, of any type of illegal activity until |
| 11:02:59 | 5 | she was approximately 38 or 39 years old. |

11:03:02   6   She had steadily worked at a job until that time,

11:03:07   7   until she married Mr. Harvey.  I think it's something to

11:03:11   8   consider regarding the -- and the case law has mentioned

11:03:17   9   regarding people in this situation, and in her case she

11:03:21  10   actually has zero criminal history points, that there's a very

11:03:28  11   low likelihood of recidivism, which is one of the factors that

11:03:33  12   the Court can take into consideration regarding 18 U.S.C.

11:03:42  13   3553(a).  We would like to point that out to the Court.

11:03:43  14   Also, as I put in my reply, the fraud guidelines, with

11:03:48  15   all of these enhancements in them, are extremely high.  This is

11:03:54  16   a level 33, which the Court has calculated, which far exceeds

11:03:59  17   some trafficking crimes that are charged as trafficking cocaine

11:04:05  18   or in drugs, controlled substances, some violent crimes, Hobbs

11:04:11  19   Act crimes, which perhaps have a level where people get seven

11:04:17  20   or eight years.

11:04:18  21   Due to all of the inherent enhancements which are part

11:04:23  22   of these fraud guidelines, it makes them very, very severe.

11:04:30  23   Although Your Honor is obviously aware of everything that

11:04:34  24   happened in this case, having sat through the trial, our

11:04:37  25   position is, or what we would want you to consider is that, due

| | | |
|---|---|---|
| 11:04:42 | 1 | to the fact that she had never, ever been in trouble until she |
| 11:04:47 | 2 | was 38, given the fact also that the way these guidelines are |
| 11:04:53 | 3 | calculated, it's a very high amount. |
| 11:04:58 | 4 | As a matter of fact, the government's position is not |
| 11:05:02 | 5 | that she get 135 months, but that she get 168 months.  That, |
| 11:05:08 | 6 | with another two years tacked on for the identity theft, which |
| 11:05:14 | 7 | Your Honor has to sentence her to, would be a sentence of |
| 11:05:16 | 8 | approximately 16 years for a person who's 38 years old and |
| 11:05:23 | 9 | never had committed any type of events prior to that. |
| | 10 | Certainly, it's not like many times the Court sees people who |
| | 11 | have been in a life of crime their whole life. |
| 11:05:29 | 12 | This woman, until she was 38 years old, had a normal |
| 11:05:35 | 13 | job.  I think she was a head cashier at Disney World.  She had |
| 11:05:41 | 14 | a very normal life up to that point.  Things obviously changed, |
| 11:05:45 | 15 | which you're aware of because of the PSI, and these acts |
| 11:05:49 | 16 | occurred between 2008 and 2011. |
| 11:05:52 | 17 | She also, Your Honor, is going to be deported. |
| 11:05:57 | 18 | There's no question about that.  Any fraud that is over $10,000 |
| 11:06:02 | 19 | is considered to be an aggravated felony.  As the Court is |
| 11:06:06 | 20 | aware, she's a native of Germany.  She's not a United States |
| 11:06:11 | 21 | citizen.  So, as a lawful permanent resident, she will be |
| 11:06:19 | 22 | deported at the end of her sentence. |
| 11:06:20 | 23 | I think perhaps most importantly, Your Honor, both |
| 11:06:25 | 24 | husband and wife, both father and mother of this child that's |
| 11:06:28 | 25 | seven years old, Anesha [phonetic], are before the Court today |

| | | |
|---|---|---|
| 11:06:33 | 1 | to be sentenced.  They're both looking at substantial |
| 11:06:37 | 2 | sentences. |
| 11:06:39 | 3 | Let me just point out, none of the people that were |
| 11:06:43 | 4 | mentioned in the PSI of having a relation to Ms. Kannell, |
| 11:06:48 | 5 | either her sister or Mr. Harvey's family, have given one dime |
| 11:06:56 | 6 | for any type of clothing, maintenance, anything for this child |
| 11:07:04 | 7 | up to this point.  They have not been involved.  Prior to the |
| 11:07:09 | 8 | arrest of these people, they were not involved in her life |
| 11:07:14 | 9 | either, and she was approximately six years old. |
| 11:07:19 | 10 | Additionally, Your Honor, they haven't brought Anesha |
| 11:07:25 | 11 | to come see her mother or father during this period of time of |
| 11:07:30 | 12 | them being in pre-trial detention.  There's absolutely been no |
| 11:07:36 | 13 | contact between these people and Ms. Kannell or Mr. Harvey |
| 11:07:38 | 14 | during this period of time. |
| 11:07:40 | 15 | They did not, as the Court is probably aware, didn't |
| 11:07:46 | 16 | stand up and say that they would post any type of bond or even |
| 11:07:50 | 17 | a personal surety bond.  They didn't even show up at the |
| 11:07:55 | 18 | pre-trial detention hearing. |
| 11:07:58 | 19 | These people, although they're raised as some kind of |
| 11:08:03 | 20 | an option for Anesha, had absolutely zero to do with |
| 11:08:09 | 21 | Ms. Kannell or with this child up to this point.  It's very |
| 11:08:14 | 22 | speculative to think that they would take care of this child in |
| 11:08:18 | 23 | the future. |
| 11:08:19 | 24 | I believe that that's a factor the Court can take into |
| 11:08:23 | 25 | consideration.  Both of the parents are charged, and one of |

| | | |
|---|---|---|
| 11:08:27 | 1 | them is going to be looking at an even longer sentence because |
| 11:08:32 | 2 | of his criminal history, Mr. Harvey. |
| 11:08:36 | 3 | As the Court knows, she's going to be deported.  If |
| 11:08:40 | 4 | she's given a sentence of 16 years, this little girl is going |
| 11:08:45 | 5 | to be about 20 years old before she sees her mother again. |
| 11:08:50 | 6 | Those are the types of numbers that we're talking about, Your |
| 11:08:53 | 7 | Honor. |
| 11:08:53 | 8 | Even if she would be taken care of, assuming she was |
| 11:09:00 | 9 | being taken care of by some of these people that are relatives |
| 11:09:04 | 10 | that haven't been involved in her life, it certainly is not the |
| 11:09:07 | 11 | same, Your Honor, as having your mother. |
| 11:09:09 | 12 | We would request that the Court take this into |
| 11:09:13 | 13 | consideration in fashioning a sentence that is necessary to |
| 11:09:16 | 14 | protect the public, but no more than necessary to meet the |
| 11:09:21 | 15 | requirements of 3553. |
| 11:09:23 | 16 | We suggest, Your Honor, that if you give her a |
| 11:09:27 | 17 | combination of a sentence under the guidelines and the 24 |
| 11:09:34 | 18 | months which are mandatory of the aggravated identity theft of |
| 11:09:40 | 19 | around five years, that would accomplish all of the goals of |
| 11:09:44 | 20 | 3553. |
| | 21 | Thank you. |
| 11:09:44 | 22 | THE COURT:  Thank you. |
| 11:09:45 | 23 | Mr. Watts-Fitzgerald? |
| 11:09:50 | 24 | MR. WATTS-FITZGERALD:  Thank you, Your Honor. |
| 11:09:51 | 25 | Your Honor, I responded in docket entry 139 to this |

| | | |
|---|---|---|
| 11:09:56 | 1 | request.  I'm going to just briefly hit a few points because I |
| 11:09:59 | 2 | know the Court reads the pleadings and is familiar with the |
| 11:10:03 | 3 | arguments we make as to why we believe a variance is not |
| 11:10:08 | 4 | appropriate. |
| 11:10:08 | 5 | The defendant engaged in a protracted period of |
| 11:10:12 | 6 | activity.  As we point out, her last legitimate employment was |
| 11:10:15 | 7 | in 2005 as a waitress/cashier up in the Orlando area.  Neither |
| 11:10:23 | 8 | defendant, on all the records we took, including their personal |
| 11:10:28 | 9 | computers and other storage media, show any legitimate income |
| 11:10:33 | 10 | from that date. |
| 11:10:34 | 11 | Yet, they have this young child.  Essentially, that's |
| 11:10:39 | 12 | what the defendant is arguing to you.  I have this child, so |
| 11:10:43 | 13 | give me a break.  I have a child.  Their conduct belies that. |
| 11:10:49 | 14 | These defendants, and the child's mother who now wants a |
| 11:10:53 | 15 | variance, actively failed to shield the child from their |
| 11:10:58 | 16 | criminal conduct. |
| 11:10:59 | 17 | Indeed, one could fairly conclude from the manner in |
| 11:11:02 | 18 | which the trial was held, brought the child to various criminal |
| 11:11:05 | 19 | activities and enterprises.  I mentioned earlier the purchase |
| 11:11:09 | 20 | of the Mercedes up in the Orlando area.  There was the purchase |
| 11:11:14 | 21 | of the jewelry here in South Florida.  They brought the child |
| 11:11:18 | 22 | along and readily exhibited her to people during which they |
| 11:11:22 | 23 | were using false identities. |
| 11:11:24 | 24 | The husband is claiming to be somebody else.  The wife |
| 11:11:28 | 25 | is going along with it, not stopping it, and the child is old |

| | | |
|---|---|---|
| 11:11:36 | 1 | enough to understand this.  It's not a baby in her arms.  A |
| 11:11:37 | 2 | young child, but certainly of age to understand that something |
| 11:11:38 | 3 | really strange is going on. |
| 11:11:39 | 4 | They whisked the child from place to place, kept her |
| 11:11:44 | 5 | out of school, isolated her, essentially, from a normal |
| 11:11:48 | 6 | childhood that one would expect a five, six, seven-year-old to |
| 11:11:53 | 7 | be involved in. |
| 11:11:56 | 8 | The family decided not to put up bond.  It appears |
| 11:12:01 | 9 | that the two defendants collectively isolated themselves from |
| 11:12:06 | 10 | the family over the years of their activity, and if not, one |
| 11:12:09 | 11 | could readily understand why Mr. Harvey's family would not jump |
| 11:12:13 | 12 | into the breach in a matter like this given his history with |
| 11:12:17 | 13 | the family.  He stole his own brother's identity.  It's right |
| 11:12:20 | 14 | in the PSR.  He masqueraded as his brother to evade being held |
| 11:12:25 | 15 | accountable for some of his earlier conduct. |
| 11:12:28 | 16 | I think the current state of affairs, whether the |
| 11:12:32 | 17 | child is not brought to visit because of a decision by the |
| 11:12:37 | 18 | defendants not to be seen in the current circumstances by the |
| 11:12:40 | 19 | child, and that's probably the best reading one could put on |
| 11:12:45 | 20 | it, or someone else has made the decision that the child's |
| 11:12:50 | 21 | welfare is best served not subjecting her to that, that vision, |
| | 22 | is really not an issue before the Court. |
| 11:12:55 | 23 | The defendant's conduct is what pervades the criminal |
| 11:12:59 | 24 | activity.  It's her handwriting in Exhibits 98 through 106. |
| 11:13:05 | 25 | It's her personal family keepsakes that are co-stored in a |

| | | |
|---|---|---|
| 11:13:10 | 1 | storage facility with the counterfeit or the illegally secured |
| 11:13:14 | 2 | debit cards from the State of Louisiana.  Her own wallet holds |
| 11:13:23 | 3 | some of the cards that are derived from the criminal conduct. |
| 11:13:28 | 4 | It's one thing after another.  She makes in excess of |
| 11:13:32 | 5 | 100 calls to the GCCF in one identity alone.  She shares |
| 11:13:37 | 6 | identities with her husband to make such calls to further the |
| 11:13:41 | 7 | criminal conduct.  This is not a case where the defendant was |
| 11:13:44 | 8 | peripherally involved.  She had seven years to extract herself |
| 11:13:50 | 9 | from this. |
| 11:13:50 | 10 | Accordingly, Your Honor, we do not see aberrant |
| 11:13:55 | 11 | behavior.  We don't see casual behavior.  Both for this |
| 11:13:57 | 12 | defendant, and as part of the factors addressing general |
| 11:14:01 | 13 | deterrence, we believe a variance is unwarranted under the law. |
| 11:14:06 | 14 | THE COURT:  Thank you. |
| 11:14:07 | 15 | Briefly, Mr. Spitale, anything else? |
| 11:14:10 | 16 | MR. SPITALE:  Nothing else, Your Honor. |
| 11:14:11 | 17 | THE COURT:  Ruling then upon the application for a |
| 11:14:15 | 18 | variance from the Sentencing Guidelines, the Court has |
| 11:14:21 | 19 | considered the various elements raised and suggested that the |
| 11:14:29 | 20 | Court must consider, and considering Title 18, Section 3553, |
| 11:14:35 | 21 | and concludes that the application, the motion for a variance |
| 11:14:40 | 22 | should be denied. |
| 11:14:43 | 23 | The seriousness of the offense outweighs the issues |
| 11:14:49 | 24 | that have been suggested by the defense counsel as being |
| 11:14:54 | 25 | mitigating factors that should counterbalance the seriousness |

| | | |
|---|---|---|
| 11:14:59 | 1 | of the offense and the respect for the law and to reach a just |
| 11:15:04 | 2 | punishment. |
| 11:15:06 | 3 | But the need for deterrence, the need to protect the |
| 11:15:11 | 4 | public, the nature of the offense, all of these things would |
| 11:15:16 | 5 | far outweigh, regrettably, the history of the defendant of no |
| 11:15:22 | 6 | criminal conduct up to the point that she embarked on this |
| 11:15:27 | 7 | career in crime. |
| 11:15:29 | 8 | The family circumstances, which are not unusual, are |
| 11:15:33 | 9 | present in almost every case that we have.  Children are always |
| 11:15:38 | 10 | the innocent victims. |
| 11:15:39 | 11 | The motion must be, and it is, denied.  The Court will |
| 11:15:44 | 12 | fashion a sentence that is sufficient, but not greater than |
| 11:15:49 | 13 | necessary to achieve the sentencing goals as set forth in Title |
| 11:15:55 | 14 | 18 U.S.C., Section 3553(a). |
| 11:15:59 | 15 | At this time, we will hear from counsel.  We'll move |
| 11:16:07 | 16 | now to the third phase of the sentencing hearing, that is what |
| 11:16:10 | 17 | the sentence should be.  The Court intends to sentence within |
| 11:16:17 | 18 | the guideline range; therefore, we'll hear from counsel. |
| 11:16:23 | 19 | Mr. Smith? |
| 11:16:25 | 20 | MR. SMITH:  Your Honor, thank you. |
| 11:16:33 | 21 | On behalf of Mr. Harvey, Your Honor, we are requesting |
| 11:16:38 | 22 | a sentence of 84 months pursuant to Section 3553.  This is not |
| 11:16:44 | 23 | a number I pulled out of thin air.  Let me just describe very |
| 11:16:49 | 24 | briefly to the Court my methodology on this number. |
| 11:16:53 | 25 | We filed objections with the Court to the PSI, which, |

| | |
|---|---|
| 11:16:56 | 1 |
| 11:17:00 | 2 |
| 11:17:05 | 3 |

11:16:56  1  if granted, would have resulted in a level 23, criminal offense
11:17:00  2  category of 3, with a guidelines range of 57 to 71 months with
11:17:05  3  a consecutive 24-month sentence for Counts 23, 24, 25, and 41.
11:17:14  4       Those objections were obviously denied by the Court.
11:17:17  5  Therefore, we will now request the sentence through Section
11:17:22  6  3553 of 84 months, which would constitute 60 months as to
11:17:29  7  Counts 1 through 22 and 26 through 40, and a consecutive 24
11:17:34  8  months as to Counts 23, 24, 25, and 41 for a total of 84
11:17:40  9  months.  Obviously, the reasons behind this are already argued
11:17:47  10 and described in our objections.
11:17:49  11      The only thing I will add at this time to that is we
11:17:49  12 described, in our PSI objections, the defendant's health
11:17:53  13 problems.  I will simply outline those for the Court.
11:17:58  14 Mr. Harvey has a heart condition, which results in his heart
11:18:02  15 functioning at 40 percent of a normal person's heart.
11:18:08  16      He has Type 2 Diabetes, congestive heart failure,
11:18:11  17 hyperthyroidism, and high blood pressure, all of which will be
11:18:18  18 dealt with, if the Court does impose a guidelines sentence upon
11:18:20  19 Mr. Harvey for a long term, within the Bureau of Prisons, and
11:18:25  20 that is one of the reasons we ask for that, Your Honor.
11:18:25  21      He would also like to address the Court.  I have
11:18:28  22 nothing more to say at this time, Your Honor.
11:18:30  23      THE COURT:  All right.  He may stand where he is and
11:18:34  24 make his statement.  Mr. Smith, you may help him.
11:18:41  25      MR. SMITH:  Thank you, Your Honor.

| | | |
|---|---|---|
| 11:18:47 | 1 | THE DEFENDANT:  I would like to apologize to Your |
| 11:18:53 | 2 | Honor and the Court.  I apologize to the prosecution for the |
| 11:18:57 | 3 | trouble and the money that everybody spent on this case.  I |
| 11:19:02 | 4 | accept responsibility that I did, you know, this situation. |
| 11:19:08 | 5 | You know, I just hope the Court has mercy on me and my |
| 11:19:14 | 6 | wife.  I also would like to thank my attorney for all of his |
| 11:19:19 | 7 | work that he put in.  I just wanted to say one quick thing, if |
| 11:19:26 | 8 | possible, about what Mr. Watts-Fitzgerald said about the family |
| 11:19:31 | 9 | situation. |
| 11:19:31 | 10 | I noticed that on Broward County, the records website, |
| 11:19:45 | 11 | there were some tickets from Hollywood, Florida.  I know one of |
| 11:19:52 | 12 | my brothers lives in Hollywood, Florida.  He used to work in |
| 11:19:57 | 13 | Hollywood, Florida.  He used to live there.  I see these |
| 11:20:00 | 14 | tickets for riding a bike without a headlight.  I haven't |
| 11:20:06 | 15 | ridden a bike since I was about 13 years old, so I |
| 11:20:11 | 16 | investigated.  I couldn't really find anything out at the time. |
| 11:20:16 | 17 | Yesterday, my lawyer came back, and I was telling him, |
| 11:20:21 | 18 | after I was looking at the PSI in paragraph 62 and paragraph 57 |
| 11:20:29 | 19 | about the criminal history, one charge, in paragraph 57, |
| 11:20:37 | 20 | occurred 4/5/95 for license suspended and personal injury |
| 11:20:46 | 21 | protection. |
| 11:20:48 | 22 | Another, I guess that was for an arrest on 4/5/95. |
| 11:20:55 | 23 | Paragraph 62 of the PSI is another arrest on the same |
| 11:21:01 | 24 | date, 4/5/95, for a battery charge in Fort Lauderdale. |
| 11:21:10 | 25 | The arrest in paragraph 57 in the PSI is from |

| | |
|---|---|
| 11:21:15 | 1 |
| 11:21:23 | 2 |
| 11:21:28 | 3 |

11:21:15   1   Plantation.  I know that wasn't me.  You know, it would have

11:21:23   2   been hard to be in two cities at one time and gotten arrested

11:21:28   3   twice on the same day.

11:21:30   4          So I say that to explain my family situation.  My

11:21:36   5   brother, I found out since I've been in here, he's an attorney

11:21:42   6   for the Broward County School Board.  I see in the PSI where it

11:21:50   7   says -- when the Probation Officer called and asked him for a

11:21:54   8   statement, he said that I had used one of my brother's

11:21:58   9   identification.

11:22:00   10   Well, this is the same brother here that obviously did

11:22:05   11   this battery and the license suspended situation, because the

11:22:11   12   tickets that I saw on Broward County records was in my name for

11:22:22   13   a bike.

11:22:25   14          My brother, according to the PSI, my brother that's

11:22:31   15   the attorney, called the I.D. Theft Unit for Broward County and

11:22:39   16   worked with them to get that off the one brother that he was

11:22:48   17   representing and put it all on me.

11:22:52   18          THE COURT:  Mr. Smith, these two things he's talking

11:22:57   19   about, are they what raised the level under the criminal

11:23:02   20   history category from 1 to 3?

11:23:05   21          MR. SMITH:  No, Your Honor, there are no points for

11:23:08   22   either one.

11:23:09   23          THE COURT:  All right.  I thought that if I accepted

11:23:13   24   his explanation of that, which I'm prepared to do, I see no

11:23:16   25   reason why he would --

```
11:23:20    1              THE DEFENDANT:  No, sir, it's just that --
11:23:23    2              THE COURT:  I'm trying to rule in your favor.  I'm
11:23:26    3    trying to find out from Mr. Smith and Mr. Watts-Fitzgerald if
11:23:31    4    it makes any change in the criminal history category or the
11:23:33    5    point calculation of 168 to 210 months.
11:23:36    6              Does it, Mr. Smith?
11:23:38    7              MR. SMITH:  No, Your Honor.  There were no points for
11:23:41    8    either one, so it would not affect his criminal history
11:23:46    9    category.
11:23:47   10              THE COURT:  Mr. Harvey, I did not mean to interrupt
11:23:50   11    you.  I am going to disregard that.  I'm going to accept your
11:23:57   12    statement of that, and I'm going to ask the Probation Officer
11:24:04   13    to make a small correction in the PSI to say that this is in
11:24:09   14    doubt and the Court has rejected it or just leave it out.
11:24:14   15    Let's just leave out those three things.
11:24:16   16              Do you know what we're talking about, ma'am?  Well,
11:24:20   17    Mr. Smith can give you a written note of it.  You'll do that,
11:24:23   18    won't you, Mr. Smith?
11:24:25   19              MR. SMITH:  Yes, Your Honor.
11:24:27   20              THE COURT:  Mr. Harvey, anything else?  I'm accepting
11:24:30   21    that.  Is there anything else you want to say?
11:24:35   22              THE DEFENDANT:  Can I say just a little bit more about
11:24:40   23    that, or is that it?
11:24:42   24              THE COURT:  Well, if you want me to change my mind,
11:24:49   25    keep going.  I'm ruling with you.  I don't know how could you
```

11:24:55   1   get any better.

11:24:57   2           THE DEFENDANT:  Also, I guess it would be evident to

11:25:02   3   look at the evidence of the crime and see that I had all of the

11:25:07   4   evidence against me.  My wife only did what I, you know, what I

11:25:16   5   informed her to do.  She knew nothing about this.  She knew

11:25:24   6   nothing about any of this.

11:25:26   7           I knew about this and, you know, she didn't know.  She

11:25:33   8   listened to what I said, I guess.  She had very little

11:25:37   9   involvement.  She did have some involvement, but it was not

11:25:42  10   like my involvement.

11:25:47  11           You know, as far as my family taking my daughter,

11:25:51  12   that's why I was saying that other thing.  I'm estranged from

11:26:02  13   them.  My brother put that on my record that I did those

11:26:07  14   things.  I never had a bike.  I never lived in Hollywood.  So

          15   he said that, you know.

11:26:24  16           THE COURT:  Thank you.

11:26:26  17           Anything further, Mr. Smith?

11:26:28  18           MR. SMITH:  No, Your Honor, thank you.

11:26:31  19           THE COURT:  We'll go to Mr. Spitale.

11:26:33  20           MR. SPITALE:  Yes, Your Honor.  May I stand here?

11:26:36  21           THE COURT:  Of course.

11:26:37  22           MR. SPITALE:  Thank you.

11:26:39  23           Based on your ruling, Your Honor, the guideline range

11:26:43  24   is 135 to 168 for Ms. Kannell.  We would strongly urge the

11:26:49  25   Court to sentence her at the low end of the guidelines, the

| | | |
|---|---|---|
| 11:26:53 | 1 | 135. |
| 11:26:54 | 2 | The Court also has to give her an additional 24 months |
| 11:26:57 | 3 | because of the aggravated identity theft statute, which would |
| 11:27:02 | 4 | be a total, according to my calculations, 159 months, which is |
| 11:27:07 | 5 | approximately 13 years. |
| 11:27:10 | 6 | I suggest, Your Honor, that that's sufficient to meet |
| 11:27:13 | 7 | all of the criteria of 18 U.S.C. 3553, which the Court |
| 11:27:18 | 8 | discussed prior to or just discussed, and it's not necessary to |
| 11:27:30 | 9 | go to the high end of the guidelines, given her participation |
| 11:27:36 | 10 | in this and just given the length of the sentence. |
| 11:27:39 | 11 | Ms. Kannell asked me whether she could say something. |
| 11:27:45 | 12 | THE COURT:  Of course. |
| 11:27:47 | 13 | THE DEFENDANT:  I too would like to apologize for the |
| 11:27:52 | 14 | trouble that we've caused the Court, the government, the |
| 11:27:57 | 15 | American people, really, because a lot of people suffered. |
| 11:27:59 | 16 | I do want to ask for -- I want to comment on a few |
| 11:28:07 | 17 | things the government mentioned about us isolating our |
| 11:28:12 | 18 | daughter.  At six years old, she was 4'6, weighed 75 pounds. |
| 11:28:18 | 19 | She got teased in school, so we took her out because she had |
| 11:28:20 | 20 | bellyaches.  She was crying every day, didn't want to go to |
| 11:28:22 | 21 | school. |
| 11:28:22 | 22 | I too was teased in school.  So was my husband.  We |
| 11:28:27 | 23 | know the scars.  They say we were isolating her.  That's just |
| 11:28:37 | 24 | wrong.  We were just merely protecting her from those scars.  I |
| 11:28:43 | 25 | still find myself today suffering. |

11:28:46   1          But to have one year to go without seeing your child

11:28:51   2   because they live four hours away in Kissimmee -- the lady that

11:28:59   3   has her, she's 71 years old now.  She has no blood relation to

11:29:08   4   this little girl.  She's nice enough to take care of her, put

11:29:11   5   her in school, and doing all that she can, and I can't expect

11:29:14   6   her to bring her to see us four hours each way.

11:29:18   7          It's been very hard, Your Honor, to be without my

11:29:24   8   child.  I was home-schooling her.  She was reading.  She was

11:29:37   9   writing.  She was doing everything that she was supposed to do.

11:29:41  10   The teacher that evaluated her, she was impressed with her

11:29:46  11   writing.

11:29:47  12          Now I'm getting e-mails that say she's not reading.

11:29:52  13   She doesn't want to read.  She doesn't want to write.  I know

11:29:58  14   I'm guilty.  My daughter is not.  She has never done anything

11:30:04  15   to anyone.  I don't know why she should suffer because of the

11:30:10  16   decision that we made.  I just pray that you will be merciful

11:30:15  17   to us, and again, I do want to apologize.

11:30:21  18          Thank you.

11:30:27  19          THE COURT:  Mr. Watts-Fitzgerald, for the government?

11:30:31  20          MR. WATTS-FITZGERALD:  Your Honor, having covered our

11:30:33  21   recommendations in my pleading, I'm not going to go beyond that

11:30:38  22   other than to simply say, as the Court noted, family members

11:30:43  23   always suffer some of the consequences of a sentencing.

11:30:46  24          It is an unfortunate artifact of any judicial system

11:30:51  25   to hold accountable those who are accountable, and there will

| 11:30:57 | 1 | be collateral consequences for others, collateral consequences |
| 11:31:01 | 2 | that clearly the perpetrators and responsible parties never |
| 11:31:06 | 3 | bother to consider when they go into their offense. |
| 11:31:10 | 4 | Beyond that, Your Honor, the government would rely on |
| 11:31:13 | 5 | the sound discretion of the Court to fashion a sentence within |
| 11:31:18 | 6 | the guideline range for each of the defendants. |
| 11:31:21 | 7 | THE COURT:  Thank you very much, Mr. Watts-Fitzgerald. |
| 11:31:23 | 8 | Each of the defendants, if they wish, may rebut |
| 11:31:28 | 9 | anything that he said.  I suppose there's nothing. |
| 11:31:32 | 10 | MR. SPITALE:  Nothing, Your Honor. |
| 11:31:34 | 11 | THE COURT:  All right.  Mr. Spitale, you and your |
| 11:31:37 | 12 | client can stand right there.  Ms. Kannell, you will stand. |
| 11:31:43 | 13 | Anja Karin Kannell, it's the determination and |
| 11:31:49 | 14 | judgment of the Court that you will not be able to pay a fine |
| 11:31:52 | 15 | as well as the restitution that will be ordered; therefore, no |
| 11:31:57 | 16 | fine is imposed. |
| 11:31:59 | 17 | It's the judgment of the Court that you be committed |
| 11:32:01 | 18 | to the Bureau of Prisons to be imprisoned at the low end of the |
| 11:32:05 | 19 | guideline range for 159 months. |
| 11:32:07 | 20 | 159 months consists of 135 months as to each of Counts |
| 11:32:13 | 21 | 1 through 5, 8, 9 through 14, 26 through 31, and 35 through 40, |
| 11:32:25 | 22 | and 120 months as to each of Counts 16 through 21 to be served |
| 11:32:31 | 23 | concurrently with each other, and 24 months as to Count 23 to |
| 11:32:38 | 24 | run consecutive to Counts 1 through 5, 8, 9 through 14, 26 |
| 11:32:47 | 25 | through 31, and 35 through 40, and 24 months as to each of |

| 11:32:53 | 1 | Counts 24, 25, 41 to run concurrently with each other and |
| 11:33:00 | 2 | concurrently with Count 23 to run consecutive to Counts 1 |
| 11:33:05 | 3 | through 5, 8, 9 through 14, 26 through 31, and 35 through 40. |
| 11:33:12 | 4 | With respect to restitution, pursuant to Title 18 U.S. |
| 11:33:16 | 5 | Code, 3664(d)(5), the victims' losses are not yet |
| 11:33:26 | 6 | ascertainable.  Therefore, the Court shall set a date for final |
| 11:33:30 | 7 | determination of the losses within 90 days of this date. |
| 11:33:36 | 8 | PROBATION OFFICER:  Your Honor, we have the |
| 11:33:38 | 9 | restitution amount. |
| 11:33:43 | 10 | THE COURT:  I can't hear you.  Speak into a |
| 11:33:47 | 11 | microphone. |
| 11:33:50 | 12 | PROBATION OFFICER:  As to Ms. Kannell, the total |
| 11:33:52 | 13 | amount is $391,226.38.  That does not include -- |
| 11:33:59 | 14 | THE COURT:  What are you telling me now?  You're |
| 11:34:02 | 15 | telling me that the victims have all been -- that's all |
| 11:34:06 | 16 | restitution? |
| 11:34:07 | 17 | PROBATION OFFICER:  That's the -- |
| 11:34:21 | 18 | THE COURT:  Speak into the microphone. |
| 11:34:21 | 19 | You told me in here you can't ascertain the |
| 11:34:27 | 20 | restitution at this time, so what are you dictating into the |
|  | 21 | record? |
| 11:34:29 | 22 | PROBATION OFFICER:  Restitution is $391,226.38. |
| 11:34:35 | 23 | THE COURT:  So we don't need a victim restitution |
| 11:34:37 | 24 | hearing; is that what you're saying? |
| 11:34:40 | 25 | PROBATION OFFICER:  That's correct, Your Honor. |

| | | |
|---|---|---|
| 11:34:42 | 1 | THE COURT:  Are you satisfied with that amount, |
| 11:34:44 | 2 | Mr. Watts-Fitzgerald? |
| 11:34:45 | 3 | MR. WATTS-FITZGERALD:  Yes, Your Honor.  That extracts |
| 11:34:49 | 4 | out -- |
| 11:34:51 | 5 | THE COURT:  If everybody is satisfied with that |
| 11:34:53 | 6 | amount, all right. |
| 11:34:54 | 7 | Any objection to that?  If it needs modification, the |
| 11:34:59 | 8 | defense can file a motion later on.  The total amount you just |
| 11:35:05 | 9 | dictated is what? |
| 11:35:08 | 10 | PROBATION OFFICER:  $391,226.38. |
| 11:35:13 | 11 | THE COURT:  The Court finds that that is the amount of |
| 11:35:16 | 12 | restitution.  Now, it shall be paid in accordance with the |
| 11:35:28 | 13 | procedure set forth in the Probation report in pages 2 and 3. |
| 11:35:40 | 14 | While in custody, it shall be paid, an amount that is |
| 11:35:51 | 15 | joint and several with the defendant Joseph Harvey, in the |
| 11:35:57 | 16 | manner which is set forth in the recommendation of the |
| 11:36:01 | 17 | Probation Office at page 2.  There are three or four paragraphs |
| 11:36:06 | 18 | there. |
| 11:36:07 | 19 | Upon release, it should be paid in accordance with the |
| 11:36:11 | 20 | same report. |
| | 21 | There's no need to read all that into record.  It's a |
| 11:36:18 | 22 | long recitation.  I incorporate by reference into this order, |
| 11:36:21 | 23 | and it should be incorporated into the judgment and commitment, |
| 11:36:26 | 24 | the method of payment while in custody and after release. |
| 11:36:29 | 25 | The restitution, of course, is ordered forwarded by |

11:36:35   1   the Clerk of Court to the victims.

11:36:38   2         Upon release, it's further ordered that you shall

11:36:40   3   serve supervised release for a term of two years.  The term

11:36:45   4   consists of two years as to each of Counts 1 through 5, 8, 9

11:36:51   5   through 14, 16 through 21, 26 through 31, 35 to 40, and one

11:36:58   6   year as to Counts 23, 24, 25, and 41, all to run concurrently.

11:37:05   7   The total is two years.

11:37:07   8         You shall report within 72 hours of release from

11:37:13   9   imprisonment to the Probation Office in the district where you

11:37:17   10  are released.

11:37:19   11        While on supervised release, you shall not commit any

11:37:21   12  other crimes.  You're prohibited from possessing a firearm or

11:37:26   13  any dangerous device or any controlled substance.  You shall

11:37:31   14  cooperate in the collection of DNA and comply with the standard

11:37:35   15  conditions of supervised release, including surrender to

11:37:38   16  Immigration for removal after imprisonment, financial

11:37:41   17  disclosure requirement as set forth in the PSI, no new debt

11:37:46   18  restriction, self-employment restriction, all as noted in Part

11:37:50   19  G of the pre-sentence investigation report.

11:37:52   20        The defendant shall immediately pay the sum mandated

11:37:56   21  by Congress, $100 as to each count, for a total of $3,400 for

11:38:02   22  the counts upon which you were convicted.

11:38:05   23        Total sentence:  159 months in the Bureau of Prisons,

11:38:08   24  restitution in the amount that was just dictated into the

11:38:14   25  record, two years of supervised release upon your release from

| | | |
|---|---|---|
| 11:38:20 | 1 | prison, and $3,400 in special assessment. |
| 11:38:26 | 2 | The right, title, and interest in the property |
| 11:38:28 | 3 | identified in the preliminary orders of forfeiture are |
| 11:38:35 | 4 | incorporated by reference herein and are hereby forfeited. |
| 11:38:49 | 5 | The preliminary order of forfeiture was entered by the |
| 11:38:52 | 6 | Court on July 26th, 2012, docket entry 120, and August 13th, |
| 11:38:58 | 7 | docket entry 129, as well as a personal money judgment.  That |
| 11:39:04 | 8 | amount says $441,226.38. |
| 11:39:10 | 9 | Is that different from the amount that you all have, |
| 11:39:12 | 10 | or is that the correct amount? |
| 11:39:15 | 11 | MR. WATTS-FITZGERALD:  That is the correct amount, |
| 11:39:16 | 12 | Your Honor. |
| 11:39:17 | 13 | THE COURT:  It is so ordered.  It's entered against |
| 11:39:20 | 14 | each of the defendants in favor of the United States.  It will |
| 11:39:24 | 15 | be incorporated into the judgment and commitment. |
| 11:39:27 | 16 | You are advised that you have a right to appeal from |
| 11:39:30 | 17 | this within 14 days.  If you cannot afford a lawyer, one will |
| 11:39:33 | 18 | be appointed for you. |
| 11:39:36 | 19 | Under U.S. versus Jones, is there any objection, other |
| 11:39:39 | 20 | than what you've already fully articulated and fully protected |
| 11:39:45 | 21 | in the record, you don't have to repeat that, anything new |
| 11:39:49 | 22 | under U.S. versus Jones by way of objection to the sentence or |
| 11:39:54 | 23 | the manner in which it was pronounced? |
| 11:39:58 | 24 | MR. SPITALE:  Nothing new, Your Honor. |
| | 25 | THE COURT:  Government? |

| 11:40:00 | 1 | MR. WATTS-FITZGERALD:  No, Your Honor. |

11:40:00   1                MR. WATTS-FITZGERALD:  No, Your Honor.

11:40:02   2                THE COURT:  Let's deal with Mr. Harvey.

11:40:06   3                Mr. Harvey, I'm going to impose the same sentence.

11:40:09   4     Everything that you just heard, you get same sentence of 159

11:40:15   5     months.  159.

11:40:17   6                It will be with a finding that no fine is imposed

11:40:22   7     given the restitution that is herein ordered, and the remand to

11:40:27   8     custody is to the Bureau of Prisons for 192 months to be on

11:40:35   9     each of counts -- can I use the same counts as we did in the

11:40:43   10    other one?  Do they fit within the maximum and minimum?

11:40:48   11               PROBATION OFFICER:  The restitution amount for

11:40:49   12    Mr. Harvey is more.  It's $441,226.38.

11:40:53   13               THE COURT:  That is corrected.  The order on

11:40:55   14    restitution is for that amount.

11:40:57   15               All of these counts, if I impose the same 159 months,

11:41:07   16    can they be imposed on the same counts, or do the counts differ

11:41:13   17    here?  I suppose they're different because he was convicted of

11:41:18   18    six more.  Thank you.  I've answered my own question.

11:41:21   19               The 159 months consists of 159 months as to each of

11:41:35   20    Counts 1 through 7 -- I want you to follow this carefully, all

11:41:42   21    of you -- 9 through 15, 26 through 40, and 120 months as to

11:41:49   22    each of Counts 16 through 22 to be served concurrently with

11:41:57   23    each other, and 24 months as to Count 23 to run consecutive to

11:42:02   24    Counts 1 through 7, 9 through 15, 16 through 22, and 26 through

11:42:09   25    40, and 24 months as to each of Counts 24, 25, and 41 to run

| | | |
|---|---|---|
| 11:42:16 | 1 | concurrently with each other and concurrently with Count 23 and |
| 11:42:23 | 2 | consecutive to Counts 1 through 7, 9 through 15, 16 through 22, |
| 11:42:28 | 3 | and 26 through 40. |
| 11:42:32 | 4 | The amount of forfeiture is ordered in the amount that |
| 11:42:39 | 5 | the Probation Officer just recited into the record of |
| 11:42:49 | 6 | $441,226.38.  This shall paid in accordance with the procedures |
| 11:43:00 | 7 | set forth in the Probation report.  It's on page 2. |
| 11:43:04 | 8 | The special assessment of $4,000 on the counts to |
| 11:43:09 | 9 | which -- $100 per count -- for each of the counts for which he |
| | 10 | was convicted. |
| 11:43:14 | 11 | Total sentence:  159 months, restitution in the order |
| 11:43:20 | 12 | of $441,226.38, and the supervised release is herewith imposed |
| 11:43:31 | 13 | of five years on the respective counts to which you've been |
| 11:43:41 | 14 | convicted. |
| 11:43:41 | 15 | The specific counts referenced is contained in the |
| 11:43:48 | 16 | PSI.  It's to each of the counts that are outlined therein. |
| 11:44:00 | 17 | Five years on each of the Counts 1 through 7, 9 through 15, 26 |
| 11:44:06 | 18 | through 40, and three years as to Counts 16 through 22, one |
| 11:44:11 | 19 | year as to Counts 23, 24, 25, and 41, all to run concurrently |
| 11:44:19 | 20 | for a total of five years. |
| 11:44:21 | 21 | While you're on supervised release, you shall report |
| 11:44:24 | 22 | in person to the Probation Office in the district where you are |
| 11:44:28 | 23 | released. |
| 11:44:28 | 24 | While on supervised release, you shall not commit any |
| 11:44:31 | 25 | other crimes.  You are prohibited from possessing a firearm or |

| | | |
|---|---|---|
| 11:44:35 | 1 | dangerous device or any controlled substance.  You must |
| 11:44:41 | 2 | cooperate in the collection of DNA and comply with all the |
| 11:44:42 | 3 | standard conditions of supervised release, including substance |
| 11:44:45 | 4 | abuse treatment, financial disclosure, no new debt restriction, |
| 11:44:49 | 5 | and self-employment restriction as noted in Part G. |
| 11:44:54 | 6 | The payment of the $4,000 for $100 on each count is |
| 11:44:58 | 7 | herewith ordered. |
| 11:44:59 | 8 | Total sentence:  159 months Bureau of Prisons, five |
| 11:45:01 | 9 | years supervised release, $4,000 special assessment. |
| 11:45:04 | 10 | You're advised that you have a right to appeal from |
| 11:45:07 | 11 | the sentence that's herewith imposed.  You must do so within 14 |
| 11:45:12 | 12 | days.  If you cannot afford a lawyer, one will be appointed for |
| | 13 | you. |
| 11:45:14 | 14 | Yes, ma'am? |
| 11:45:15 | 15 | PROBATION OFFICER:  Your Honor, just for my |
| 11:45:17 | 16 | clarification, the total sentence is 159? |
| 11:45:21 | 17 | THE COURT:  Exactly. |
| 11:45:22 | 18 | PROBATION OFFICER:  So that would mean that for Counts |
| 11:45:23 | 19 | 1 through 7, 9 through 15, and 26 through 40 that would be 135 |
| 11:45:32 | 20 | months? |
| 11:45:34 | 21 | THE COURT:  Yes, you are accurate, and my sentence |
| 11:45:39 | 22 | pronounced is modified.  The balance is consecutive to those |
| 11:45:43 | 23 | counts, which brings it to 159 months. |
| 11:45:48 | 24 | Now, you have a motion about the place of confinement, |
| 11:45:52 | 25 | Mr. Spitale? |

| | | |
|---|---|---|
| 11:45:53 | 1 | MR. SPITALE:  Yes, Your Honor.  My client would |
| 11:45:55 | 2 | request that you recommend that she be housed in Koleman, which |
| | 3 | is in the Orlando, Florida area. |
| 11:46:00 | 4 | THE COURT:  Motion without objection is granted. |
| 11:46:02 | 5 | What else? |
| 11:46:04 | 6 | MR. SPITALE:  I just want to mention she was given |
| 11:46:05 | 7 | supervised release.  I do believe she's going to be deported. |
| 11:46:10 | 8 | THE COURT:  Once she is deported, she will not be |
| 11:46:15 | 9 | making the monthly reporting requirements.  She's not |
| 11:46:19 | 10 | supervised if she's outside the country.  If she's in the |
| 11:46:24 | 11 | country, it is supervised release. |
| 11:46:27 | 12 | Mr. Smith? |
| 11:46:28 | 13 | MR. SMITH:  Your Honor, we'll ask for the same |
| 11:46:30 | 14 | placement so they can be as close together as possible. |
| 11:46:34 | 15 | We have no other requests. |
| 11:46:36 | 16 | THE COURT:  Mr. Watts-Fitzgerald? |
| 11:46:40 | 17 | MR. WATTS-FITZGERALD:  No objection, Your Honor. |
| 11:46:42 | 18 | THE COURT:  The motion is granted.  I'll recommend |
| 11:46:45 | 19 | Koleman as a place of incarceration. |
| 11:46:49 | 20 | The defendants are remanded into the custody of the |
| 11:46:57 | 21 | United States Marshals. |
| 11:47:03 | 22 | [Proceedings were concluded at 11:45 a.m.] |
| | 23 | |
| | 24 | |
| | 25 | |

1                    C E R T I F I C A T E

2          I hereby certify that the foregoing is an accurate

3   transcription of proceedings in the above-entitled matter.

4

5

6

7

8

9

10                          /S/  ROBIN MARIE DISPENZIERI

    _____     _____
11     DATE FILED          ROBIN MARIE DISPENZIERI, RPR
                           Official Federal Court Reporter
12                         United States District Court
                           Wilkie D. Ferguson, Jr., Courthouse
13                         400 N. Miami Avenue, Ste. 8S67
                           Miami, FL  33128 - 305/523-5659
14                         Email:  Rdispenzieri@gmail.com

15

16

17

18

19

20

21

22

23

24

25

**A**

Aaron 29:10,10 38:5
aberrant 50:10
able 8:15 29:7 30:21 42:15 59:14
about 4:2 13:18,23 14:10 16:18 17:16
  20:1 24:5 25:2,15,17 30:3 31:1
  33:20 34:14,21 35:5,10,15,20,24
  36:1,7,9,10 38:9 40:9,15 45:18 47:5
  47:6 53:8,8,15,19 54:19 55:16,22
  56:5,6,7 57:17 66:24
above-entitled 68:3
Abraham 1:15 3:10
absolutely 46:12,20
abuse 66:4
accept 9:9 53:4 55:11
accepted 54:23
accepting 55:20
access 42:1
accessing 32:4
accomplish 47:19
accordance 61:12,19 65:6
according 7:21 12:24 14:15 15:2 16:4
  36:14 54:14 57:4
Accordingly 50:10
accountable 15:5 24:15 49:15 58:25
  58:25
Accountant 6:11
accounts 28:13 32:2,6 41:25
accurate 40:21 66:21 68:2
accurately 42:19
accused 44:3
achieve 41:23 51:13
acquired 31:10
acquisition 42:7
acquittal 16:15
acquitted 15:17,21 17:4,5 24:16,19,21
  25:11 40:16
Act 44:19
actively 48:15
activities 32:15 48:19
activity 11:11 44:4 48:6 49:10,24
acts 45:15
actual 6:4 8:2,25,25 10:4,17 11:1,16
  12:9 17:18,18 20:20 22:11,12,22
  23:5,10,14 25:4 39:19,25,25 41:12
actually 28:6,10,20 41:12 44:10
add 7:13,23 16:5 52:11
Adding 16:12
addition 12:7 20:24
additional 12:9 16:25 17:10 25:16
  57:2
additionally 14:18 15:1 18:6 37:10
  46:10
address 5:5 33:20 34:3 43:12 52:21
addresses 32:2
addressing 18:24 50:12
adds 10:13
adjudicated 43:1
administrators 21:1
admission 7:16
adopt 12:8 33:14 37:8
adopted 20:16 38:19
advised 63:16 66:10
affairs 49:16
affect 16:1 23:3 25:13 55:8
affirmative 43:13
afford 63:17 66:12
after 4:11,14 5:4 13:20 19:15 34:5
  50:4 53:18 61:24 62:16
again 14:11 22:9 27:4 32:6 35:15,17
  35:24 37:8 47:5 58:17
against 15:19 20:19 22:2 28:15 29:4
  36:1,4 56:4 63:5
age 49:2
agencies 27:13 28:16 33:10
aggravated 45:19 47:18 57:3
agree 18:6
ahead 30:8
air 51:23
Alecia 22:17
alias 41:25
alleged 10:14,23
allegedly 7:9
allowable 36:5
almost 51:9
alone 50:5
along 48:22,25

already 52:9 63:20
although 15:16 40:22 44:23 46:19
always 13:1 51:9 58:23
amassed 31:16
AMERICA 1:4
American 57:15
amount 4:1 6:7,12 7:1,12,23,24 8:3,10
  10:5,5,18 12:14 13:10 14:15,16
  15:4,18,20 17:1 18:1 19:1,5 20:7,17
  22:21,22 24:9,10 25:20 34:13,20,24
  35:5,17 40:12,22 36:11,12,14 38:23
  39:5,17 40:12,21 41:6 45:3 60:9,13
  61:1,6,8,11,14 62:24 63:8,9,10,11
  64:11,14 65:4,4
amounts 13:3 21:2 22:12,23 23:1
  24:15 25:4,4 40:15
ample 26:15
amply 39:13,24
analysis 3:12 4:7 24:5 26:16 29:24
Analyst 3:13 19:9 20:23
analyzed 28:19
analyzing 20:25
and/or 7:4
Anesha 45:25 46:10,20
Angel 3:12
Anja 1:8 2:2 3:6,18 38:14 42:24 59:13
anonymity 32:7
another 13:2 18:11 45:6 50:4 53:22,23
answered 25:5 64:18
anybody 21:9
anyone 58:15
anything 8:23 36:25 37:6 46:6 50:15
  53:16 55:20,21 56:17 58:14 59:9
  63:21
apologize 53:1,2 57:13 58:17
apparent 28:7
apparently 24:20 36:9
appeal 63:16 66:10
appearances 1:13 2:1 3:8
appearing 5:15
appears 49:8
Appellate 9:6
applicable 14:23
application 4:14 9:11 10:16,25 43:3
  50:17,21
applied 8:11
applies 11:8
apply 10:20 11:5 27:3
applying 8:7
appointed 3:18 63:18 66:12
apprehended 39:21
appropriate 4:5 15:19 18:19 19:12
  25:22 26:13 27:1 29:17 48:4
approximately 21:15 24:23 37:16
  43:6 44:5 45:8 46:9 57:5
April 13:16,21 28:6
area 48:7,20 67:3
arguably 26:18
argue 9:14 23:13 25:9 43:22
argued 42:11 52:9
Arguendo 19:22
argues 26:17
arguing 33:7 48:12
argument 15:15 16:21,24,25 21:9,10
  23:16,23 24:8,19 25:8 33:22 38:4
  42:13
arguments 12:10 17:14 18:24,25
  33:13 37:8 48:3
arises 13:4
arms 49:1
around 14:4 16:16 42:5 47:19
arrest 26:6 28:4 46:8 53:22,23,25
arrested 41:16 54:2
articles 30:1,4
articulated 31:21 63:20
artifact 58:24
artifices 33:9
ascertain 60:19
ascertainable 60:6
ascribe 29:6
ascribed 35:22
asked 34:12,19 43:24 54:7 57:11
assessed 20:11
assessing 19:5
assessment 63:1 65:8 66:9
Assistance 34:1,18 35:11
assumably 13:20
assume 7:22

assumed 19:21
assumes 10:5 11:15
assuming 47:6
attempted 20:18 36:23
attorney 53:6 54:5,15
Attorney's 1:16
August 13:22 63:6
authenticated 22:13
automobiles 40:3
availed 32:16
Avenue 6:24
average 6:24
award 29:11,14,15
aware 24:1 44:23 45:15,20 46:15
away 58:2
A.F.P.D 1:20
a.m 1:8 67:22
A.U.S.A 1:15,15

**B**

B 10:18
baby 49:1
back 32:8,21 33:23 35:17 53:17
backseat 41:16,16
back-up 19:14
back-ups 19:16
balance 66:22
bank 28:4 41:25
base 24:12
based 4:7 6:15,20 20:18 24:25 25:10
  35:14,22 43:25 56:23
basis 9:14 26:15 40:17 41:5
battery 33:24 54:11
before 1:11 5:11 13:3,4,16,21 21:10
  39:21 43:7 45:25 47:5 49:22
began 34:6
begins 28:2
behalf 3:10,15,18,23 5:15 18:14,24,25
  51:21
behavior 50:11,11
behind 52:9
being 6:7 11:24 12:14 15:19 17:10
  19:2,15 25:20 26:9 28:19 34:12,19
  39:18 41:13 46:12 47:9 49:14 50:24
belies 48:13
believe 7:17 8:1 11:3 35:7 43:3 46:24
  48:3 50:13 67:7
believed 11:11
believes 8:9
bellyaches 57:20
below 16:1,19 39:7
benefit 6:12,15,25 7:5,13 19:5 27:17
  34:24 35:3,14,16,22,24 36:5,10,10
benefits 33:21 34:2 35:11
Bentley 41:17
best 49:19,21
better 11:22 56:1
between 13:17,22,24 14:9,10 45:16
  46:13
beyond 17:6 21:7 31:23 58:21 59:4
bike 53:14,15 54:13 56:14
bit 55:22
block 32:1
blood 52:17 58:3
Board 54:6
bodily 10:19
bond 46:16,17 49:8
bone 19:4
books 41:15
both 5:11 6:8 9:7 32:8 41:5 45:23,24
  46:1,25 50:11
bother 59:3
bottom 23:8
Boulevard 2:4
BP 13:22 14:5 37:24
breach 49:12
break 48:13
brick 32:11 42:4
brief 31:14 33:17
briefed 39:3
briefly 33:19 37:7 38:3 48:1 50:15
  51:24
bring 5:3,6 16:7,8,18 58:6
brings 66:23
brother 49:14 54:5,10,14,16 56:13
brothers 53:12
brother's 49:13 54:8

assumed 19:21

brought 18:8 46:10 48:18,21 49:17
Broward 53:10 54:6,12,15
Bureau 52:19 59:18 62:23 64:8 66:8
Butland 22:6 36:2,8
buy 31:10
buying 40:3
B-u-t-l-a-n-d 22:6

**C**

C 68:1,1
calculable 39:6
calculate 22:10
calculated 6:15 15:9,18 21:3 23:1,11
  35:14 40:25 44:6 63:4,5
calculating 15:20 40:20
calculation 4:6,9,15 5:3 7:5 14:14,25
  16:1 19:11,18 20:21 21:2 25:5,13
  25:18 38:1,25 39:4,17 55:5
calculations 4:8 5:19 6:3,5 15:2 16:4
  22:3 29:3 33:15 57:4
call 8:23 21:9
called 54:7,15
calls 32:25 50:5,6
came 20:17 28:12 36:9 38:5 53:17
car 26:5 31:4 41:16
cards 50:2,3
care 44:1 46:22 47:8,9 58:4
career 51:7
carefully 8:8 64:20
case 1:3 3:7 5:19,21 6:6,20 7:18 8:2,3
  10:14,23,23 11:1,16,18 12:1,15,19
  17:3 18:3,7 20:8 23:2 25:25 27:14
  31:24 32:13 33:24 38:22 35:24 41:19
  41:23 44:8,9,24 50:7 51:9 53:3
cases 6:19 7:20 9:4,5,12 15:16 19:16
  30:17 33:3 40:9
cashier 45:13
casual 50:11
categories 42:21
category 52:2 54:20 55:4,9
cause 25:1
caused 57:14
cents 29:6
certain 26:19
certainly 11:14 12:11 14:22 19:22
  25:9,12 26:18 32:17 40:8,10,22
  41:19 42:16 43:4 45:10 47:10 49:2
certify 68:2
CFA 36:19
chains 32:12
change 23:18 25:18 26:12 55:4,24
changed 45:14
charge 15:19 26:12 53:19,24
charged 14:18,20,21 15:17,22 16:14
  17:6 24:16,22 27:6 28:1 44:17
  46:25
charges 16:14,15 24:20,21
check 31:3,4,8,10
checks 28:9,10
cheek 26:10
child 31:9 43:25 44:1 45:24 46:6,21,22
  48:11,12,13,15,18,21,25 49:2,4,17
  49:19 58:1,8
childhood 49:16
Children 51:9
Children's 48:14 49:20
child's 48:14 49:20
chose 13:13
CHRISTOPHER 1:20
circuit 40:18
circumstance 18:18
circumstances 49:18 51:8
cities 32:3,12 54:2
citizen 45:21
CJA 3:18
claim 7:2,13 10:7 14:2,3,6,7,9,10
  18:11,16 22:14,20 23:23 32:21 34:9
  34:23 36:1
claimant 19:11,14 29:18 34:4 35:14
claimant's 6:16
claimed 23:1 29:15 31:8
claiming 25:4,18
claims 5:21 7:10 10:6 11:18,20,21,22
  12:13,21,21 13:17,22,25 14:5,17,20
  16:14 18:2,10,14,14,16 20:2,3
  22:10,22,9,23 23:6 27:4 29:14,16
  32:9 33:1 35:22,23 36:4,6 37:22,23
  40:6,16

**clarification** 66:16
**clarifying** 21:7
**Claudia** 3:12
**clear** 16:23 17:16 18:9 19:23 29:13 30:23 39:23 41:18 42:2
**clearly** 26:10 40:5 59:2
**Clerk** 62:1
**client** 12:19 14:18 59:12 67:1
**clients** 18:19
**close** 34:14 67:14
**closed** 21:8
**closer** 28:20
**closing** 21:10
**clothing** 46:6
**coast** 18:1 20:3 29:14,16 31:2
**cocaine** 44:17
**Code** 60:5
**collar** 32:14
**collateral** 59:1,1
**collapse** 5:1
**collection** 62:14 66:2
**collectively** 49:9
**combination** 47:17
**come** 8:15 9:25 16:16 23:17 24:10,21 24:22 25:12 26:25 42:6 46:11
**comes** 6:6 8:9
**commence** 34:5
**comment** 35:21 37:13,14 57:16
**commentary** 10:15
**commit** 62:11 65:24
**commitment** 61:23 63:15
**committed** 45:9 59:17
**communicated** 28:24
**compensable** 10:22,24
**compensation** 6:14,20
**completed** 35:2
**complexity** 24:9
**comply** 62:14 66:2
**composite** 22:1
**computation** 23:5
**computed** 42:19
**computer** 18:10,12,17,17 42:2,13,15
**computers** 32:17 48:9
**conceal** 32:3,8,15
**concealed** 11:22
**conclude** 48:17
**concluded** 4:11 67:22
**concludes** 50:21
**conclusions** 38:16
**concurrently** 59:23 60:1,2 62:6 64:22 65:1,1,19
**condition** 52:14
**conditions** 62:15 66:3
**conduct** 13:5 17:4,5 26:11 27:6 28:1 37:13,17,19,20 40:16,16 48:13,16 49:15,23 50:3,7 51:6
**conducted** 22:4 27:18
**conducts** 19:11
**confinement** 66:24
**conflating** 29:3
**congestive** 52:16
**Congress** 62:21
**connection** 3:21
**consecutive** 37:15 52:3,7 59:24 60:2 64:23 65:2 66:22
**consequences** 58:23 59:1,1
**conservative** 20:17 31:15
**consider** 4:22,23 27:10 30:7 38:18,20 44:8,25 50:20 59:3
**consideration** 43:2 44:12 46:25 47:13
**considered** 13:2 26:14 27:1 37:16 38:1 45:19 50:19
**considering** 16:20 50:20
**consists** 59:20 62:4 64:19
**consolidated** 38:19
**constitute** 52:6
**contact** 46:13
**contacted** 29:12
**contained** 65:15
**continuum** 25:25 28:2
**Contract** 3:12
**contrary** 28:7
**controlled** 44:18 62:13 66:1
**CONT'D** 2:1
**convicted** 27:6 62:22 64:17 65:10,14
**convictions** 30:11
**cooperate** 62:14 66:2
**copy** 35:1

**Coral** 2:4
**correct** 7:24 19:4 21:14 24:25 25:9 63:5 30,11
**corrected** 64:13
**correction** 55:13
**correctly** 19:7
**counsel** 3:11,24 4:21 5:8 25:17 27:25 28:23 29:22 37:9 42:11 50:24 51:15 51:18
**count** 59:23 60:2 62:21 64:23 65:1,9 66:6
**counterbalance** 50:25
**counterfeit** 50:1
**country** 30:20 67:10,11
**counts** 15:3 24:15,20 25:11,11,14 52:3 52:7,8 59:20,22,24 60:1,2 62:4,6,22 64:9,9,15,16,16,20,22,24,25 65:2,8 65:9,13,15,16,17,18,19 66:18,23
**County** 53:10 54:6,12,15
**course** 4:3,22 5:4 9:8 13:12 18:1 34:10 37:12,16 38:22 41:8 56:21 57:12 61:25
**court** 1:1 2:7,7 3:1,3,19,20 4:14,15,17 5:24 6:1,3,8 7:24 8:5,7,12,14,17,19 8:21 9:5,6,7 10:1,9 11:6,13 12:2,4,6 12:11,19 13:3,4,7,11 14:14 15:7,12 15:15 16:3,6,12 17:2,9,13,23 18:5 18:20 19:7,23 20:6,14 21:8,15,21 21:23 23:4,20 24:1,2,13 25:8,10 26:3,7,14,15,22 27:1,3,9,25 28:23 29:1,11,23 30:4,7,9,11,13,17 31:1 31:12 32:22 33:13,16 34:12 37:5 38:1,9,12,16 39:12,12 40:14,22 41:4,11 42:16,18 43:12,19,24 44:12 44:13,16 45:10,19,25 46:15,24 47:3 47:12,22 48:2 49:22 50:14,17,18,20 51:11,17,24,25 52:4,13,18,21,23 53:2,5 54:18,23 55:2,10,14,20,24 56:16,19,21,25 57:2,7,12,14 58:19 58:22 59:5,7,11,14,17 60:6,10,14,18 60:23 61:1,5,11,11 62:1 63:6,13,25 64:2,13 66:17,21 67:4,8,16,18 68:11,12
**Courthouse** 68:12
**COURTROOM** 3:1 43:18
**Courts** 12:16 20:9
**Court's** 14:24
**covered** 19:8 42:6 58:20
**co-counsel** 12:8
**co-defendant** 12:7
**co-mingled** 28:12
**co-stored** 49:25
**crime** 12:18 13:2,2 45:11 51:7 56:3
**crimes** 13:9,13,13 37:25 44:17,18,19 62:12 65:25
**criminal** 26:11 32:15 42:21 44:10 47:2 48:16,18 49:23 50:3,7 51:6 52:1 53:19 54:19 55:4,8
**criminals** 32:14
**crisis** 30:3
**criteria** 57:7
**critical** 34:7
**cry** 16:6
**crying** 57:20
**current** 49:16,18
**custody** 61:14,24 64:8 67:20
**cut** 16:9

**D** 68:12
**Dakota** 9:22,24 13:25 14:4 20:20 22:5 22:13 36:2,4,13
**dangerous** 62:16
**date** 13:18 22:5,16 34:5,9 48:10 53:24 60:6,7 68:11
**dates** 28:8
**daughter** 56:11 57:18 58:14
**day** 22:24 30:22 54:3 57:20
**days** 34:9,17 37:1 60:7 63:17 66:12 de 2:4
**deadline** 13:21
**deal** 4:1 21:17 25:14 64:2
**deals** 38:23
**dealt** 38:18 52:18
**debit** 50:2
**debt** 62:17 66:4

**decided** 49:8
**decision** 4:16 49:17,20 58:16
**decisions** 38:17
**defaults** 19:17
**defendant** 1:19 2:2 4:18,22 15:20 20:13 31:7 36:1 38:20 41:14 42:24 48:5,8,12 50:7,12 51:5 53:1 55:1,22 56:2 57:13 61:15 62:20
**defendants** 1:9 3:23 4:8,21,24 5:4,10 7:3,8 19:24 20:13,20 23:7,15 26:4 27:8,19 28:11 29:15 31:3 34:1 35:18 36:4,14,15,22 38:14 39:3,6 39:20,24 40:2,10 41:4,5,8 43:3,11 43:11 48:14 49:9,18 59:6,8 63:14 67:20
**defendant's** 37:14 49:23 52:12
**Defender's** 12:1 3:15
**defense** 5:8 19:3,21 24:8 29:2 31:17 33:13 42:11 50:24 61:8
**defined** 17:18
**definition** 10:25
**defraud** 20:3 27:13 33:9
**delivered** 6:20
**deliveries** 32:2
**demonstrate** 23:9 29:13
**demonstrated** 22:2 39:24
**denied** 50:22 51:11 52:4
**Department** 34:1,18 35:10
**departure** 43:5,9
**deported** 45:17,22 47:3 67:7,8
**deposits** 28:11
**DEPUTY** 3:1 43:18
**derived** 28:14 50:3
**describe** 51:23
**described** 10:3 36:18 52:10,12
**detection** 32:7
**detention** 46:12,18
**determination** 4:5,9 5:2 6:19 7:5 8:13 23:14 59:13 60:7
**determine** 6:4 8:20 12:17
**determined** 6:13 10:17 11:1 34:22 43:2
**determining** 3:5 19:5 20:7
**deterrence** 50:13 51:3
**developed** 40:1
**device** 42:17 62:13 66:1
**devices** 41:24 42:1
**devise** 42:15
**Diabetes** 52:16
**dictated** 61:9 62:24
**dictating** 60:20
**differ** 64:16
**difference** 8:25 13:19 14:9,10 15:11 15:12,23 25:5
**different** 12:17 13:9 14:6 25:8 28:1 37:25 63:9 64:17
**difficult** 20:8 29:5
**difficulty** 32:7
**dime** 46:5
**diminished** 31:19
**directly** 23:3 27:20
**director** 32:24
**disaster** 6:14 14:3,5 34:5,23 37:24
**disasters** 18:14
**disclosure** 62:17 66:4
**discovery** 7:18 9:21,23
**discrepancy** 36:24
**discretion** 6:4 59:5
**discussed** 57:8,8
**discusses** 11:10 33:3
**Disney** 45:13
**DISPENZIERI** 2:6 68:10,11
**disregard** 55:11
**district** 1:1,1,12 2:7 30:10,20 62:9 65:22 68:12
**divides** 6:24,25 19:11
**DIVISION** 1:2
**DNA** 62:14 66:2
**docket** 35:17,19 47:25 63:6,7
**document** 5:24,25 6:11 7:2,16 20:23 21:16
**documentary** 41:18
**documentation** 7:9 10:6 11:23 19:20 21:2 34:4,17 36:19,20
**documented** 22:25 23:2
**documents** 3:21 7:19 19:14 20:22 29:17 35:4
**doing** 13:11 58:5,9

**dollar** 18:1 29:1,6 33:4 34:11
**done** 7:12 11:25 13:15,17 14:8,11 18:13,13 19:6 21:10 23:13 29:24 58:14
**doubt** 17:7 42:14 55:14
**down** 16:18 25:2 31:4
**downward** 43:4,8
**driving** 26:5
**drop** 25:19 32:1
**drops** 32:11 42:4
**drugs** 44:18
**due** 44:21,25
**duplications** 28:21
**during** 14:8,11 19:8,19 25:25 46:11,14 48:22
**D1** 10:18 11:2

---

E

**E** 68:1,1
**each** 4:18,22,23 7:2 15:4 20:25 35:14 36:3,5 38:17,20 43:3,4 58:6 59:6,8 59:20,22,23,25 60:1 62:4,21 63:14 64:9,19,22,23,25 65:1,9,16,17 66:6
**earlier** 48:19 49:15
**earnings** 6:16
**easily** 39:5
**effectively** 32:14
**efforts** 7:9 27:12
**eight** 44:20
**either** 5:6,13 15:9 18:15,16 23:4,14 24:20 40:10 46:5,9 54:22 55:8
**elect** 43:14
**electronic** 28:11,13
**element** 31:18
**elements** 50:19
**elicit** 27:16,22
**Email** 1:18,22 2:5,9 68:14
**embarked** 51:6
**employed** 26:10 32:14 34:22
**employer** 34:4
**employment** 34:3,5,8 35:12 48:6
**end** 30:22 37:14 45:22 56:25 57:9 59:18
**engaged** 33:8 48:5
**enhancable** 11:11
**enhance** 32:15
**enhancement** 5:21 8:4,4 11:5,9,12 16:10,10 18:19 31:19 33:7
**enhancements** 33:3 44:15,21
**enough** 49:1 58:4
**entered** 31:6 63:5,13
**enterprise** 29:17
**enterprises** 32:18 48:19
**entities** 18:3 19:6 23:6,24 33:10 41:9
**entitled** 19:22 24:24 27:22
**entity** 27:21
**entry** 5:24 35:17,19 47:25 63:6,7
**ESQ** 2:3
**essentially** 19:10 27:19 48:11 49:5
**establish** 34:4
**established** 4:15 9:16 31:25 32:6 34:23 35:23
**estimated** 23:16
**estranged** 56:12
**evade** 49:14
**evaluated** 58:10
**evaluates** 19:10
**even** 24:13 26:18 38:3 44:4 46:16,17 47:1,8
**event** 39:23
**events** 45:9
**ever** 11:18 15:25 21:10 45:1
**every** 7:13 23:23 29:18 30:1 51:9 57:20
**everybody** 43:10 53:3 61:5
**everything** 44:23 58:9 64:4
**evidence** 8:22 9:9 12:25 13:2 16:13 17:7,8,10 21:5,8,12 25:10 26:2,22 26:24 31:7,24 32:19 39:13 41:14,18 56:3,4
**evident** 56:2
**exact** 22:21 24:9
**Exactly** 66:17
**example** 29:10 37:10
**exceed** 24:3
**exceeded** 23:24 35:1
**exceeds** 41:13 44:16

**Except** 17:23
**excess** 50:4
**exhibit** 21:5,16,18 22:1,7,18,24 36:3
**exhibited** 48:22
**exhibits** 21:25 22:15,18 23:2,9 25:23
  39:14 49:24
**expect** 49:6 58:5
**expected** 40:12
**expensive** 40:3,3
**expert** 18:12
**explain** 54:4
**explained** 22:9
**explanation** 54:24
**expression** 26:10
**extends** 28:2
**extensive** 3:20
**extract** 50:8
**extracts** 61:3
**extravagant** 27:23
**extreme** 23:23
**extremely** 44:15
**e-mails** 58:12

**F**

**F** 22:1 68:1
**facility** 18:2 20:4 29:14,16 50:1
**fact** 11:14,15 20:21 24:2 26:11,12
  29:23 30:9 31:9 33:2 44:1,2 45:1,2
  45:4
**factor** 7:4 46:24
**factors** 26:19 27:3 35:15 44:11 50:12
  50:25
**facts** 4:7 20:11 39:25
**fail** 19:25
**failed** 48:15
**fails** 19:14
**failure** 37:15 52:16
**fairly** 33:6,13 48:17
**fairness** 8:24 15:21 24:13
**false** 7:3 26:9 27:5,6 31:15 33:11
  48:23
**familiar** 48:2
**family** 46:5 49:8,10,11,13,25 51:8
  53:8 54:4 56:11 58:22
**far** 16:6 39:15 40:22 44:16 51:5 56:11
**fashion** 4:20 20:4 51:12 59:5
**fashioning** 47:13
**father** 45:24 46:11
**fault** 42:12
**favor** 52:5 63:14
**fax** 32:20
**federal** 1:21 2:7 3:15 27:20 28:15
  68:11
**FedEx** 32:18
**feel** 14:22 15:5 17:15 18:18
**felony** 45:19
**FEMA** 20:3 22:16,19,20 25:15,23
  27:21
**Ferguson** 68:12
**few** 11:19 48:1 57:16
**fewer** 41:10
**figure** 38:25 39:2
**file** 37:15 43:20,21 61:8
**filed** 3:21,23 5:20,23 12:13,14,21
  13:20 14:2 29:17 36:4 43:19 51:25
  68:11
**filing** 11:20 34:9 36:7,15
**filings** 20:20
**fill** 18:17
**final** 11:7 28:17 60:6
**Finally** 13:25
**financial** 18:12 62:16 66:4
**find** 20:6 24:14 29:8 53:16 55:3 57:25
**finding** 4:15 64:6
**findings** 38:16
**finds** 39:13 40:14,22 41:11 42:18
  61:11
**fine** 59:14,16 64:6
**fingerprint** 26:4
**firearm** 62:12 65:25
**first** 4:5,10 5:14 23:2 26:21 32:13
  35:20 38:18,23
**first-time** 4:2
**fit** 10:24 64:10
**fits** 10:7
**five** 47:19 49:6 65:13,17,20 66:8
**five-minute** 43:7,16

**fixed** 43:2
**FL** 1:17,22 2:4,8 68:13
**Flagler** 1:21
**Florida** 1:1,7 42:5 48:21 53:11,12,13
  67:3
**focus** 7:11
**focuses** 31:22
**follow** 7:9 18:23 64:20
**following** 4:20 38:16
**foregoing** 68:2
**forfeited** 63:4
**forfeiture** 63:3,5 65:4
**form** 7:15 18:17 19:20
**forms** 22:14,20
**formula** 8:8,11 9:11 21:13 23:11
  35:23
**Fort** 53:24
**forth** 32:8 51:13 61:13,16 62:17 65:7
**forwarded** 61:25
**forwarding** 32:12
**found** 11:20 15:2,3 26:1,5 41:15 54:5
**four** 6:24 10:13 58:2,6 61:17
**four-level** 11:5
**fraud** 3:12 12:20 19:9 20:18 25:15,23
  28:3,5 42:9 44:14,22 45:18
**frauds** 28:15
**fraudulent** 10:18 14:7 27:17 42:1,8
**from** 3:14 4:21,25 5:7,13 6:23 7:17
  9:20,22,24 10:16 16:7,17 19:23
  21:1 22:7 25:2 28:7,12,14 29:14
  30:2 31:2,3,24 32:8,23,24 34:8,9,11
  34:13,15 36:8 37:12,22 38:8 40:6
  41:14,18 42:5 43:5 48:10,15,17
  49:4,5,9 50:2,3,9,18 51:15,18 53:11
  53:25 54:20 55:3 56:12 57:24 62:8
  62:12,25 63:9,16 65:25 66:10
**fully** 63:20,20
**full-time** 34:22
**functioning** 52:15
**fund** 5:22 28:13 37:24
**fundamental** 20:12
**funds** 28:14
**further** 21:2 22:10 27:12 32:19 35:17
  37:6 50:6 56:17 62:2
**Furthermore** 11:21
**future** 46:23

**G**

**G** 62:19 66:5
**Gables** 2:4
**gains** 32:5
**GAO** 29:24
**gave** 16:5
**GCCF** 5:22 22:23,24 27:21 32:24 50:5
**general** 4:1 50:12
**gentleman** 31:2
**Germany** 45:20
**getting** 7:20 58:12
**girl** 47:4 58:4
**give** 10:1 37:10 47:16 48:13 55:17
  57:2
**given** 9:2 10:4 29:19 31:6,15 40:1 45:2
  46:5 47:4 49:12 57:9,10 64:7 67:6
**go** 5:14 8:25 10:9 29:21 30:8 31:23
  35:5,17 56:19 57:9,20 58:1,21 59:3
**goals** 47:19 51:13
**goes** 34:21
**going** 7:1 9:21 29:12 30:7,23 37:22,22
  37:23 41:4 45:17 47:1,3,4 48:1,25
  49:3 55:11,11,12,25 58:21 64:3
  67:7
**gone** 23:22
**good** 3:9,14,17 5:16,17 12:5,6 21:7
**gotten** 54:2
**government** 1:14 4:25 5:8,23 6:8 7:2
  7:7,12,16 9:3 11:15 12:24 13:12
  15:9 17:21 21:12 26:12 27:13 35:7
  44:4 57:14,17 58:19 59:4 63:20
**governmental** 41:9
**government's** 6:10 16:17 33:22 35:18
  35:25 36:3,7,15,18 38:4 45:4
**granted** 5:2 67:4,18
**greater** 25:3 39:16 40:23 51:12
**Griffin** 22:14
**guess** 53:22 56:2,8
**guidance** 22:19
**guideline** 4:6 15:24,24 16:1 25:5 29:3

42:18,23,24 43:1,23 51:18 56:23
  59:6,19
**guidelines** 4:13,15 5:3 6:2,5 13:7
  17:16 20:8 24:5,17 27:2 28:25 31:22
  33:2,15,18 37:12,20 39:7 40:25
  43:5 44:14,22 45:2 47:17 50:18
  52:2,18 56:25 57:9
**guilty** 5:2,3 58:14
**Gulf** 14:5 18:1 20:3 29:14,16

**H**

**half** 4:4
**handle** 4:19
**handwriting** 26:3,8 41:15 49:24
**happen** 21:15
**happened** 18:9 19:15 44:24
**happening** 29:2
**happens** 27:14
**hard** 8:14 54:2 58:7
**harm** 17:19,19,22
**Harvey** 1:7,20 3:6,16 5:15 12:20
  14:21 16:24 17:15 18:24 19:1 38:15
  42:20,22,25 44:7 46:13 47:2 51:21
  52:14,19 55:10,20,20 61:15 64:2,3,12
**Harvey's** 37:9 46:5 49:11
**having** 38:6 43:1 44:24 46:4 47:11
  58:20
**head** 45:13
**headlight** 53:14
**health** 52:12
**hear** 4:21,25 5:7,13 38:8 51:15,18
  60:10
**heard** 19:23 20:11 38:7 64:4
**hearing** 1:11 3:4 21:5 43:8 46:18
  51:16 60:24
**heart** 52:14,14,15,16
**held** 24:14 48:18 49:14
**help** 52:24
**her** 3:18 4:7,8 14:23,24 17:1 24:16
  25:19 26:8,12 27:4 34:25 41:15,16
  43:25 44:1,9 45:7,22 46:5,8,11 47:5
  47:10,16 48:6,22 49:1,4,5,21,24,25
  50:2,6 56:5,25 57:2,9,19,23,24 58:3
  58:4,5,6,6,8,10,10
**Herald** 30:2
**herewith** 65:12 66:7,11
**herself** 50:8
**hidden** 42:7
**high** 6:9 19:2 44:15 45:3 52:17 57:9
**higher** 19:16
**him** 21:4 31:9 52:24 53:17 54:7
**history** 42:21 44:10 47:2 49:12 51:5
  53:19 54:20 55:4,8
**hit** 48:1
**Hobbs** 44:18
**Hodges** 22:14
**hold** 58:25
**holders** 32:10
**holds** 50:2
**Hollywood** 53:11,12,13 56:14
**home-schooling** 58:8
**Honor** 3:9,14,17 5:16,18 7:11 8:1 9:2
  9:20 10:11 11:7 12:3,5 13:6 14:13
  14:15,18 15:1,14 16:2,22 17:12,20
  18:6,7,22 19:23 23:3,19,21,22 25:7
  26:21 28:10,17,18 30:6,16 31:17,24
  32:13 33:6,12,19,19 37:4,7,8 38:3
  38:11 41:2 43:23 44:2,23 45:7,17
  45:23 46:10 47:7,11,16,24,25 50:10
  50:16 51:20,21 52:20,22,25 53:2
  54:21 55:7,19 56:18,20,23 57:6
  58:7,20 59:4,10 60:8,25 61:3 63:12
  63:24 64:1 66:15 67:1,13,17
**Honorable** 1:11 3:2
**hope** 53:5
**hours** 58:2,6 62:8
**housed** 67:2
**hundreds** 41:19
**husband** 45:24 48:24 50:6 57:22
**hypertechnical** 28:24
**hyperthyroidism** 52:17

**I**

**Ibos** 21:19,22,23,24
**identification** 33:4 54:9
**identifications** 33:11
**identified** 36:3 63:3

**identify** 29:1
**identifying** 27:15 28:21
**identities** 26:1,9 27:5,6,12 31:15
  32:10 48:23 50:6
**identity** 17:24 29:11 30:3,18 41:12
  45:6 47:18 49:13 50:5 57:3
**illegal** 20:4 32:4 44:4
**illegally** 28:14 31:10 50:1
**immediately** 62:20
**Immigration** 5:3
**impact** 29:25 30:19,24
**important** 6:17
**importantly** 45:23
**impose** 52:18 64:3,15
**imposed** 3:5 5:9 59:16 64:6,16 65:12
  66:11
**impossible** 29:6
**impressed** 58:10
**impression** 59:18
**imprisonment** 62:9,16
**incarceration** 67:19
**include** 16:20 25:10 26:16,17 40:14,15
  60:13
**included** 22:10,21
**including** 15:24 27:5 48:8 62:15 66:3
**income** 6:17,21,23 19:17 35:1 48:9
**incorporate** 61:22
**incorporated** 18:25 61:23 63:4,15
**increase** 35:2 40:19 41:1,1
**incredibly** 31:15,25 36:16
**incur** 17:22
**Indeed** 48:17
**indicate** 9:12 15:16 36:2,13
**indicated** 20:23 40:5
**indicates** 7:7,16 9:17 34:1,16 36:17,18
**indicating** 29:18
**indictive** 37:19
**indicia** 9:9
**indicted** 12:20 13:12 14:21,23
**indictment** 13:4,5 33:24,25 34:8,16
  35:6,10,15 36:17 37:1
**individual** 10:19 34:22 38:15,22
**individually** 5:5
**individuals** 32:9 34:2 35:11
**information** 7:4 19:10 26:1,9,18,24
  27:15 28:22
**informed** 56:5
**inherent** 44:21
**initial** 34:24
**initially** 19:15
**injury** 10:19 53:20
**innocent** 51:10
**Inspector** 3:12
**instance** 9:22 18:10,11
**instances** 7:8,8,18 22:9 26:13
**instead** 7:22 9:1 25:19
**insurance** 37:23
**intelligent** 9:11
**intended** 5:19,20 6:3,7 7:12,23 8:5 9:1
  9:10 10:1 11:16,18 12:8 16:24
  17:19 19:1 21:3 25:15 34:13,19
  36:11,12,14 38:25 39:15,15,18 40:5
  40:23 41:23
**intends** 51:17
**intent** 12:24 20:12 40:4,10
**interest** 63:2
**Interestingly** 28:11
**Internet** 32:2,13,21
**interpretation** 28:24
**interrupt** 31:13 55:10
**interrupted** 31:12
**interval** 37:18
**introduced** 12:21,23 13:1 21:12,25
  22:18 32:23 39:14
**investigated** 53:16
**investigation** 3:22 4:12,18 38:15,24
  62:19
**involved** 24:15 25:25 46:7,8 47:10
  49:7 50:8
**involvement** 27:4 56:9,9,10
**involving** 10:14 33:3
**Irene** 28:3
**IRS** 6:16,21,23 7:15 9:4 12:13,21 14:7
  14:17 16:14 26:18 27:4,14,21 28:5
  29:12,18 30:2 31:3
**isolated** 49:5,9
**isolating** 57:17,23
**issue** 4:1,2,13 10:10 12:10 13:14,15

**issues** 29:4 50:23
**items** 16:13,21
**I-b-o-s** 21:22,24
**LD** 54:15

**J**

**J** 1:15
**James** 1:11 3:2
**Jan** 1:20 3:14
**January** 13:23
jan_smith@fd.org 1:22
**jewelry** 48:21
**job** 44:6 45:13
**joining** 16:23
**joint** 38:21 61:15
**Jones** 63:19,22
**Joseph** 1:7,20 3:6,15 38:14 42:25
   61:15
**jowel** 26:11
**Jr** 2:3,3 68:12
**JUDGE** 1:12
**Judge's** 23:13
**judgment** 59:14,17 61:23 63:7,15
**judicial** 23:13 29:23 58:24
**July** 63:6
**jump** 49:11
**June** 21:25 22:5
**jurisdictions** 36:21
**jury** 36:3
**just** 7:22 8:8,24 12:7 13:6 14:16 17:3
   17:5 36:8 37:10 38:3 46:3 48:1 51:1
   51:23 53:5,7 55:1,14,15,22 57:8,10
   57:23,24 58:16 61:8 62:24 64:4
   65:5 66:15 67:6

**K**

**Kannell** 1:8 2:2 3:7,18 15:1 16:14
   17:1 18:25 24:14 38:14 40:17 41:15
   42:20,21,24 43:4,24 44:3 46:4,13
   46:21 56:24 57:11 59:12,13 60:12
**Kannell's** 36:1
**Karin** 1:8 2:2 3:7 59:13
**keep** 55:25
**keepsakes** 49:25
**kept** 32:22 49:4
**kind** 46:19
**King** 1:11 3:2
**Kissimmee** 58:2
**knew** 56:5,5,7
**know** 8:14 42:16 43:19 48:2 53:4,5,11
   54:1,1 55:16,25 56:4,7,7,11,15
   57:23 58:13,15
**knowledge** 12:25 30:17
**known** 10:22 23:10
**knows** 12:19 32:23 47:3
**Koleman** 67:2,19

**L**

**labored** 29:12
**lack** 11:19
**lady** 58:2
**last** 34:3 35:13,20,25 48:6
**later** 61:8
**latitude** 26:22
**Lauderdale** 53:24
**law** 6:13 15:16 17:3 19:6 20:9 23:12
   24:13,24 25:9 44:8 50:13 51:1
**lawful** 45:21
**Lawrence** 1:11 3:2
**laws** 40:17
**lawyer** 53:17 63:17 66:12
**lawyers** 42:14
**law-abiding** 29:17
**leaches** 27:19
**least** 39:20
**leave** 55:14,15
**legion** 20:9
**legitimate** 31:5 32:10 48:6,9
**legitimately** 42:12
**length** 57:10
**Leo** 2:3 3:17
**Leon** 2:4
**LEONARDO** 2:3
leo@spitalilaw.com 2:5
**less** 8:17,22 9:12,17 11:17 24:4 39:19

**41**:6
**lesser** 24:10
**let** 37:10 46:3 51:23
**Let's** 10:9 31:12 55:15 64:2
**level** 42:19,20 44:16,19 52:1 54:19
**levels** 10:13 15:11 19:17 25:19
**license** 53:20 54:11
**life** 45:11,11,14 46:8 47:10
**lifestyle** 17:23 40:4
**like** 8:10 11:13 12:9 27:21 32:18 44:13
   45:10 49:12 52:21 53:1,6 56:10
   57:13
**likelihood** 44:11
**line** 23:8
**linked** 26:4
**listed** 11:4
**listened** 56:8
**listening** 10:24
**literally** 28:3 30:10
**little** 36:20,22 47:4 55:22 56:8 58:4
**live** 53:13 58:2
**lived** 56:14
**lives** 53:12
**living** 40:4
**logical** 9:11
**long** 52:19 61:22
**longer** 47:1
**look** 13:7 30:9 28:1 56:3
**looking** 33:23 46:1 47:1 53:18
**looks** 33:2
**loss** 4:1 5:19,20 6:3,4,7,20 7:12,23 8:2
   8:5,8 9:1,1,10 10:1,4,5,17,18,22,24
   11:1,16,16 12:9,10,14,18 13:3,10
   14:14,24 15:18 16:25 17:1,18,18,23
   18:2 19:1 20:7,15 21:2,13 22:12,21
   22:22 23:5,7,10,15,16 25:15,20
   28:24,25 29:3,5,8,20 33:4 34:13,20
   36:11,12,14 38:1,3,10,23,25 39:15
   39:15,18,19 40:12,20,23 41:23
**losses** 12:17 23:4 39:21 60:5,7
**lost** 18:2 35:12
**lot** 26:24 57:15
**Louisiana** 13:17 20:19 21:20 22:2
   34:10,12,13,15,19 35:20 36:20 50:2
**low** 44:11 56:25 59:18
**lower** 15:25

**M**

**made** 12:7 13:22 14:1,20 18:14,25
   22:11,11 23:23 24:8 32:19,25 33:13
   37:3,8,23,23 38:13 40:1 43:23
   49:20 58:16
**mail** 18:11,16 32:1,11,14,17,20 42:1,4
   42:6
**mailboxes** 42:7
**mailing** 32:18
**maintained** 41:14
**maintenance** 46:6
**major** 34:5
**make** 4:5,9 5:2 8:13 12:9 15:12,23
   16:10,23 17:14 18:10,11 19:25 24:2
   24:3 25:4 29:7 48:3 50:6 52:24
   55:13
**makes** 15:10 19:12 38:16 44:22 50:4
   55:4
**making** 6:19 18:15 25:8 67:9
**mandated** 62:20
**mandatory** 47:18
**manner** 48:17 61:16 63:23
**many** 7:17,17,18 45:10
**MARIE** 2:6 68:10,11
**Mark** 22:6 36:2,8
**married** 44:7
**Marshals** 67:21
**masqueraded** 49:14
**massive** 30:10 42:9
**material** 27:16
**mathematical** 24:25
**matter** 3:6 4:8,14 45:4 49:12 68:3
**matters** 15:16
**maximize** 20:4,13
**maximum** 7:13,20,22 20:10 23:12,16
   33:21 35:5,7,13,16,21,24 36:5,10,11
   36:12 39:4 64:10
**maximums** 19:21 23:23
**may** 3:8 5:6 20:1 26:13,25 29:5,21
   30:21 52:23,24 56:20 59:8

**ma'am** 55:16 66:14
**mean** 55:10 66:18
**means** 4:3 10:7 11:9,12 17:18 18:19
   31:12,17,18,22 32:16 33:4 41:22,22
**media** 30:1 48:9
**meet** 47:14 57:6
**members** 58:22
**memoranda** 3:20
**mention** 67:6
**mentioned** 44:8 46:4 48:19 57:17
**Mercedes** 31:11,11 48:20
**merciful** 58:16
**mercy** 53:5
**mere** 26:11
**merely** 57:24
**method** 61:24
**methodology** 6:10 7:14,21 10:2,8
   18:15 20:7,17 31:22 36:18 51:24
**Miami** 1:2,7,17,22 2:8,8 30:2 68:13,13
**microphone** 60:11,18
**midst** 28:5
**might** 7:6 42:15
**million** 8:9 9:10,18 11:15 15:13,25,25
   16:1,7,9,17 20:18 23:25 24:3,4,6,6
   24:8,11 25:3 39:7,8,10,10,16 40:21
   40:23
**mind** 39:23 55:24
**minimal** 23:7 25:4 39:17
**minimum** 15:25 16:20 19:17 20:10,21
   21:13 23:12,14 33:21,23 35:8 36:16
   64:10
**minimums** 19:19
**misapprehension** 19:3
**misconduct** 26:13
**Mississippi** 14:20
**mitigating** 57:5
**modification** 61:7
**modified** 66:22
**money** 19:25 27:16,22 32:8 34:11,15
   36:22,23 39:5,17 40:2,6,11 53:3
   63:7
**monies** 39:21
**monitoring** 32:25
**monthly** 67:9
**months** 13:18,23 14:10 42:24,25 45:5
   45:5 47:18 51:22 52:2,6,6,8,9 55:5
   57:2,4 59:19,20,20,22,23,25 62:23
   64:5,8,15,19,19,21,23,25 65:11 66:8
   66:20,23
**Monzadeh** 31:6,7
**more** 11:22 25:12 30:15 40:11,20,21
   40:22 47:14 52:22 55:22 64:12,18
**morning** 3:4,9,14,17 5:16,17 9:3 12:5
   12:6
**Morris** 22:17 25:24
**mortar** 32:11 42:4
**most** 34:7 35:2 45:23
**mother** 45:24 46:11 47:5,11 48:14
**motion** 4:3 43:3,8,20,20,21 50:21
   51:11 61:8 66:24 67:4,18
**move** 31:12 32:7 43:7 51:15
**much** 8:19 15:7,10 16:3 18:20 29:18
   33:16 38:12 40:5,5 42:14 59:7
**multiple** 5:22 20:3 32:3,6,12 41:25,25
**must** 50:20 51:11 66:1,11
**myself** 57:25
**M-o-r-r-i-s** 22:17

**N**

**N** 2:8 68:13
**name** 29:13 31:8 34:3 38:5 54:12
**names** 22:14 28:20 41:25
**native** 45:20
**nature** 51:4
**necessarily** 18:24 26:23
**necessary** 7:10 20:22 33:5 41:23 47:13
   47:14 51:13 57:8
**necessitated** 34:18
**need** 9:7,13 20:6 26:19 30:15 43:13
   51:3,3 60:23 61:21
**needs** 61:7
**neither** 12:19 14:7 48:7
**net** 35:1
**never** 14:23 45:1,9 56:14,14 58:14
   59:2
**new** 13:25 14:4 20:19 28:3 35:10

**62**:17 63:21,24 66:4
**next** 7:7 10:10 11:6
**nice** 54:4
**noncharged** 40:16
**none** 9:23 10:21 11:24 35:4 36:19 46:3
**norm** 31:23
**normal** 45:12,14 49:5 52:15
**North** 9:22,24 13:25 14:4 20:20 22:5
   22:13 36:2,4,13
**Northeastern** 42:5
**notarize** 42:8
**notary** 42:8
**notation** 24:18
**note** 10:16,25 26:17 55:17
**notebooks** 26:1,5 28:19,21 41:14
**noted** 10:21 58:22 62:18 66:5
**notes** 10:16 33:4
**nothing** 37:2 50:16 52:22 56:5,6 59:9
   59:10 63:24
**notice** 23:23 30:11
**noticed** 53:10
**number** 4:1 7:3,20,23 8:16 9:13,15,17
   9:25 10:9,11 11:14 16:19 19:12
   20:2 28:18 30:13 31:15 32:24 33:23
   36:12 37:3 39:19 41:4,6,12 51:23
   51:24
**numbers** 16:5 22:8 27:15 36:24,25
   47:6
**numerous** 39:14
**N.E** 1:16

**O**

**object** 11:14 19:2
**objected** 4:9 12:12 40:15
**objection** 4:2 5:7,20 11:7 14:19 24:2,4
   38:18,21,23 39:2,12 40:12,24 41:5
   41:11,20,22 42:17 61:7 63:19,22
   67:4,17
**objections** 3:22,25 4:11,17,23 5:10
   10:12 35:19 37:3 38:13,17,19 43:23
   51:25 52:4,10,12
**objects** 40:17
**obtain** 6:25
**obviously** 5:18,19,23 6:2 9:21 10:20
   12:19 16:23 44:23 45:14 52:4,9
   54:10
**occurred** 6:15 25:25 28:1,5,6,6 45:16
   53:20
**October** 13:18 28:4
**off** 16:9 25:17 54:16
**offender** 44:3
**offense** 10:14,20 50:23 51:1,4 52:1
   59:3
**Office** 1:16,21 3:15 19:18 61:17 62:9
   65:22
**Officer** 4:7 15:18 40:20 54:7 55:12
   60:8,12,17,22,25 61:10 64:11 65:5
   66:15,18
**Officer's** 38:25 39:16 41:20
**Official** 2:7 68:11
**Oh** 24:19
**oil** 13:22 14:5
**okay** 17:2 18:5 37:21,21
**old** 26:10 44:5 45:8,12,25 46:9 47:5
   48:25 53:15 57:18 58:3
**once** 35:17 67:8
**one** 14:9 15:24 17:11 18:10 30:2 31:1
   31:11,14 34:11 38:4,7,20 44:1,11
   46:5,25 48:17 49:6,10,19 50:4,5
   52:20 53:7,11,19 54:2,8,16,22 55:8
   58:1 62:5 63:17 64:10 65:18 66:12
**ones** 14:3 18:3
**online** 32:6
**only** 7:7,8 9:14 20:1,6 22:8 25:19
   27:10 31:20 33:20 37:17 52:11 56:4
**operative** 17:20
**opinion** 6:7
**opposed** 18:4
**option** 46:20
**oral** 39:14
**order** 12:17 17:9 18:23 29:8 61:22
   63:5 64:13 65:11
**ordered** 59:15 61:25 62:2 63:13 64:7
   65:4 66:7
**orders** 63:3
**Orlando** 48:7,20 67:3
**other** 5:5 13:13 17:11 23:8,22 27:16

28:9,14,15 36:21 38:8,8,20 40:9
48:9 56:12 58:22 59:23 60:1 62:12
63:19 64:10,23 65:1,25 67:15
**others** 59:1
**otherwise** 29:22
**out** 5:21 6:10 8:8,9 10:12 11:13 13:4
18:17 19:12 26:21 27:9 28:20 36:25
44:13 46:3 48:6 49:5 51:23 53:16
54:5 55:3,14,15 57:19 61:4
**outlet** 30:1
**outline** 52:1
**outlined** 65:16
**outside** 67:10
**outweigh** 51:5
**outweighs** 50:23
**over** 19:4 30:13,18 45:18 49:10
**overlap** 27:4
**overruled** 40:13,24 41:21 42:17
**overrules** 39:12 41:11
**own** 7:14,16 25:6 27:17 30:17 36:7
41:15 42:8 49:13 50:2 64:18

─────────────────

**P**

**page** 6:10 7:7 33:25 35:5,6,9,19,25
61:17 65:7
**pages** 33:24 61:13
**paid** 10:7 11:18,23,24 18:15,15 39:22
40:11 61:12,14,19 65:6
**paragraph** 10:12,21 11:8,10 12:13
14:19 16:15 19:2 34:10,21 35:9,20
35:25 53:18,18,19,23,25
**paragraphs** 16:15 33:25 61:17
**parents** 46:25
**part** 9:9 10:17 11:1 12:14,18 14:13,24
17:17 19:3 24:12 27:7,18 31:4
32:19 34:7 37:16 44:21 50:12 62:18
66:5
**participation** 57:9
**particular** 7:20 10:15 11:4 12:14,18
13:10 14:14 29:6 34:10 38:2
**particularly** 18:7 30:20
**parties** 25:1 39:3 59:2
**parts** 28:1
**Passero** 3:13 6:12 19:9 20:24 36:19
**pattern** 27:7
**pay** 7:1 19:12 59:14 62:20
**paying** 23:6
**payment** 19:13 31:4,5 35:23 61:24
66:6
**payments** 22:11,11 28:12
**pecuniary** 17:18,19,22,25 28:24,25
29:3,5,8,20 30:24 38:3,9
**people** 13:13 17:21 18:8 29:25 30:24
38:22 40:2 44:9,19 45:10 46:3,8,13
46:19 47:9 48:22 57:15,15
**per** 34:24 65:9
**percent** 20:1 31:20 52:15
**percentage** 36:16
**perhaps** 11:22 29:6 44:19 45:23
**period** 14:8,11 22:19 46:11,14 48:5
**periods** 19:12
**peripherally** 50:8
**permanent** 45:21
**permit** 5:24 9:14
**permits** 24:13
**perpetrated** 20:19
**perpetrators** 59:2
**person** 10:17,25 17:17 31:8 34:25 38:7
38:9 45:8 65:22
**personal** 27:15 28:21 46:17 48:8
49:25 53:20 63:7
**personally** 20:25 22:7
**persons** 18:4
**person's** 52:15
**perusal** 7:17 9:23
**pervades** 49:23
**phase** 4:13 5:7,7 33:18 43:7,11,15,15
51:16
**phonetic** 45:25
**physical** 32:11
**pick** 19:4
**place** 21:4 49:4,4,6 66:24 67:19
**placed** 26:2
**placement** 67:14
**Plaintiff** 1:5
**plan** 12:25
**Plantation** 54:1

**pleading** 58:21
**pleadings** 23:15 48:2
**please** 3:3,8
**plus** 25:20,21
**point** 5:13 8:1 9:6 11:13 16:9 17:10
21:18 26:21 44:13 45:14 46:3,7,21
48:6 51:6 55:5
**pointed** 27:9
**points** 25:16 44:10 48:1 54:21 55:7
**Ponce** 2:4
**portion** 40:11
**position** 9:18 24:24 33:14 44:25 45:4
**possessing** 62:12 65:25
**possible** 7:13 53:8 67:14
**possibly** 40:6
**post** 29:9 46:16
**Postal** 3:12
**potential** 20:15 32:4
**pounds** 57:18
**practice** 27:7,18
**practices** 27:17
**pray** 58:19
**preliminary** 63:3,5
**prepared** 6:11 7:3 21:4 22:7 43:22
54:24
**preponderance** 17:7
**present** 3:16 51:9
**presented** 17:11,11 22:25 27:25 36:2
39:3
**presided** 30:13,18
**presiding** 3:2
**pressure** 52:17
**pretty** 18:9
**previous** 6:16,21 9:24
**pre-sentence** 3:21,25 4:12,17 26:16
33:14 38:15,24 62:19
**pre-trial** 46:12,18
**primary** 3:25
**prior** 6:24 14:9 45:9 46:7 57:8
**prison** 63:1
**Prisons** 52:19 59:18 62:23 64:8 66:8
**private** 27:21 28:16 32:18
**probably** 11:23 21:6 46:15 49:19
**Probation** 4:7 6:8 11:11 15:18 19:18
38:25 39:16 40:19 41:20 54:7 55:12
60:8,12,17,22,25 61:10,13,17 62:9
64:11 65:5,7,22 66:15,18
**problem** 6:6 37:2
**problems** 29:24 38:6 52:13
**procedure** 5:8 61:13
**procedures** 65:6
**proceed** 8:2
**proceeding** 4:4,19
**proceedings** 67:22 68:3
**process** 19:5 29:9,12,21 41:13 42:3
**processes** 32:12
**prodded** 19:15
**program** 35:13
**progress** 32:25
**prohibited** 62:12 65:25
**pronounced** 63:23 66:22
**proof** 17:6 34:2,3,8
**proper** 10:5 34:16
**properly** 42:12,19
**property** 40:3 63:2
**propose** 14:13
**proposed** 4:6
**prosecution** 53:2
**prosecutions** 30:11
**protect** 47:14 51:3
**protected** 63:20
**protecting** 57:24
**protection** 53:21
**protracted** 48:5
**provable** 35:21
**prove** 8:22 12:24
**proven** 15:17 17:8
**provide** 9:3 19:14
**provided** 6:8 9:4 10:6 19:10,18,20
20:22 22:7 33:10 34:2
**provides** 35:11
**provisions** 6:13
**proximate** 13:16 14:7
**proximity** 13:8,15 27:11
**PSI** 8:9 9:8 10:12,13,21 11:8,10 14:16
15:19 19:2 35:19 36:12,15 41:7
45:15 46:4 51:25 52:12 53:18,23,25
54:6,14 55:13 62:17 65:16

**PSR** 49:14
**public** 1:21 3:15 27:19 47:14 51:4
**pulled** 51:23
**punishment** 51:2
**purchase** 48:19,20
**purchased** 31:4
**purported** 11:17
**purpose** 3:5 12:24 20:12
**purposes** 29:4
**pursuant** 10:13 11:9,11 43:22 51:22
60:4
**put** 15:18 16:19 18:1 21:4 25:16 28:24
44:14 49:8,19 53:7 54:17 56:13
58:4
**putting** 18:16 28:14
**P.A** 2:3

─────────────────

**Q**

**qualified** 11:11
**quarter** 11:17
**quarterly** 6:24
**question** 8:13 15:23 25:6 28:17 30:18
45:18 64:18
**questions** 28:18
**quick** 53:7
**quite** 4:19 17:16 30:19,19,19 39:23
**quote** 10:21
**quoting** 37:12

─────────────────

**R**

**R** 68:1
**raised** 25:16 29:9 46:19 50:19 54:19
**Ramos** 22:14
**range** 11:17 15:24,24 16:20 20:18
21:13 24:5 27:23 39:7,9,11 42:18
42:23,25 43:1 51:18 52:2 56:3,23
59:6,19
**rate** 23:12,12 31:19 33:8
**rather** 6:4 16:10
**Rdispenzieri@gmail.com** 2:9 68:14
**reach** 27:1 51:1
**read** 58:13 61:21
**readily** 39:5 48:22 49:11
**reading** 49:19 58:8,12
**reads** 48:2
**real** 17:19 30:24
**realistic** 11:22
**realized** 8:12 20:1
**really** 49:3,22 53:16 57:15
**reason** 8:16 21:7 33:10 34:15 35:6
36:17,23 54:25
**reasonable** 17:7 20:6,11 39:17 40:21
**reasonably** 26:15 33:6
**reasons** 39:20 52:9,20
**rebut** 59:8
**rebuttal** 5:2 33:17
**recall** 26:3 31:1
**receive** 29:4
**received** 18:2 28:9 29:15,18 34:8
**recently** 29:24 35:2
**recess** 43:7,16,17
**recidivism** 44:11
**recitation** 61:22
**recited** 65:5
**recognizing** 20:12
**recommend** 67:2,18
**recommendation** 41:20 61:16
**recommendations** 58:21
**recommended** 4:6 38:24 40:19
**record** 9:6,7,10,14,16 15:17 16:13
21:11,17 24:7 30:4,5,23 32:19
39:13 40:14 41:9 56:13 60:21 61:21
62:25 63:21 65:5
**records** 20:25 28:8,9 30:12 48:8 53:10
54:12
**reduced** 39:5
**reduction** 25:2
**refer** 21:16 35:17
**reference** 61:22 63:4
**referenced** 65:15
**referring** 21:6 40:8
**reflect** 24:20
**reflected** 6:16 25:23
**reflects** 4:18
**refund** 9:4
**Refunds** 30:3
**regard** 22:23 28:17 34:10

**regarding** 12:8,10,20 13:5,15 16:13
16:25 17:12,15,16 21:20 22:17
32:24 37:11 38:6,17 42:24 44:8,9
44:12
**regrettably** 51:5
**regular** 27:18
**regularity** 13:8 14:11 27:10
**reject** 33:14
**rejected** 55:14
**relation** 46:4 58:3
**relatives** 47:9
**release** 61:19,24 62:2,3,8,11,15,25,25
65:12,21,24 66:3,9 67:7,11
**released** 62:10 65:23
**relevant** 13:5 52:19
**relief** 14:3,5
**rely** 59:4
**remaining** 28:18
**remand** 64:7
**remanded** 67:20
**remark** 31:14
**remarks** 33:17
**remember** 26:7
**remind** 43:10
**remote** 32:2
**removal** 62:16
**renting** 40:3
**repeat** 63:21
**replies** 5:9
**reply** 44:14
**report** 3:22,25 4:12,18 33:14 38:24
61:13,20 62:8,19 65:7,21
**REPORTED** 2:6
**Reporter** 2:7 68:11
**reporting** 67:9
**reports** 38:15
**report's** 26:1
**representative** 22:16
**representing** 54:17
**request** 47:12 48:1 52:5 67:2
**requesting** 51:21
**requests** 67:15
**require** 28:25
**required** 7:9,19 35:2 37:17 43:13
**requirement** 62:17
**requirements** 47:15 67:9
**requires** 7:15
**resident** 45:21
**respect** 21:25 22:5 33:22 36:5 38:13
42:19,20,25 43:10 51:1 60:4
**respective** 23:5 38:14 65:13
**responded** 47:25
**responds** 5:9
**response** 5:1,11,23 15:8 20:23 35:18
36:1
**responsibility** 53:4
**responsible** 59:2
**restitution** 29:4,7 59:15 60:4,9,16,20
60:22,23 61:12,25 62:24 64:7,11,14
65:11
**restriction** 62:18,18 66:4,5
**result** 8:3 10:19
**resulted** 5:20 52:1
**resulting** 11:24 42:23
**results** 52:14
**retain** 29:21
**return** 6:17,21,23 7:15 10:3,7 20:2,21
31:5 35:1 38:7 40:11
**returns** 9:24 12:13 13:14,20 19:21
20:5,13 37:11,15,17,21,22
**review** 4:17
**reviewed** 3:20
**revolving** 14:4
**rich** 40:4
**Richard** 22:6
**ridden** 53:15
**riding** 53:14
**right** 3:4 5:4 6:1 9:8,13 11:6 43:12,16
43:19 49:13 52:23 54:23 59:11,12
61:6 63:2,16 66:10
**rise** 3:1 43:18
**Robert** 3:13
**Robin** 2:6 21:19,21,23,24 68:10,11
**room** 42:14
**roughly** 16:6
**route** 23:22
**RPR** 2:6 68:11
**rule** 55:2

ruling 50:17 55:25 56:23
run 59:24 60:1,2 62:6 64:23,25 65:19

**S**

S 68:10
safest 8:2
same 5:8,12 14:2,8,11 17:14 18:23 22:5,16,24 26:9 28:13 29:4 37:12 37:16 47:11 53:23 54:3,10 61:20 64:3,4,9,15,16 67:13
sat 18:8 44:24
satisfied 26:19 61:1,5
saw 54:12
saying 15:21 56:12 60:24
says 17:4,21 35:10,21 36:8 37:1,14 54:7 63:8
Scammers 30:2
scars 57:23,24
scattered 42:4
scheduled 3:4
scheme 12:25 32:20
schemes 33:8
school 49:5 54:6 57:19,21,22 58:5
scope 30:3
screening 32:1
seated 3:3
second 4:4,13 13:6 43:7
section 10:13,15 11:2,4 43:25 50:20 51:14,22 52:5
secured 50:1
Security 27:15
see 13:9 21:17 37:20 46:11 50:10,11 53:13 54:6,24 56:3 58:6
seeing 58:1
seeking 32:7
seem 33:12
seems 15:16
seen 30:10 32:13 49:18
sees 45:10 47:5
selectively 27:25
self-employed 34:25
self-employment 62:18 66:5
send 32:20
sending 18:17
SENIOR 1:12
sense 14:1 17:25 29:20
sentence 3:5 5:9 14:15 27:1 35:13,20 43:22 45:7,7,22 47:1,4,13 17 51:12 51:17,17,22 53:5,18 56:25 57:10 59:5 62:23 63:22 64:3,4 65:11 66:8 66:11,16,21
sentenced 46:1
sentences 46:2
sentencing 1:11 4:12,14 5:2,6 13:10 17:8,15 24:5 26:22,23 29:9 32:18 37:12 39:7 40:25 43:8,15 50:18 51:13,16 58:23
separated 37:21
separately 4:22 38:21
separation 13:24
September 1:8 13:17,18
seriousness 50:23,25
serve 62:3
served 49:21 59:22 64:22
services 32:14
session 3:1
set 8:8 37:24 51:13 60:6 61:13,16 62:17 65:7
sets 32:23
settle 20:6
seven 44:19 45:25 50:8
seven-year-old 49:6
several 61:15
severe 44:22
shares 50:5
shield 48:15
short 43:17
show 28:9 46:17 48:9
showed 22:8
showing 19:16 21:12
shown 16:24
shows 9:10 24:7 27:7
Sid 31:6
similar 4:19 14:1 27:11 37:20
similarity 13:8 27:10
simple 24:13 32:20 42:13
simply 18:23 21:7 24:10 31:7 36:24

52:13 58:22
since 53:15 54:5
sir 12:6 55:1
sister 46:5
sit 32:21
situation 44:9 53:4,9 54:4,11
six 13:23 14:10 46:9 49:6 57:18 64:18
slightly 25:8
small 36:16 55:13
Smith 1:20 3:14,14 5:14,15,16,18 6:2 8:1,6,12,15,18,20 9:2,20 10:11 11:7 12:3 21:6 33:17,19 37:9 43:20,21 51:19,20 52:24,25 54:18,21 55:3,6 55:7,17,18,19 56:17,18 67:12,13
Smith's 18:23
Social 27:15
sole 7:4
solicited 21:1
some 7:8,8,17 9:9,13 19:16 22:10 23:18 27:5 28:6,6 40:9 44:17,18 46:19 47:9 49:15 50:3 53:11 56:9 58:23
somebody 29:5 48:24
someone 49:20
something 7:6 8:9 24:6 44:7 49:2 57:11
somewhat 35:8
somewhere 24:18
sophisticated 4:2 11:8,12 18:7,19 31:12,17,18,21 32:1,16 41:22 42:1 42:2,17
sophistication 11:19,25 42:10
sorry 30:8
sort 9:13
sound 59:5
South 48:21
southern 1:1 26:10
Speak 60:10,18
special 63:1 65:8 66:9
specific 29:1 65:15
specifically 12:12 22:3 31:1 33:3,5
specified 41:1
speculative 22:22 46:22
spelled 6:10 10:12
spending 40:2
spent 53:3
spill 13:22 14:5
Spitale 2:3,3 3:17,17 5:14 12:4,5,7,12 15:8,14 16:2,4,8,22 17:3,14,25 18:6 25:7 26:17 27:9 37:6,7 43:19 44:2 50:15,16 56:19,20,22 59:10,11 63:24 66:25 67:1,6
Spitale's 24:19
spreadsheet 9:3 21:6 22:7,10
stamps 42:8
stand 21:4 33:15 40:18 46:16 52:23 56:20 59:12,12
standard 12:16 62:14 66:3
start 5:18,25
starting 18:23 19:1
state 6:2,13,14,18,23 9:22 18:2 19:6,8 19:9,17 21:1,20 22:2 23:24 27:20 39:23 49:16 50:2
statement 6:11 43:13 52:24 54:8 55:12
statements 40:1 43:11
states 1:1,4,12,16 2:7 3:6,11,11 5:22 6:12 7:14 17:17 20:3,19 21:3 23:6 26:14,20 27:20 28:15 32:3 42:5 45:20 63:16 67:21 68:12
state's 7:5
status 43:25
statute 57:3
Ste 2:4,8 68:13
steadily 44:6
Steal 30:2
still 23:24 25:3 28:18 29:8 33:18 34:19 57:25
stole 49:13
stolen 27:12 41:13,13
stop 7:6
stopping 48:25
storage 48:9 50:1
strange 49:3
Street 1:16,21
strongly 56:24
stymied 33:9
subject 23:13

subjecting 49:21
submission 16:17 25:1
submissions 9:23
submits 7:2
submitted 6:22 7:3,15,19 9:25 10:2 11:24 19:16 22:13,23 6 34:2,17 35:4 36:19,20,25 37:1
submitting 40:7
Subsection 10:18
subsequent 14:10
subsequently 29:11
substance 62:13 66:1,3
substances 44:18
substantial 30:19 46:1
subtracted 16:17
succeeded 31:20
success 11:20 31:19 33:8
suffer 10:24 58:15,23
suffered 10:22 29:20 57:15
suffering 57:25
sufficient 51:12 57:6
suggest 7:24 8:25 11:25 23:15 25:22 28:23 39:4,6 41:8 47:16 57:6
suggested 3:23 4:6 8:24 19:11 27:9 41:6 42:11 50:19,24
suggesting 21:11 23:9 24:7 25:17
suggestion 12:24 28:7
suggests 11:19
sum 62:20
summarized 19:7
superseding 33:25 35:6,9
supervised 62:3,11,15,25 65:12,21,24 66:3,9 67:7,10,11
supervisor 22:25
supplemental 19:20 21:5
support 7:10 22:15 27:22
suppose 44:9
suppose 59:9 64:17
supposed 58:9
surety 46:17
surge 30:10
surprised 35:8
surrender 62:15
suspended 32:20 54:11
sustain 26:16
sustained 10:17,19 11:1 17:17 39:13
system 32:1 58:24

**T**

T 68:1,1
table 3:11 24:1 25:20
tacked 45:6
take 5:10 7:12 18:12 28:20 29:23 30:11 38:4 39:6 43:6,16 44:12 46:22,24 47:12 58:4
taken 4:4 22:8 25:17 47:8,9
taking 30:17 56:11
talk 34:21 35:4
talked 30:25 40:9
talking 24:5 30:3 33:20 34:14 35:15 35:20,24 36:1,7,9 47:6 54:18 55:16
talks 17:16
tapes 32:23
tax 6:17,21,23 7:4,15 9:4,24 10:6 13:14,20 19:20 28:12 29:24 31:5 35:1 37:11,15,20,22 38:7
taxes 34:21
teacher 58:10
teased 57:19,22
tell 7:6
telling 53:17 60:14,15
tells 6:18
temporal 13:8,15 27:11,23 28:2
temporally 13:16 14:7
ten 23:2 41:10
term 52:19 62:3,3
terms 4:1 15:12,17,20,23
testified 21:1,20,24 22:3,6,16 29:10 31:2,7 38:6
testifying 36:10
testimony 19:23 20:24 21:16 22:15,24 25:24 26:4 32:23,24 36:8 38:7,8 39:14
Texas 42:5
thank 3:3,19 12:2,3 17:13 18:20,22 33:16 37:5 38:11,12 47:21,22,24 50:14 51:20 52:25 53:6 56:16,18,22

58:18 59:7 64:18
theft 17:23 29:11 30:18 45:6 47:18 54:15 57:3
their 3:23 5:1 6:16 7:9,12,14,21 11:20 17:23 20:2,4,13,20 22:3 23:15 24:8 26:6 27:17 28:4,14 29:25 32:4,9,15 32:20,22 33:8 38:15 41:12 42:8 45:11 48:8,13,15 49:10 59:3
theirs 22:25
themselves 11:21 25:13 27:2 32:16 49:9
thin 51:23
thing 30:24 50:4 52:11 53:7 56:12
things 12:25 45:14 51:4 54:18 55:15 56:14 57:17
think 5:24 6:17 15:10 16:21 24:18 25:5,7 26:15 29:2 33:13 34:7 37:19 37:24 44:7 45:13,23 46:22 49:16
third 43:10,15 51:16
THOMAS 1:15
thomas.watts-fitzgerald@usdoj.gov 1:18
thoroughly 39:2
though 24:13
thought 54:23
three 16:12 19:8 22:20 23:24 37:15 55:15 61:17 65:18
through 9:21 18:8 19:23 22:1,15,20 25:24 27:2,12 29:12,21 41:24 42:7 44:24 49:24 52:5,7,7 59:21,21,21 59:21,22,24,24,25,25 60:3,3,3,3 62:4,5,5,5 64:20,21,21,22,24,24,24 64:24 65:2,2,2,3,3,17,17,18,18 66:19 66:19,19
throughout 27:23 30:19 39:24 42:9
throwing 36:24
tickets 53:11,14 54:12
time 5:12,13 12:22,23 13:19,22 14:8,9 14:12 17:8 26:6 28:4 31:20 34:23 43:14 44:6 46:11,14 51:15 52:11,22 53:16 54:2 60:20
times 45:10
Timothy 1:15 3:10
timothy.abraham2@usdoj.gov 1:18
title 43:25 50:20 51:13 60:4 63:2
today 13:3 33:22 45:25 57:25
together 16:12 25:16 67:14
told 36:9 60:19
Tomorrow 3:10
total 7:25 15:20 16:16 20:2 23:4 36:6 52:8 57:4 60:12 61:8 62:7,21,23 65:11,20 66:8,16
totally 14:6 33:9
track 32:22
tracking 32:25
trafficking 44:17,17
TRANSCRIPT 1:11
transcription 68:3
transfers 28:13
Treasury 28:12
treating 38:21
treatment 66:4
trial 12:22,23 17:11 18:8 19:9,19,24 20:24 21:11 25:10,24 26:2,3,23,25 29:9,10 30:25 36:8 38:9 39:15,25 44:24 48:18
trials 30:14
tried 8:13
tries 28:23
trouble 45:1 53:3 57:14
true 32:17
trust 37:24
try 29:13 30:23
trying 55:2,3
turn 4:13 7:7 43:2
twice 54:3
two 3:23 4:23 5:10 13:24 24:23 25:19 28:18 31:11,24 45:6 49:9 54:2,18 62:3,4,7,25
type 12:17,20 14:2,6 18:12 30:24 37:19 38:9 44:4 45:9 46:6,16 52:16
types 37:25 47:6
typically 28:10

**U**

uncharged 25:14 26:13
under 6:13 10:18,25 11:1,4 12:21 13:1

18:18 19:6 23:12 24:1,5,24 25:20
27:2,2,17 28:3 35:13 41:2 43:24
47:17 50:13 54:19 63:19,22
**underneath** 16:8
**understand** 9:18 30:6 49:1,2,11
**understanding** 9:20
**unemployment** 6:14,19 34:1,18 35:11
35:23 37:23
**unfortunate** 58:24
**Unit** 54:15
**United** 1:1,4,12,16 2:7 3:6,11,11
26:20 27:20 42:5 45:20 63:14 67:21
68:12
**unknowing** 27:16
**unreasonable** 20:14
**until** 9:5 28:3 44:4,6,7 45:1,12
**unusual** 51:8
**unwarranted** 50:13
**upshot** 33:12
**urge** 56:24
**USAA** 28:8
**use** 6:3 8:2 26:22 27:5,12,14 28:25
34:12,19 41:24,25 42:4,7,13 64:9
**used** 12:17 18:10,11 19:19,21
20:21 21:12 22:11 23:5,9,11,14
27:6 31:3,25 32:1,6,11,17 33:11
36:11 41:25 42:3,17 53:12,13 54:8
**uses** 6:23
**using** 7:14 10:3 18:16 25:3 31:10 32:2
33:23 35:7 48:23
**U.S** 18:11 38:25 40:8 60:4 63:19,22
**U.S.C** 44:12 51:14 57:7

## V

**value** 29:1,7
**variance** 4:3,14 5:7 43:4,5,9,20,21,24
48:3,15 50:13,18,21
**varies** 9:22
**variety** 35:15
**various** 19:6 21:3 28:15 33:9 40:2
48:18 50:19
**versus** 3:6 40:8 63:19,22
**very** 11:19 18:20 20:16 33:16 36:20,22
37:25 38:3,12 40:4 42:2,14,16
44:10,22,22 45:3,14 46:21 51:23
56:8 58:7 59:7
**victim** 10:16 17:17 29:11 30:18 60:23
**victims** 4:2 10:9,12,14,22,24 11:4
17:15,22 18:3 27:16 28:19 31:14
32:9,22 41:5,6,7,9,12,19,21 51:10
60:5,15 62:1
**violent** 44:18
**virtual** 42:7
**vision** 49:21
**visit** 49:17
**voluminous** 9:21
**vs** 1:6

## W

**W** 1:21
**wage** 7:4
**wages** 6:25 34:3
**wait** 32:21
**waitress/cashier** 48:7
**wallet** 50:2
**want** 7:11 9:5 16:23 44:25 55:21,24
57:16,16,20 58:13,13,17 64:20 67:6
**wanted** 21:9 53:7
**wants** 48:14
**wasn't** 10:2 15:21 54:1
**Watts-Fitzgerald** 1:15 3:9 5:1 18:21
18:22 21:14,19,22,24 23:18,21 25:7
26:8 30:6,9,15,21 31:14 39:10 41:2
47:23,24 53:8 55:3 58:19,20 59:7
61:2,3 63:11 64:1 67:16,17
**Watts-Fitzgerald's** 5:11
**Watts-Fitzgerald** 3:10
**way** 7:22 8:2 20:11 45:2 58:6 63:22
**website** 53:10
**WEDNESDAY** 1:8
**week** 19:24 34:24
**weekly** 6:12,15,25 7:5 19:5 34:24 35:3
**weighed** 57:18
**welfare** 6:23
**well** 5:22 15:15,21 21:8 27:11,24
29:21 33:1 54:10 55:16,24 59:15
63:7

**well-established** 26:24
**went** 5:21
**were** 7:14,19 9:24 10:3 11:18 12:13,14
12:20,21,23 13:1,14,15,17,20,22,25
14:3,4,11,20 18:8,14,15 19:16,22,24
20:2 22:8,11 23:1 25:5,5 26:5,5,7
26:5,5 27:19,22 28:9,11,14 29:19
31:10 32:3,4,4,8,9 33:7,8 34:22 35:4
37:21 39:20,25 40:1,2,6,11,15 41:9
41:13,15,16,19,24 46:3,8 48:23
52:4 53:11 55:7 57:23,24 62:22
67:22
**weren't** 14:8 28:10
**west** 31:2
**we'll** 4:9,23,25 5:10 43:6,16 51:15,18
56:19 67:13
**we're** 16:23 21:8 24:5 33:18,20 37:22
37:22,23 38:21 43:22 47:6 55:16
**we've** 9:16 40:8 57:14
**whisked** 49:4
**white** 32:14
**whole** 18:8 45:11
**wide** 36:23
**wider** 26:22
**wife** 31:8 45:24 48:24 53:6 56:4
**Wilkie** 68:12
**Willis** 40:8
**wish** 5:6 43:12 59:8
**wishes** 5:14
**witness** 21:16,18 30:25 31:6 38:5
**witnesses** 5:6 8:23 19:8 21:9 31:25
**wizard** 18:13
**woman** 45:12
**Woods** 29:10,10 30:22 38:5
**words** 17:20 23:8 28:25
**work** 42:2,14 53:7,12
**worked** 44:6 54:16
**World** 45:13
**write** 58:13
**writing** 58:9,11
**written** 55:17
**wrong** 31:18 57:24

## Y

**year** 6:24 9:24 14:1 35:2 37:21 58:1
62:6 65:19
**yearly** 37:17
**years** 37:15 44:5,20 45:6,8,8,12,25
46:9 47:4,5,19 49:10 50:8 53:15
57:5,18 58:3 62:3,4,7,25 65:13,17
65:18,20 66:9
**year's** 6:16,21
**Yesterday** 53:17
**York** 13:25 14:4 20:19 28:3 35:10
**young** 48:11 49:2

## Z

**zero** 33:7 44:10 46:20

## $

**$1,500** 30:22
**$10,000** 45:18
**$100** 62:21 65:9 66:6
**$104** 34:24
**$12.89** 30:22
**$2,210** 36:16
**$2,300,000** 16:18
**$2,500,000** 40:20
**$2,600,000** 25:2
**$2,900,000** 25:2
**$2,962,000** 23:17,18,20
**$2,982,482** 39:1
**$2.5** 8:17,22 9:17 15:13,25 16:1,8 24:4
24:6 25:3 39:7,10 40:23
**$2.9** 8:9 9:10 11:15 16:7,17 20:18 24:3
**$2,962** 24:8,11
**$2,982** 39:16
**$246,000** 25:15,23
**$246,408.34** 14:22
**$248,000** 24:22
**$260,520** 34:13
**$288,000** 24:23 25:1
**$3,400** 62:21 63:1
**$300,000** 34:14
**$304,529.67** 14:16
**$391,226.38**

60:13,22 61:10
**$4,000** 65:8 66:6,9
**$40,000** 15:5,7,8,10 24:21
**$441,226.38** 63:8 64:12 65:6,12
**$5,000** 15:4
**$50,000** 15:2,6,9,10 25:12
**$680,000** 16:6,16
**$680,937.67** 16:5
**$681,000** 25:17
**$7** 15:25 23:24 24:6 39:8,10 40:21
**$700,000** 11:17
**$745,756** 10:5
**$8,333** 35:1
**$836,912** 36:14
**$837,000** 36:11
**$837,092** 36:6,15

## 1

**1** 10:16,25 21:5 42:21 52:7 54:20
59:21,24 60:2 62:4 64:20,24 65:2
65:17 66:19
**1st** 13:16
**10** 19:2 33:24,25
**10:50** 43:6
**100** 50:5
**106** 49:24
**11-20701-CR** 3:7
**11-20701-CR-JLK** 1:3
**11:45** 67:22
**120** 59:22 63:6 64:21
**129** 63:7
**13** 53:15 57:5
**13th** 63:6
**135** 42:23 45:5 56:24 57:1 59:20 66:19
**138** 5:24 6:11 7:3,16 20:23 35:18,23
**139** 47:25
**14** 59:21,24 60:3 62:5 63:17 66:11
**14-level** 8:3
**15** 15:3,4 16:15 23:2 24:20 25:11
64:21,24 65:2,17 66:19
**15th** 13:21
**150** 1:21
**157** 10:14,23 28:19 41:7,20
**159** 57:4 59:19,20 62:23 64:4,5,15,19
64:19 65:11 66:8,16,23
**16** 16:10 25:21 45:8 47:4 59:22 62:5
64:22,24 65:2,18
**1607** 2:4
**167** 31:14
**168** 42:23,25 45:5 55:5 56:24
**18** 13:18 16:11 25:20 33:24 35:5,9
41:2 43:25 44:12 50:20 51:14 57:7
60:4
**18A** 22:1
**18-level** 5:21 8:4 16:9 40:19,25 41:1
**18-month** 14:9
**192** 64:8

## 2

**2** 52:16 61:13,17 65:7
**2B1.1** 10:13,16,25 24:1 25:20
**2B1.1(b)** 41:3
**2B1.1(b)(10)(C)** 11:9
**20** 47:5
**200,000** 16:19
**2005** 48:7
**2007** 35:1
**2008** 13:17,18 28:2 45:16
**2010** 13:16,21,23 28:6
**2011** 13:23 14:1 28:4,7 45:16
**2012** 1:8 63:6
**206** 2:4
**22** 3:9,4,17 37:1 59:22 62:5
**210** 42:25 55:5
**22** 15:3,3 16:16 24:21 25:11 52:7
64:22,24 65:2,18
**23** 52:1,3,8 59:23 60:2 62:6 64:23 65:1
**23rd** 13:23
**24** 47:17 52:3,7,8 57:2 59:23,25 60:1
62:6 64:23,25,25 65:19
**24-month** 52:3
**25** 20:1 31:20 52:3,8 60:1 62:6 64:25
65:19
**26** 1:8 6:25 52:7 59:21,24 60:3 62:5
64:21,24 65:3,17 66:19
**26th** 63:6

## 3

**3** 35:19,25 42:21 52:2 54:20 61:13
**305/446-3030** 2:4
**305/523-5659** 2:8 68:13
**305/530-7000** 1:22
**305/961-9413** 1:17
**305/961-9438** 1:17
**31** 59:21,25 60:3 62:5
**31st** 13:23
**33** 42:19,20 44:16
**33128** 2:8 68:13
**33130** 1:22
**33132** 1:17
**33134** 2:4
**34** 11:10
**35** 59:21,25 60:3 62:5
**3553** 43:25 47:15,20 50:20 51:22 52:6
57:7
**3553(a)** 44:13 51:14
**3553(a)(1)** 27:2
**36** 10:21
**3664(d)(5)** 60:5
**38** 44:5 45:2,8,12
**39** 44:5

## 4

**4th** 1:16
**4'6** 57:18
**4/5/95** 53:20,22,24
**40** 52:7,15 59:21,25 60:3 62:5 64:21
64:25 65:3,18 66:19
**400** 2:8 68:13
**404(b)** 12:21,25 13:1 16:13 37:11
40:15
**41** 52:3,8 60:1 62:6 64:25 65:19
**44** 10:13
**45** 11:8
**48** 21:25
**49** 22:1

## 5

**5** 6:10 33:25 35:6,9 59:21,24 60:3 62:4
**5th** 21:25 22:6
**50** 22:1
**57** 52:2 53:18,19,25
**58** 22:18,20 25:24
**59** 22:18,20

## 6

**6** 15:3,4 24:20 25:11 33:25 34:21
**60** 22:18,20 25:24 52:6
**600** 28:20 41:13
**62** 22:7 36:3 53:18,23
**63** 22:15
**65** 22:15 36:5

## 7

**7** 15:3,4 16:15 24:20 25:11 27:3 64:20
64:24 65:2,17 66:19
**71** 52:2 58:3
**72** 62:8
**75** 57:18

## 8

**8** 14:19 16:15 22:24 59:21,24 60:3
62:4
**8S67** 2:8 68:13
**84** 51:22 52:6,8
**87** 22:18

## 9

**9** 12:13 59:21,24 60:3 62:4 64:21,24
65:2,17 66:19
**9(b)** 37:13
**9:30** 1:8
**90** 60:7
**98** 49:24
**99** 1:16